1  Michael Rapkine (#222811)
    mrapkine@lagerlof.com
2  LAGERLOF, LLP
3  155 North Lake Avenue, 11th Floor
    Pasadena, California 91101
4  Tel: (626) 793-9400 | Fax: (626) 793-5900

5  Attorneys for Defendant
    WELLS FARGO BANK, N.A.
6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  Gerrad Pernell Swahili,              CASE NO.: 5:23-cv-00980-MEMF-AFMx
12  Fatima Swahili
                                         [The Hon. Maame Ewusi-Mensah
13                    Plaintiffs,         Frimpong]

14       v.                              **DEFENDANT WELLS FARGO'S**
                                         **NOTICE OF MOTION AND MOTION**
15                                       **TO DISMISS THE FIRST AMENDED**
16  WELLS FARGO BANK NA,                 **COMPLAINT; MEMORANDUM OF**
    CARRINGTON MORTGAGE              **POINTS AND AUTHORITIES**
17  SERVICES LLC, MORTGAGE
    ELECTRONIC REGISTRATION
18  SYSTEM INC; DHI MORTGAGE            Date:    November 2, 2023
19  COMPANY LTD L.P.; LAWYERS           Time:    10:00 a.m.
    TITLE COMPANY; Wilmington           Ctrm:    8B (8th Floor)
20  Savings Fund Society, FSB, as
21  Trustee of StanWich
    Mortgage Trust I,
22
23                    Defendants.
24

25

26

27

28

**TO PLAINTIFFS AND ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that on November 2, 2023 at 10:00 a.m. in Courtroom 8B of the above-entitled court, located at the 350 West Fifth Street, Los Angeles, CA 90012, the Honorable Maame Ewusi-Mensah Frimpong presiding, defendant WELLS FARGO BANK, N.A. ("Wells Fargo") will move to dismiss each claim within the plaintiffs' First Amended Complaint (the "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

Grounds for Wells Fargo's motion to dismiss are as follows:

Each claim in the FAC fails because: (i) plaintiffs are precluded from maintaining this action under the doctrine of res judicata due to the dismissal with prejudice of their prior action against Wells Fargo; (ii) each claim is fatally time barred; (iii) the fraud allegations are not pled with specificity; (iv) plaintiffs fail to cite a legitimate flaw with respect to the recorded instruments at issue in this case; (v) plaintiffs cannot articulate how Wells Fargo's conduct caused them to sustain actual damages; and (vi) to the extent that plaintiffs allege damages, the allegations in the FAC fail to pierce California's common-interest privilege codified at Civil Code §§ 47(c) and 2924.

Furthermore, plaintiffs' equitable claims for cancellation of instruments fail for the additional reason that plaintiffs have not tendered the considerable debt at issue.

Wells Fargo's motion to dismiss is based on this notice, the accompanying memorandum of points and authorities, the concurrently filed Request for Judicial Notice, the First Amended Complaint ("FAC"), all pleadings on file with the Court to date, and on Wells Fargo's argument at the hearing.

Pursuant to Local Rule 16-12, Wells Fargo is exempt from participating in a meet/confer session under Local Rule 7-3 because plaintiffs are pro se litigants. It should be added that the undersigned defense counsel already participated in a meet and confer call with plaintiff Gerrad Swahili on June 20, 2023. The claims in

1  the original complaint are essentially the same as the FAC, yet an agreement could

2  not be reached concerning a single defect within any of plaintiffs' claims.

3

4                                            Respectfully submitted,

5  Dated:  July 17, 2023              LAGERLOF, LLP

6                                     By:  _/s/ Michael Rapkine_____

7                                         Michael Rapkine
                                       Attorneys for Defendant
8                                      WELLS FARGO BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 7

1. INTRODUCTION ............................................................................ 7

2. SUMMARY OF THE FIRST AMENDED COMPLAINT AND
   JUDICIALLY NOTICEABLE DOCUMENTS ........................................... 8

   A. The 2011 Home Loan And Subsequent Delinquency ...................... 8

   B. The 2013 HUD Loan, Rescission Of The Notice Of Default,
      And Subsequent Events ....................................................... 9

   C. Prior Lawsuit In 2021 ........................................................ 9

3. THE CLAIMS IN THE INSTANT ACTION ARE BARRED BY
   RES JUDICATA ........................................................................... 11

4. EACH CLAIM BEFORE THIS COURT IS RIDDLED WITH
   ADDITIONAL DEFECTS .................................................................. 13

   A. The Allegations Against Wells Fargo Are Fatally Time-
      Barred ............................................................................. 13

   B. The Allegations Against Wells Fargo Are Not Pled With
      Specificity ....................................................................... 14

   C. Plaintiffs Cannot Cite A Legitimate Defect Within A
      Recorded Instrument ............................................................. 15

   D. The Doctrine of Ratification Bars Plaintiffs' Attempt To
      Invalidate The 2013 Loan Contract ......................................... 17

   E. The FAC Does Not Articulate Any Actual Damages ..................... 18

   F. Plaintiffs' Damage Allegations Are Also Barred By
      California's Qualified Common-Interest Privilege ........................ 18

5. THE EQUITABLE CLAIMS ALSO FAIL DUE TO LACK OF
   TENDER OF PLAINTIFFS' INDEBTEDNESS ....................................... 19

6. CONCLUSION ............................................................................. 21

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ancheta v. Mortgage Electronic Registration Systems, Inc.*,
730 Fed. Appx. 509 (9th Cir. 2018) ................................................................. 16

*Ashcroft v. Iqbal*,
129 U.S. 1937 (2009) ....................................................................................... 18

*Avila v. Wells Fargo Bank, N.A.*,
2016 WL 7425925 (N.D. Cal. Dec. 23, 2016) ................................................. 16

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................... 18

*Commissioner v. Sunnen*,
333 U.S. 591 (1948) ................................................................................... 11, 12

*Costantini v. Trans World Airlines*,
681 F.2d 1199 (9th Cir. 1982) ......................................................................... 12

*Fung v. BSI Financial Services*,
2017 WL 8948335 (N.D. Cal., Nov. 7, 2017) ................................................. 16

*Int'l Union v. Karr*,
994 F. 2d 1426 (9th Cir. 1993) ........................................................................ 12

*McClain v. Apodaca*,
793 F.2d 1031 (9th Cir. 1983) ......................................................................... 12

*Miller-Swift v. Mortgage Electronic Registration Systems, Inc.*,
783 Fed.Appx. 750 (9th Cir. 2019) ................................................................. 16

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) ............................................................................... 14

*Ratliff v. JPMorgan Chase Bank, N.A.*,
2017 WL 2876141 (N.D. Cal. July 6, 2017) ................................................... 16

*Ruegsegger v. Caliber Home Loans, Inc.*,
2018 WL 5993857 (C.D. Cal. Apr. 30, 2018) ................................................. 15

1

**State Cases**

2

*Conrad v. Bank of America*,
3
   45 Cal. App. 4th 133 (1996) ................................................................................. 18

4
*Debrunner v. Deutsche Bank National Trust Co.*,
5
   204 Cal. App. 4th 433 (2012) ............................................................................. 17

6
*Fields v. Napa Milling Co.*,
   164 Cal. App. 2d 442 (1958) .............................................................................. 18
7

8
*Fox v. Ethicon Endo-Surgery, Inc.*,
   35 Cal. 4th 797 (2005) ......................................................................................... 13
9

*Gikas v. Zolin*,
10
   6 Cal. 4th 841 (1993) ........................................................................................... 13

11

12
*Herrera v. Federal National Mortgage Assn.*,
   205 Cal.App.4th 1495 (2012) ............................................................................. 15

13
*Knapp v. Doherty*,
14
   123 Cal. App. 4th 76 (2004) ............................................................................... 17

15
*Merry v. Garibaldi*,
16
   48 Cal. App. 2d 397 (1941) ................................................................................ 17

17
*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal.App.4th 153 (1991) .................................................................................... 14
18

19
**State Statutes**

20
Cal. Civ. P. Code § 338(d) .......................................................................................... 13

21
Cal. Civ. P. Code § 343 ............................................................................................... 13

22
**Rules**

23
Fed. R. Civ. P. 9(b) ..................................................................................................... 14

24

25

26

27

28

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   __INTRODUCTION__

3      This case arises from a $299,150.00 home loan that plaintiffs Gerrad Pernell

4  Swahili and Fatima Swahili ("plaintiffs") obtained from DHI Mortgage Company

5  in 2011.  The loan was secured by a senior deed of trust recorded against real

6  property in Murrieta, CA.  Wells Fargo serviced the loan until April 2021, when

7  servicing transferred to Carrington Mortgage Services.  Wells Fargo also held the

8  beneficial interest for the deed of trust from August 2012 through April 2021.

9      Plaintiffs defaulted on their mortgage in June 2012, leading to the initiation

10  of a non-judicial foreclosure through the recordation of a Notice of Default on

11  November 16, 2012.  However, plaintiffs managed to obtain assistance by securing

12  a $88,122.91 loan from the Secretary of Housing and Urban Development.

13  Plaintiffs used these funds to cure the delinquency on the senior loan, and Wells

14  Fargo therefore rescinded the Notice of Default on May 7, 2013.

15      In April 2021, in an apparent effort to avoid their contractual obligations on

16  the above-mentioned loans, Gerrad Pernell Swahili filed a prior action in the

17  Central District of California, using the alias "Pernell El" of the "Society of the

18  House of El". (Case No. 2:21-cv-03137-AB-KES.)  The prior suit named the same

19  defendants as this action.  The defendants brought 12(b)(6) motions and the prior

20  action was dismissed with prejudice in September 2021.

21      This action follows, with plaintiffs asserting muddled claims that attack the

22  enforceability of the two loans in question.  As briefed in this motion, this suit is

23  barred by res judicata. In addition, plaintiffs' allegations are fatally time-barred

24  because this suit challenges the enforceability of instruments recorded between

25  2011 and 2013.

26      Each fraud claim also fails because it is not pled with specificity and due to

27  plaintiffs' inability to articulate damages.  For the reasons detailed below, Wells

28  Fargo respectfully submits that this action should be dismissed with prejudice.

## 2. SUMMARY OF THE FIRST AMENDED COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

**A.    The 2011 Home Loan And Subsequent Delinquency**

In April 2011, plaintiffs Gerrad Pernell Swahili and Fatima Swahili obtained a $299,150 home loan from DHI Mortgage Company LTD, LP. (FAC ¶ 15; see also, Request for Judicial Notice ["RJN"], Exh. A [Promissory Note].)  The loan was secured by a first position deed of trust recorded against 30328 Vercords Street, Murrieta, California. (FAC ¶ 15; RJN, Exh. B [2011 Deed of Trust].) Within the deed of trust, defendant Mortgage Electronic Registration Systems ("MERS") is named as the beneficiary acting "solely as the nominee for Lender ... and Lender's successors and assigns." (RJN, Exh. B at p.1.)

In May 2011, plaintiffs received a notice that effective June 1, 2011, Wells Fargo would be the servicer of the subject loan. (FAC ¶ 18.)

On August 1, 2012, MERS, as nominee for DHI Mortgage Company, assigned the deed of trust to Wells Fargo. (FAC ¶ 20; RJN, Exh. C [Assignment #1].)  Plaintiffs allege that the assignment was invalid because the signatory on the instrument (Lynn Maria Sevick) supposedly did not have the requisite power to sign. (e.g., FAC ¶¶ 20 & 49; see also, FAC ¶ 42: "the 2012 Assignment did not have the requisite power of attorney, and that Lynn Maria Sevick was not an employee of MERS at the time of the assignment.").

In June 2012, plaintiffs defaulted on the loan.[1]  Due to continued non-payment, a Notice of Default ("NOD") was recorded with respect to the loan with Riverside County on November 16, 2012. (FAC ¶ 22; RJN, Exh. D.)  At the time, the arrearage stood at $18,414.01. (RJN, Exh. D at p.1.)  Plaintiffs allege that

---

[1]   The default date is corroborated on page two of the recorded Notice of Default, which states: "[P]ayment has not been made of: Installment of Principal and Interest which became due on 06/01/2012, plus impounds and/or advances together with late charges . . ." (RJN, Exh. D at p.2.)

1  Wells Fargo had no authority to direct its trustee to record the NOD because the

2  above-mentioned assignment was supposedly defective. (e.g., FAC ¶¶ 22 & 51.)

3  **B.    The 2013 HUD Loan, Rescission Of The Notice Of Default, And**

4  **Subsequent Events**

5       In April 2013, plaintiffs obtained a loan for $88,122.91 that was secured by

6  a junior deed of trust (the "HUD Deed of Trust") in favor of the Secretary of

7  Housing and Urban Development ("HUD") (FAC ¶ 25; RJN, Exh. E [Note] &

8  Exh. F [HUD Deed of Trust]). This HUD loan allowed plaintiffs to cure their

9  delinquency on the senior loan.  Although not clearly articulated, plaintiffs

10  maintain that they were "fraudulently induced" into signing the HUD Deed of

11  Trust and promissory note, creating another encumbrance on the subject property.

12  (e.g., FAC ¶ 46).

13       Because plaintiffs were able to bring the senior loan current, Wells Fargo

14  had its trustee record a Notice of Recission of the Notice of Default with the

15  Riverside County Recorder on May 7, 2013. (RJN, Exh. G.)

16       On April 28, 2021, Wells Fargo assigned its beneficial interest in the senior

17  deed of trust to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich

18  Mortgage Loan Trust I. (FAC ¶ 26; see also, RJN, Exh. H [Assignment #2].)

19  Around this time, defendant Carrington Mortgage LLC became the servicer of the

20  senior loan. (FAC ¶ 27.)

21  **C.    Prior Lawsuit In 2021**

22       In April 2021, plaintiff Gerrad Swahili filed a prior lawsuit against Wells

23  Fargo and other defendants, including MERS and Carrington Mortgage. (RJN,

24  Exh. I [Federal Docket].)  The action was adjudicated in the Central District,

25  overseen by the Honorable Andre Birotte, Jr., Case No. 2:21-cv-03137-AB-KES.

26  *Id*.  This prior action was brought by "Pernell El" on behalf of the "Society of the

27  House of El", yet inspection of the pleadings clearly reveals that Mr. Swahili was

28  the true litigant.  For example, the complaint before this Court acknowledges that

1    Gerrad Swahili's religious name is "Pernell Sahel El." (FAC ¶ 3, fn. 1.)  Not to

2    mention the similarities of the prior case to this action – as detailed below, both

3    actions attack the legitimacy of the 2012 assignment, the 2012 NOD, and the 2013

4    HUD loan documents.

5        On July 7, 2021, Mr. Swahili filed a First Amended Complaint (the "FAC")

6    in the prior action. (RJN, Exh. J.)  The FAC states that "Pernell El and Fatima

7    Swahili El [are] divine sentient living beings" and that they challenge the

8    defendants' "rightful trusteeship, in any and all matters related to the organic land

9    ... for the public records [at] 30328 Vercors Street[,] Murrieta[,] California[.]"

10   (RJN, Exh. J [FAC], ¶ 42.)

11       Like the present case, the prior action contained allegations that the 2012

12   assignment of the deed of trust contained defects. (FAC ¶ 31; see also, FAC ¶ 45:

13   Defendants "fraudulently misrepresented their positions as holder of the Deed of

14   Trust, holder of the 'Note' and holder of VALID assignment."). The prior suit also

15   alleged that the recorded NOD was flawed "in violation of *due process* of law."

16   (FAC ¶ 6, italics in original.)

17       In addition, the prior action focused on a theory that Wells Fargo did not

18   possess the original 2011 note or deed of trust -- Mr. Swahili believes this

19   somehow invalidated Wells Fargo's right to enforce the security interest within the

20   deed of trust. (e.g., FAC ¶ 17.)

21       Wells Fargo and the other defendants brought motions to dismiss the FAC,

22   and these motions were granted without leave to amend. (RJN, Exh. K [Dismissal

23   Order dated 9/2/21].)  Within the dismissal order, Judge Birotte noted that the

24   action stemmed from commencement of a foreclosure on real property in

25   Murrietta. (RJN, Exh. K at p.2.)  The Court added that the gravamen of the

26   muddled complaint "appears to be that 'the Defendant(s) have fraudulently

27   mispresented themselves as having the Deed of Trust, Promissory Note, and Valid

28   Assignment of the original Deed of Trust,' and that notes and deed of trust are not

1  authentic and are invalid, and thus the Defendants lack standing to foreclose."

2  (RJN, Exh. K at p.2.)

3       In dismissing the prior action with prejudice, Judge Birotte held that "neither

4  Pernell El nor the Society is the borrower on the loans at issue . . . so they lack

5  standing to sue." (RJN, Exh. K [Order] at p.4.)  However, the Court also addressed

6  certain substantive defects within the claims.  For example, the Court held that "the

7  fraud claims are not pled with particularity" and that the theory that Wells Fargo

8  could not produce the original promissory note or deed of trust "has been rejected

9  by the Ninth Circuit." (RJN, Exh. K at p.5.)  The Court also pointed out that "a

10  plaintiff cannot challenge an assignment of a deed of trust." (RJN, Exh. K at p.5),

11  citing *Ruegsegger v. Caliber Home Loans, Inc*., 2018 WL 5993857, *19 (C.D. Cal.

12  Apr. 30, 2018) (explaining that in a pre-foreclosure context, a borrower cannot

13  challenge an assignment of a deed of trust).

14       On the same date as the dismissal order, the Court issued a final judgment in

15  favor of the defendants. (RJN, Exh. L.)

16  **3.   THE CLAIMS IN THE INSTANT ACTION**

17  **ARE BARRED BY RES JUDICATA**

18       Having failed to cite a genuine flaw in the loan instruments in the prior

19  lawsuit (RJN, Exh. K [Dismissal Order] & Exh. L [Judgment]), plaintiffs cannot

20  litigate similar claims in an attempt to shirk their obligations under the two loan

21  agreements at issue.  The Supreme Court's description of res judicata is instructive

22  from *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948):

23      The rule provides that when a court of competent jurisdiction has

24  entered a final judgment on the merits of a cause of action, the parties
    to the suit and the privies are thereafter bound "not only as to every

25  matter which was offered and received to sustain or defeat the claim
    or demand, but as to any other admissible matter which might have

26  been offered for that purpose." [citation omitted].  The judgment puts
    an end to the cause of action which cannot again be brought into

27  litigation between the parties upon any ground whatever, absent fraud
    or some other factor invalidating judgment.

28

1    This rule bars any cause of action raised in a prior action along with any

2    claims "upon any ground whatever" that might have been offered.  *Sunnen*, 333

3    U.S. 591, 597.

4    Applying this principle, res judicata precludes a party from relitigating any

5    claims arising out of the "same transactional nucleus of facts" as litigated in a prior

6    matter. *Int'l Union v. Karr*, 994 F. 2d 1426, 1430 (9th Cir. 1993).  Switching legal

7    theories or adding factual allegations does not create a new claim sufficient to avoid

8    res judicata. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir.

9    1982).  As long as the prior court had jurisdiction to hear the claims, all theories of

10   liability are precluded. *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1983).

11   The present lawsuit hinges on the same allegations raised in the prior action –

12   contentions that the 2012 assignment was invalid and therefore that Wells Fargo

13   had no authority to record the NOD.  Both suits also challenge the enforceability of

14   the 2013 HUD loan documents.

15   It must be stressed that there was an adjudication on the merits in the prior

16   action. While Judge Birotte dispensed with each claim on the common basis that the

17   Society of the House of El lacked standing to sue under the 2011 and 2013 loan

18   contracts, the Court addressed other defects within the claims. (RJN, Exh. K at p.3:

19   "Given the lack of standing, the Court need not analyze in depth whether the FAC

20   states any viable claim. Nevertheless, the Court agrees with the Motions that none

21   of the claims are adequately pled and none of them are viable[.]")  In particular,

22   Judge Birotte addressed the following additional defects: (1) "the fraud claims are

23   not pled with particularity"; (2) a theory that the loan servicer or lender must

24   possess the original promissory note or deed of trust "has been rejected by the Ninth

25   Circuit"; and (3) "a plaintiff cannot challenge an assignment of a deed of trust" in a

26   pre-foreclosure context. (RJN, Exh. K at p.3.)

27   On this basis alone, each cause of action in the present action must be

28   dismissed with prejudice.  Because plaintiff Fatina Swahli is in privity with Gerrad

1    Swahli as his spouse and a co-borrower, she is likewise collaterally estopped from

2    asserting the claims in the amended complaint.[2]

3                    **4.   EACH CLAIM BEFORE THIS COURT**

4                       **IS RIDDLED WITH ADDITIONAL DEFECTS**

5          In addition to the res judicata hurdle, the claims in the FAC are plagued

6    with the following critical shortcomings.

7    **A.    The Allegations Against Wells Fargo Are Fatally Time-Barred**

8          The allegations directed against Wells Fargo are time-barred because

9    plaintiffs challenge the legitimacy of instruments that were executed and recorded

10   between 2012 and 2013. Fraud claims are subject to a three-year limitations

11   period pursuant to C.C.P. § 338(d).  Even applying a four-year "catch-all"

12   limitations period codified at C.C.P. § 343, plaintiffs' claims would have run in

13   2017.  The present action was not filed until May 31, 2023, approximately a

14   decade after the HUD loan and the rescission of the NOD.

15         The amended complaint states that the limitations periods should be tolled

16   because "[plaintiffs] discovered what appeared to be fraud, in May 2023 . . . that

17   [the] 2012 Assignment[] of the beneficial interest of the [sic] 2011 Deed of Trust

18   was defective/invalid , and void of the requisite power of attorney, from the listed

19   nominee (MERS)." (FAC ¶ 34.)  This conclusory tolling argument lacks merit.

20         After all, it is established that tolling may only delay accrual of a statute of

21   limitations until the plaintiff discovers, <u>or has the means to discover</u>, the facts that

22   undergird a claim. *Fox v. Ethicon Endo-Surgery, Inc*., 35 Cal. 4th 797, 807

23   (2005).  It is incontrovertible that plaintiffs were on notice of their claims in 2012

24   and 2013, when the instruments were recorded.  Not only were the public

25   instruments recorded with Riverside County – the complaint acknowledges that

26   ───────────────

27   [2]  *Gikas v. Zolin*, 6 Cal. 4th 841, 849 (1993) (a party against whom claim
     preclusion is sought must be in privity with the other litigant that is already
28   precluded from maintaining claims based on res judicata).

1   plaintiffs received the instruments.  For example, plaintiffs state that with the

2   NOD looming over them, they "were induced into signing a 2013 Deed of Trust

3   and Partial Promissory Note in 2013 . . ." (FAC ¶ 25.)

4       Equally important, plaintiffs' contention that they only recently

5   "discovered" a flaw within the 2012-2013 instruments is demonstrably false

6   because their prior action raised the same general allegations as the present suit.

7   For example, the prior action contained allegations that 2012 assignment

8   contained defects. (RJN, Exh. J, FAC ¶ 31; see also, FAC ¶ 45: Defendants

9   "fraudulently misrepresented their positions as holder of the Deed of Trust, holder

10  of the 'Note' and holder of VALID assignment."). The prior suit also alleged that

11  the recorded NOD was flawed "in violation of *due process* of law." (FAC ¶ 6,

12  italics in original.)

13      For this reason alone, each claim is incapable of amendment.

14  **B.   The Allegations Against Wells Fargo Are Not Pled With Specificity**

15      Moreover, the fraud-based claims are not pled with adequate specificity to

16  satisfy the pleading requirements of FRCP 9(b).  The purpose of Rule 9(b) is to

17  ensure that "allegations of fraud are specific enough to give defendants notice of

18  the particular misconduct which is alleged to constitute the fraud charged so that

19  they can defend against the charge and not just deny that they have done anything

20  wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).  This heightened

21  pleading standard is even more stringent when corporate defendants are accused of

22  fraud – the plaintiff must "allege the names of the persons who made the allegedly

23  fraudulent representations, their authority to speak, to whom they spoke, what they

24  said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto.*

25  *Ins. Co*., 2 Cal.App.4th 153, 157 (1991).

26      Here, the FAC only references the Wells Fargo employees appearing on the

27  recorded instruments (FAC ¶¶ 22 & 26) -- this level of detail is woefully

28  inadequate.  Of key importance is the fact that plaintiffs fail to provide allegations

1    regarding which Wells Fargo representative(s) were involved in the supposedly

2    fraudulent scheme relating to the 2012 assignment of the deed of trust.  Equally

3    important, a portion of this case is premised on the contention that Wells Fargo

4    somehow coerced plaintiffs into executing the HUD loan documents in 2013.

5    (FAC ¶¶ 25 & 46.) The pleadings are devoid of details concerning the bank

6    representative(s) that "induced" the plaintiffs into accepting the HUD loan.

7           On this basis alone, the fraud claims in the FAC are deficient.

8    **C.    Plaintiffs Cannot Cite A Legitimate Defect Within A Recorded**

9           **Instrument**

10          To begin with, plaintiffs attack the 2012 assignment by questioning whether

11   Lynn Maria Servick was truly an employee or authorized agent of MERS. (e.g.,

12   FAC ¶¶ 4, 6, 10 & 37.)  This argument fails because there is no authority that

13   required MERS or the assignee of the assignment to "prove" that the MERS

14   representative was authorized to execute the instrument.  Case law is clear that

15   plaintiffs do not have standing to challenge the MERS assignment. See e.g.,

16   *Ruegsegger v. Caliber Home Loans, Inc*., 2018 WL 5993857, *19 (C.D. Cal.

17   Apr. 30, 2018) (in a pre-foreclosure context, a borrower cannot challenge an

18   assignment of a deed of trust).

19          In addition, plaintiffs cannot argue that MERS lacked authority to make the

20   assignment. Pursuant to the express language in the deed of trust signed by

21   plaintiffs, MERS was a nominee for the lender and the beneficiary under the trust

22   deed. (RJN, Exh. A at p. 1.)  Pursuant to its role, MERS executed the 2012

23   assignment that transferred the beneficial interest to Wells Fargo. Similar

24   challenges to assignments executed by MERS have been consistently rejected by

25   California courts and the Ninth Circuit.

26          An illustrative case is *Herrera v. Federal National Mortgage Assn*., 205

27   Cal.App.4th 1495, 1505 (2012), in which the Court of Appeal analyzed various

28   attacks on an assignment of deed of trust and concluded:  "[T]his does not

1  necessarily defeat the foreclosure sale because plaintiffs agreed in the [deed of

2  trust] that MERS had the right to exercise all rights of the lender, including

3  foreclosing on and selling plaintiffs' property."

4         The Ninth Circuit reached a similar conclusion in *Ancheta v. Mortgage*

5  *Electronic Registration Systems, Inc.*, 730 Fed. Appx. 509 (9th Cir. 2018). The

6  Ninth Circuit held that the district court properly dismissed the borrower's claim

7  premised on a theory that "MERS lost its authority to make assignments during the

8  course of [a] securitization process because of the sale of the note" to an entity that

9  was not a member of MERS. *Ancheta*, 730 Fed. Appx at 509-10; see also, *Miller-*

10  *Swift v. Mortgage Electronic Registration Systems, Inc*., 783 Fed.Appx. 750, 751

11  (9th Cir. 2019) (rejecting a borrower's theory that "MERS ... 'exited the chain of

12  title' as a result of an assignment of the note to a non-MERS member").

13         Likewise, many district courts in California have rejected similar challenges

14  to MERS' authority.  For example, in *Fung v. BSI Financial Services*, 2017 WL

15  8948335, *4 (N.D. Cal., Nov. 7, 2017), the court repudiated the borrower's

16  argument "that MERS could not act as nominee because the loan had been sold to

17  [other lenders], neither of which were MERS members."  The district court

18  reasoned: "This argument is ... contrary to the plain language of the Deed of Trust,

19  which ... provides that MERS has the authority to act for [the original lender]'s

20  successors and assigns. [Citation.] This authority was in no way conditional on

21  whether the successors and assigns were MERS members." *Fung*, 2017 WL

22  8948335 at *4. See also, *Avila v. Wells Fargo Bank, N.A*., 2016 WL 7425925, *3

23  (N.D. Cal. Dec. 23, 2016) (rejecting argument that "MERS' authority as nominee

24  was vitiated because Goldman Sachs Mortgage Company, the initial assignee of

25  [the lender], was not a member of the MERS registry"); *Ratliff v. JPMorgan Chase*

26  *Bank, N.A*., 2017 WL 2876141, *8 & fn. 3 (N.D. Cal. July 6, 2017) (dismissing

27  challenge to assignment because "even if the loan was transferred to [a] securitized

28  trust", MERS was still authorized to act because the deed of trust "contemplates

1   MERS acting as nominee 'for Lender and Lender's successors and assigns'".)

2       Put simply, the 2012 assignment in this case is facially valid and plaintiffs

3   cannot allege sufficient facts to challenge MERS' authority to assign the deed of

4   trust.

5       As for an attack on the NOD recorded in November 2012, plaintiffs' gripe

6   rests on the theory that the assignment from mid-2012 was invalid. (FAC ¶ 22; see

7   also, FAC ¶ 51).  Thus, plaintiffs' argument challenging the NOD falls by the

8   wayside.  Not to mention that any argument attacking the NOD is moot because

9   the NOD was rescinded in 2013. *Knapp v. Doherty*, 123 Cal. App. 4th 76, 93–94

10  (2004) (a hyper-technical defect in a recorded instrument is not actionable); see

11  also, *Debrunner v. Deutsche Bank National Trust Co*., 204 Cal. App. 4th 433, 444

12  (2012).

13  **D.    The Doctrine of Ratification Bars Plaintiffs' Attempt To Invalidate The**

14  **2013 Loan Contract**

15      One key aim in plaintiffs' lawsuit is to rescind the 2013 junior loan. (e.g.,

16  FAC ¶¶ 9 & 25.)   Plaintiffs argue that "[f]raud destroys the validity of . . . the most

17  solemn contracts . . ." (FAC ¶ 1.)

18      Putting aside defenses such as collateral estoppel and a fatal time bar, an

19  attempt to invalidate the HUD loan fails for the simple reason that plaintiffs

20  accepted the loan proceeds.  Plaintiffs also appear to have performed under the

21  contract by making monthly loan payments, at least for a number of years.  An

22  individual that accepts the benefits of a loan is deemed to have ratified the

23  transaction and is estopped from challenging its validity. *Merry v. Garibaldi*, 48

24  Cal. App. 2d 397, 399-401 (1941) (court correctly applied estoppel to bar

25  cancellation of a deed of trust where the borrower had accepted the loan's

26  benefits). Failure to provide timely notice of a fraudulent transaction serves as

27  estoppel to disclaiming the contract. *Merry*, 48 Cal.App.2d at 401.

28

**E.     The FAC Does Not Articulate Any Actual Damages**

In addition, plaintiffs have not alleged actual damages stemming from Wells Fargo's purported acts.  Even in the context of fraud, a "[m]isrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages." *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 159 (1996); see also, *Fields v. Napa Milling Co.*, 164 Cal. App. 2d 442, 448 (1958) ("[A] wrong without damage does not constitute a cause of action for damages.")

As briefed above, the FAC does not cite a legitimate defect with respect to the loan instruments in question.  Yet even if plaintiffs *could* cite a loan servicing error, it is undisputed that Wells Fargo had its trustee rescind the NOD after plaintiffs cured the delinquency on the senior loan in 2013.  In other words, plaintiffs' allegations concerning a supposed flaw in the NOD must be disregarded.

Although the FAC is far from a model of clarity, there are allegations that appear to dispute the legitimacy of the second assignment in 2021. (FAC ¶¶ 26 & 28.)  To the extent that plaintiffs take issue with this latest assignment of the senior deed of trust, it is entirely unclear how this assignment has caused plaintiffs to sustain any damages.  Plaintiffs do not dispute accepting the loan proceeds in 2011 or 2013 – what they appear to seek is a determination that no entity has an enforceable lien against the property.

Put simply, plaintiffs' damage allegations do not pass muster under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009).

**F.     Plaintiffs' Damage Allegations Are Also Barred By California's Qualified Common-Interest Privilege**

Plaintiff's allegations against Wells Fargo also fall prey to a qualified common-interest privilege because there are no *facts* that remotely suggest that recordation of the NOD in November 2012 was with malice.  It is established that

1   any statutorily required mailing, publication, or delivery of notices in connection

2   with a foreclosure, and the performance of statutory foreclosure procedures by a

3   trustee or beneficiary[3] are "privileged communications under the qualified,

4   common-interest privilege of [Civil Code] Section 47, subdivision (c)(1)." *Kachlon*

5   *v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008).

6         Thus, as the new beneficiary for the senior loan pursuant to the assignment of

7   deed of trust, Wells Fargo was cloaked in a qualified privilege when the NOD at

8   issue was recorded.  This privilege can only be lost if an act is motivated by ill will,

9   or by a showing that the defendant lacked reasonable grounds for belief in the truth

10   of the publication. *Kachlon*, 168 Cal. App. 4th at 336.  Any pleadings seeking to

11   pierce this privilege must contain affirmative allegations of malice. *Smith v. Hatch*,

12   271 Cal. App. 2d 39, 47 (1969).

13         The FAC is devoid of *facts* showing that Wells Fargo acted with malice when

14   directing its trustee to record the NOD in response to a delinquency on the loan.

15   Thus, plaintiffs are not entitled to any damages. See e.g., *Permito v. Wells Fargo*

16   *Bank, N.A.*, 2012 WL 1380322, *8 (N.D. Cal. Apr. 20, 2012) (allegations that

17   "Wells Fargo acted recklessly" during the foreclosure process were insufficient to

18   pierce the qualified privilege under Civil Code §§ 2924(d) and 47(c)).  Not to

19   mention that the NOD was rescinded once the loan was brought current, thereby

20   mooting out a damages theory arising from the NOD.

21               **5.   THE EQUITABLE CLAIMS ALSO FAIL DUE TO**

22               **LACK OF TENDER OF PLAINTIFFS' INDEBTEDNESS**

23         The third through sixth claims in the FAC seek to cancel the 2012

24   assignment, the 2013 HUD Deed of Trust, and the 2021 assignment. (FAC ¶¶ 43-

25

26   [3]   Civil Code § 2924 grants privilege protection not only to foreclosure trustees, but also to beneficiaries and their agents insofar as they may act as trustees.

27   *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 340 (2008) (the plain meaning of the 1996 amendment to Section 2924 makes the recording of the notice of default

28   by the beneficiary, and any other statutorily authorized act of the beneficiary, a privileged communication under Section 47(c)(1)).

1  47.)  Essentially, plaintiffs seek a judicial determination that the present servicer

2  and beneficiary for the two loans has no right to demand mortgage payments.

3       Notwithstanding the fact that plaintiffs have not cited a legitimate defect

4  with respect to any recorded instrument, a borrower must make a valid tender to

5  maintain a claim that would vitiate a lender's security interest. *Karlsen v.*

6  *American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971); see also, *Py v.*

7  *Pleitner*, 70 Cal. App. 2d 576, 582 (1945).  The same is true with a rescission

8  claim, which is what plaintiffs seek with regard to the 2013 loan. See e.g., *Touli v.*

9  *Santa Cruz County Title Co.*, 20 Cal. App. 2d 495, 499-500 (1937) (rescission is

10 only available if everything of value received under the contract is restored to the

11 lender); *Tiqui v. First Nat'l Bank of Arizona*, 2010 WL 1345381, *5 (S.D. Cal.

12 Apr. 5, 2010) ("But more importantly, as discussed above, Plaintiffs have not

13 established they are able to restore the loan proceeds to the creditors, which is

14 required for rescission.").

15        As explained by the Court of Appeal, giving plaintiffs an unfettered interest

16 in the property without a full tender "would give them an inequitable windfall,

17 allowing them to evade their lawful debt." *Stebley v. Litton Loan Servicing, LLP*,

18 202 Cal. App. 4th 522, 526 (2011) (citations omitted).

19       It must be added that a hollow averment of a "willingness or ability" to tender

20 a sum of money does not constitute a genuine tender.  No legitimate tender exists

21 unless funds are placed in the hands of the trustee or beneficiary. *Gaffney v.*

22 *Downey Sav. & Loan Ass'n*, 200 Cal. App. 3d 1154, 1167 (1988); see also, *Nguyen*

23 *v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003).

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1    Given plaintiff's lack of tender, their equitable claims cannot be maintained.

2                           **6.   <u>CONCLUSION</u>**

3    For the above reasons, Wells Fargo's motion to dismiss each claim in the

4    FAC should be granted in full and without leave to amend.

5
6                                  Respectfully submitted,

7    Dated:  July 17, 2023              LAGERLOF, LLP

8                                  By: _ */s/ Michael Rapkine*_____
                                       Michael Rapkine
9                                      Attorneys for Defendant
                                       WELLS FARGO BANK, N.A.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28