1   | **AKERMAN LLP**
2   | PARISA JASSIM (SBN 273915)
    | Email: parisa.jassim@akerman.com
    | JACQUELINE FOROUTAN (SBN 325689)
3   | Email: jacqueline.foroutan@akerman.com
    | 601 West Fifth Street, Suite 300
4   | Los Angeles, CA 90071
    | Telephone: (213) 688-9500
5   | Facsimile:  (213) 627-6342
6   | Attorneys for Defendants
    | CARRINGTON MORTGAGE SERVICES LLC
7   | And MORTGAGE ELECTRONIC REGISTRATION
    | SYSTEMS, INC.
8
9   |                    UNITED STATES DISTRICT COURT
10  |                    CENTRAL DISTRICT OF CALIFORNIA
11
12  | GERRAD PERNELL SWAHILI,          | Case No. 5:23-cv-00980-MEMF-AFM
    | FATIMA SWAHILI,
13  |                                  | Hon. Maame Ewusi-Mensah Frimpong
14  |              Plaintiffs,          | **DEFENDANTS CARRINGTON**
    |                                  | **MORTGAGE SERVICES LLC**
15  | v.                               | **AND MORTGAGE ELECTRONIC**
    |                                  | **REGISTRATION SYSTEMS,**
16  |                                  | **INC.'S REQUEST FOR JUDICIAL**
    | WELLS FARGO BANK NA,             | **NOTICE SUPPORTING MOTION**
17  | CARRINGTON MORTGAGE              | **TO DISMISS PLAINTIFFS' FIRST**
    | SERVICES LLC, MORTGAGE           | **AMENDED COMPLAINT**
18  | ELECTRONIC REGISTRATION
    | SYSTEMS INC,                     | Documents Filed Concurrently:
19  |                                  | 1. Motion to Dismiss FAC
    |              Defendants.          | 2. [Proposed] Order
20  |
    |                                  | **Date:       November 2, 2023**
21  |                                  | **Time:       10:00 a.m.**
    |                                  | **Crtroom:    8B**
22
23  |                                  | Complaint Filed: May 31, 2023
24  |                                  | FAC Filed: July 10, 2023
    |                                  | Trial Date: None
25
26
27
28
                                              CASE NO.5:23-cv-00980-MEMF-AFM
    _____
              REQUEST FOR JUDICIAL NOTICE SUPPORTING MOTION TO DISMISS
                         PLAINTIFFS' FIRST AMENDED COMPLAINT

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** defendants Carrington Mortgage Services LLC and Mortgage Electronic Registration Systems, Inc. (collectively, **defendants**) hereby requests the Court take judicial notice of the following documents pursuant to Federal Rule of Evidence 201 in support of its motion to dismiss with prejudice plaintiffs Gerrad Pernell Swahili and Fatima Swahili's first amended complaint.

Under Rule 201(d), judicial notice is mandatory "if requested by a party and [the court is] supplied with the necessary information."  Rule 201(b) further provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

A "court may take judicial notice of matters of public record."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. Cal. 2001).  Courts have taken judicial notice of recorded documents such as a deed of trust, assignment of deed of trust, and notice of default "as they are matters of public record whose accuracy cannot be questioned." *Castaneda v. Saxon Mortg. Services, Inc.*, 687 F. Supp. 2d 1191, 1196 (E.D. Cal. 2009).  District courts have taken judicial notice of "Deeds of Trust and Riders, Adjustable Rate Notes and addenda, Notices of Assignment Sale or Transfer of Servicing Rights, a Notice of Default, and a Trustee's Deed Upon Sale…[b]ecause these documents either are referenced in the [complaint] or are matters of public record."  *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 408 (N.D. Cal. 2009)  The court may therefore take judicial notice of the documents attached as follows:

**Exhibit 1**:   A true and correct copy of a deed of trust between plaintiffs Gerrad Pernell Swahili and Fatima Swahili, and lender DHI Mortgage Company, LTD., L.P., / / /

AKERMAN LLP

601 WEST FIFTH  STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

dated April 4, 2011 and recorded in the Official Records of the County of Riverside on April 12, 2011 as document number 2011-0160252.

**Exhibit 2**:   A true and correct copy of a corporate assignment of deed of trust from Mortgage Electronic Registration Systems, Inc. to Wells Fargo Bank, NA, dated August 1, 2012 and recorded in the Official Records of the County of Riverside on August 10, 2012 as document number 2012-0380816.

**Exhibit 3**:   A true and correct copy of a deed of trust between plaintiffs Gerrad Pernell Swahili and Fatima Swahili, and The Secretary of Housing and Urban Development, dated April 11, 2013 and recorded in the Official Records of the County of Riverside on August 8, 2013 as document number 2013-0388149.

**Exhibit 4**:   A true and correct copy of an assignment of deed of trust from Wells Fargo Bank, N.A. to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust I, dated April 28, 2021 and recorded in the Official Records of the County of Riverside on April 28, 2021 as document number 2021-0264133.

**Exhibit 5**:   A true and correct copy of plaintiff Gerrad Pernell Swahili's exhibits "E," "Q3," and "Q4" filed concurrently with "judicial notice in support of the claim" on July 13, 2021 in the United States District Court for the Central District of California under case number 2:21-cv-03137-AB-KES.

**Exhibit 6**:   A true and correct copy of a substitution of trustee dated April 7, 2023 and recorded in the Official Records of the County of Riverside on April 17, 2023 as document number 2023-0108545.

**Exhibit 7**:   A true and correct copy of a notice of default dated April 7, 2013 and recorded in the Official Records of the County of Riverside on April 26, 2023 as document number 2023-0118334.

**Exhibit 8**:   A true and correct copy of a docket from the United States District Court for the Central District of California regarding plaintiff Gerrad Pernell Swahili's complaint filed on April 12, 2021 under case number 2:21-cv-03137-AB-KES.

/ / /

AKERMAN LLP

601 WEST FIFTH  STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 9**:   A   true   and   correct   copy   of   plaintiff   Gerrad   Pernell   Swahili's amended complaint filed in the United States District Court for the Central District of California on July 7, 2021 under case number 2:21-cv-03137-AB-KES.

**Exhibit 10**:  A true and correct copy of defendants Wells Fargo Bank, N.A. and Charles Scharf's motion to dismiss plaintiff Gerrad Pernell Swahili's amended complaint filed in the United States District Court for the Central District of California on July 21, 2021 under case number 2:21-cv-03137-AB-KES.

**Exhibit 11**:  A true and correct copy of defendants Carrington, Mr. Rose, and MERS' motion to dismiss plaintiff Gerrad Pernell Swahili's amended complaint filed in the United States District Court for the Central District of California on July 28, 2021 under case number 2:21-cv-03137-AB-KES.

**Exhibit 12**:  A true and correct copy of an order dated September 3, 2021 from the United States District Court for the Central District of California granting defendants' motions to dismiss plaintiff Gerrad Pernell Swahili's amended complaint under case number 2:21-cv-03137-AB-KES.

**Exhibit 13**:  A true and correct copy of plaintiff Gerrad Pernell Swahili's notice of appeal filed on September 7, 2021 in the United States District Court for the Central District of California under case number 2:21-cv-03137-AB-KES.

**Exhibit 14**:  A   true   and   correct   copy   of   a   memorandum   filed   on September 21, 2022 in the United States Court of Appeals for the Ninth Circuit, affirming the district court's judgment, under No. 21-55976.

**Exhibit 15**:  A true and correct copy of plaintiff Gerrad Pernell Swahili's petition for rehearing filed on September 28, 2022 in the United States Court of Appeals for the Ninth Circuit under No. 21-55976.

**Exhibit 16**:  A true and correct copy of an order denying plaintiff Gerrad Pernell Swahili's petition for rehearing filed on January 6, 2023 in the United States Court of Appeals for the Ninth Circuit under No. 21-55976.

**REQUEST FOR JUDICIAL NOTICE SUPPORTING MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**Exhibit 17**: A true and correct copy of a mandate filed on January 17, 2023 in the United States Court of Appeals for the Ninth Circuit under No. 21-55976.

**Exhibit 18**: A true and correct copy of plaintiff Gerrad Pernell Swahili's petition for writ of certiorari filed on December 6, 2022 in the Supreme Court of the United States under No. 22-6410.

**Exhibit 19**: A true and correct copy of a docket from the Supreme Court of the United States regarding petition for writ of certiorari filed by plaintiff Gerrad Pernell Swahili under No. 22-6410.

Dated: July 24, 2023                    Respectfully submitted,

                                        **AKERMAN LLP**


                                        By:    _/s/ Parisa Jassim_
                                               Parisa Jassim
                                               Jacqueline Foroutan
                                        Attorneys for Defendants
                                        CARRINGTON MORTGAGE SERVICES
                                        LLC and MORTGAGE ELECTRONIC
                                        REGISTRATION SYSTEMS, INC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REQUEST FOR JUDICIAL NOTICE SUPPORTING MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

# **Exhibit 1**

RECORDING REQUESTED BY
LAWYERS TITLE CO.

Recording Requested By:
DHI Mortgage Company
Post Closing Department
Return To:
DHI Mortgage Company
Post Closing Department
12357 Riata Trace Pkwy.
Suite C150
Austin, TX 78727
000798647 320

Prepared By:

**DOC # 2011-0160252**
04/12/2011 09:30A Fee:48.00
Page 1 of 11
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | | T: | | CTY | UNI | 025 |

5389166                     [Space Above This

**State of California**
APN. 480.130.09.8
TRA. 082.174

# DEED OF TRUST

FHA Case No.
048-6470817-703

48
T
025

MIN 100020410002273246

THIS DEED OF TRUST ("Security Instrument") is made on April 4, 2011
The Trustor is Gerrad Pernell Swahili and
Fatima Swahili, husband and wife

, whose address is
30328 Vercors Street, Murrieta, CA 92563
("Borrower"). The trustee is Lawyers Title Company

("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"),, (solely as nominee for
Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws
of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888)
679-MERS. DHI MORTGAGE COMPANY, LTD., L.P.

("Lender") is organized and existing under the laws of Texas                                , and
has an address of 12357 Riata Trace Pkwy. Suite C150
Austin, TX 78727                                    . Borrower owes Lender the principal sum of
two hundred ninety-nine thousand one hundred fifty and 00/100
Dollars (U.S. $ 299,150.00          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on May 1, 2041
. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the
048-6470817-703                        183571                    8647

FHA California Deed of Trust with MERS - 4/96
Wolters Kluwer Financial Services
VMP ®-4N(CA) (0711)                Amended 11/07
Page 1 of 8                      Initials

Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in Riverside                                                                                                          County, California:
SEE EXHIBIT A ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 480-130-019
which has the address of 30328 Vercors Street                                                                                      [Street]
Murrieta                                             [City], California 92563          [Zip Code] ("Property Address");
    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.
    BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.
    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.
    Borrower and Lender covenant and agree as follows:
    UNIFORM COVENANTS.
    **1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.
    **2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."
    Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be
048-6470817-703                              183571                                                                    8647

Initials:

# EXHIBIT A

All that certain real property situated in the County of Riverside, State of California, described as follows:

PARCEL 1:

Lot 150 of Tract No. 29484, as shown on map filed in Book 387, Pages 81 to 99 of Maps in the office of the County Recorder of Riverside County.

EXCEPT therefrom all oil, gas, minerals and other hydrocarbon substances lying below a depth shown below but with no right of surface entry, as provided in deeds of record
Depth:                    500 feet

PARCEL 2:

Non-exclusive easements for access, drainage, encroachment, maintenance, repair and for other purposes, all as may be shown on the map and described in the Declaration recorded June 6, 2006 as Instrument No. 2006-0409271 of Official Records.

legal rev. (010698)

amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

    **(a) Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

        (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

        (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

    **(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

        (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

        (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

    **(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

    **(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

    **(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A

048-6470817-703               183571                  8647

Initials:

written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

048-6470817-703                     183571                                            8647

VMP ®-4N(CA) (0711)                     Page 5 of 8                     Initials:

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act")(12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.**

**19. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

**20. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**21. Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

048-6470817-703                    183571

Initials:                    8647

**22. Beneficiary Statement.** Lender may collect a fee, not to exceed the maximum amount permitted by law for furnishing Beneficiary statement as provided by Section 2943 of the Civil Code of California.

**23. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider      ☐ Growing Equity Rider      ☐ Other [specify]
☒ Planned Unit Development Rider      ☐ Graduated Payment Rider

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to the Borrower at the address set forth above. A copy of any Notice of Default and any Notice of Sale will be sent only to the address contained in this recorded request. If the Borrower's address changes, a new request must be recorded.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____

_____ (Seal)
Gerrad Pernell Swahili      -Borrower

_____

_____ (Seal)
Fatima Swahili      -Borrower

_____(Seal)      _____(Seal)
-Borrower      -Borrower

_____(Seal)      _____(Seal)
-Borrower      -Borrower

_____(Seal)      _____(Seal)
-Borrower      -Borrower

048-6470817-703           183571           ▉8647

State of California County of *Riverside*                              } ss.

On *April 6, 2011*                        before me,   L. E. RUDZINSKI - NOTARY PUBLIC
                                                                                    , personally appeared

Gerrad Pernell Swahili & Fatima Swahili

                                                                                    , who
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
(This area for official notarial seal)

                                                                                    (Seal)
                                          L. E. RUDZINSKI - NOTARY PUBLIC

L. E. RUDZINSKI
COMM. # 1877653
NOTARY PUBLIC - CALIFORNIA
RIVERSIDE COUNTY
COMM. EXPIRES JAN. 22, 2014



# PLANNED UNIT DEVELOPMENT RIDER

FHA Case No.

▌▌▌▌▌▌▌▌ 7-703

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 4th                          day of
April, 2011                          , and is incorporated into and shall be deemed to amend and
supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the
same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to
DHI MORTGAGE COMPANY, LTD., L.P.

("Lender") of the same date and covering the Property described in the Security Instrument
and located at: 30328 Vercors Street, Murrieta, CA 92563

[Property Address]
The Property Address is a part of a planned unit development ("PUD") known as

Biarritz
[Name of Planned Unit Development]
**PUD COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A.   So long as the Owners Association (or equivalent entity holding title to common
     areas and facilities), acting as trustee for the homeowners, maintains, with a
     generally accepted insurance carrier, a "master" or "blanket" policy insuring the
     Property located in the PUD, including all improvements now existing or
     hereafter erected on the mortgaged premises, and such policy is satisfactory to
     Lender and provides insurance coverage in the amounts, for the periods, and
     against the hazards Lender requires, including fire and other hazards included
     within the term "extended coverage," and loss by flood, to the extent required
     by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this
     Security Instrument for the monthly payment to Lender of one-twelfth of the
     yearly premium installments for hazard insurance on the Property, and (ii)
     Borrower's obligation under Paragraph 4 of this Security Instrument to maintain
     hazard insurance coverage on the Property is deemed satisfied to the extent
     that the required coverage is provided by the Owners Association policy.
     Borrower shall give Lender prompt notice of any lapse in required hazard
     insurance coverage and of any loss occurring from a hazard. In the event of a
     distribution of hazard insurance proceeds in lieu of restoration or repair
     following a loss to the Property or to common areas and facilities of the PUD,
     any proceeds payable to Borrower are hereby assigned and shall be paid to
     Lender for application to the sums secured by this Security Instrument, with
     any excess paid to the entity legally entitled thereto.
B.   Borrower promises to pay all dues and assessments imposed pursuant to the
     legal instruments creating and governing the PUD.
C.   If Borrower does not pay PUD dues and assessments when due, then Lender
     may pay them. Any amounts disbursed by Lender under this paragraph C shall
     become additional debt of Borrower secured by the Security Instrument. Unless

048-6470817-703                          183571                          ▌8647
**FHA Multistate PUD Rider - 10/95**
Wolters Kluwer Financial Services   202146
VMP®-589U (0402).02
Page 1 of 2          Initials:

Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)                    _____ (Seal)
Gerrad Pernell Swahili        -Borrower             Fatima Swahili              -Borrower


_____ (Seal)                    _____ (Seal)
                              -Borrower                                         -Borrower


_____ (Seal)                    _____ (Seal)
                              -Borrower                                         -Borrower


_____ (Seal)                    _____ (Seal)
                              -Borrower                                         -Borrower


048-6470817-703                        183571                          ████8647
VMP ®-589U (0402).02                  Page 2 of 2

# **<u>Exhibit 2</u>**

DOC # 2012-0380816
08/10/2012 12:31P Fee:21.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



Recording Requested By:
WELLS FARGO BANK, N.A.

When Recorded Return To:

DEFAULT ASSIGNMENT
WELLS FARGO BANK, N.A.
MAC: X9999-018
PO BOX 1629
MINNEAPOLIS, MN 55440-9790

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
|   |   |   | 2    |      |     |      |      |     |      |
| M | A | L | 465  | 426  | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |      |      | T:  |      | CTY | UNI | 071  |

21

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Riverside, California
"SWAHILI"

M
071

MERS #: 100020410002273246 SIS #: 1-888-679-6377

Prepared By: Marcia Paez, WELLS FARGO BANK, N.A. 2701 WELLS FARGO WAY, MAC X9999-018, MINNEAPOLIS, MN 55467-8000 1-866-234-8271

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR DHI MORTGAGE COMPANY, LIMITED, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS hereby grants, assigns and transfers to WELLS FARGO BANK, NA at 1 HOME CAMPUS, DES MOINES, IA 50328 all beneficial interest under that certain Deed of Trust dated 04/04/2011 , in the amount of $299,150.00, executed by GERRAD PERNELL SWAHILI AND FATIMA SWAHILI, HUSBAND AND WIFE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR DHI MORTGAGE COMPANY, LIMITED, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS and Recorded: 04/12/2011 as Instrument No.: 2011-0160252 in the County of Riverside, State of California.

Therein described or referred to, in said Deed of Trust, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

In witness whereof this instrument is executed.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WHOSE ADDRESS IS PO BOX 2026 FLINT, MI 48501, 1901 E VOORHEES ST STE C, DANVILLE, IL, 61834

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR DHI MORTGAGE COMPANY, LIMITED, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS
On 8/01/12

Lynn Marie Sevick
Assistant Secretary

*SL1*SL1WFEM*08/01/2012 08:19:50 AM* WFEMA01WFEMA00000000000000000634243* CARIVER* CASTATE_TRUST_ASSIGN_ASSN *MPWFEM*

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF _Minnesota_
COUNTY OF _Dakota_

On _08/01/12_ before me, **Dereje D. Badada** , Notary Public, personally appeared _Lynn Marie Sevick_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal,

_Dereje Badada_
**Dereje D. Badada**
Notary Expires:_01/31/17_

DEREJE D. BADADA
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2017

(This area for notarial seal)

# Exhibit 3

DOC # 2013-0388149
08/08/2013 02:56P Fee:55.00
Page 1 of 11
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|------|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |

Fee OK 068 | | T: | CTY | UNI | 0/2



When recorded mail to: #8102740
First American Title
Loss Mitigation Title Services 1079.24
P.O. Box 27670
Santa Ana, CA  92799
RE: SWAHILI - PC REC SVC

Pool Number:
00738373CD
FHA Case Number:
048-6470817

8102740



# DEED OF TRUST

**Source of Title: Book #2011-0160252 , Page #00**

**Assessor's Property Tax Parcel Number / P.I.N.          480130019-8**



| This document was prepared by: | PAUL ELDRIDGE |
| --- | --- |
| | Wells Fargo Home Mortgage |
| | 210 Wildwood Parkway–5th Floor – MAC# W0151-053 |
| | Birmingham, AL 35209 |

# DEED OF TRUST

This Deed of Trust ("Security Instrument") is effective April 11, 2013, among the Grantor, **GERRAD PERNELL SWAHILI, married, and FATIMA SWAHILI, married and , and ,** (herein "borrower"), LAWYERS TITLE COMPANY (herein "Trustee"), and the Beneficiary, The Secretary of Housing and Urban Development, whose address is 451 Seventh Street Southwest, Washington D.C., 20410-8000 (herein "Lender"). Borrower, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in Riverside County, CA:

Which has the legal description of:  See Attached Exhibit A

Which has the Property Address of:
 **30328 VERCORS STREET
 MURRIETA CA 92563,**

**Tax ID 480130019-8**

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Security Instrument; and all of the foregoing, together with said property (or the leasehold estate if this Security Instrument is on a leasehold) are hereinafter referred to as the "Property". To Secure to Lender the repayment of the indebtedness evidenced by Borrower's note dated April 11, 2013, and extensions and renewals thereof (herein "Note"), in the principal sum of Eighty-Eight Thousand One Hundred Twenty-Two And 91/100 dollars ($88,122.91), with the balance of the indebtedness, if not sooner paid, due and payable on 5/1/2043; the payment of all other sums advanced in accordance herewith to protect the security of this Security Instrument and the performance of the covenants and agreements of Borrower herein contained.

**Page 1 of 7**

Initial 

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

**Borrower and Lender covenants agree as follows:**

**UNIFORM COVENANTS,**

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender an any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to:

**U.S. Department of HUD**
**C/O DEVAL LLC**
**Westpoint 1 - 1255 Corporate Drive, Suite 300**
**Irving, TX 75038**
**Toll-Free: (877) 622-8525**

or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**Page 2 of 7**

Initial



6. **Borrowers Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS,**

7. **Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this Security Instrument, including the covenants to pay when due any sums secured by this Security Instrument, Lender, prior to acceleration, shall give notice to Borrower and to any other person required by applicable law as provided in paragraph 17 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Security Instrument to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 7, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting written notice at least 21 days prior to the day of the sale at the courthouse door in each of the counties in which the Property is situated. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Such sale shall be made public venue between the hours of 10 o'clock a.m. and 4 o'clock p.m. on the first Tuesday in any month but, in no event shall the sale commence more than three (3) hours after the time stated in the notice of sale. Borrower authorizes Trustee to sell the Property to the highest Bidder for cash in one or more parcels and in such order as Trustee may determine. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property so sold with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorney's fees and costs of title evidence; (b) to all sums secured by this Security Instrument; and (c) the excess, if any, to the person or persons legally entitled thereto.

If the Property is sold pursuant to this paragraph 7, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 7 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

**Page 3 of 7**                                                                 Initial

**8.   Borrower's Right to Reinstate.**  Borrower has no right to reinstate the loan after Lender has accelerated the sums secured hereby.  Lender may allow Borrower to reinstate the loan providing that:  (a) Borrower pays Lender all sums which would be then due under this Security Instrument and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Security Instrument; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Security Instrument, and in enforcing Lender's and Trustee's remedies as provided in paragraph 7 thereof, including, but not limited to, reasonable attorneys' fees and expenses; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Security Instrument shall continue unimpaired.  Upon such payment and cure by Borrower, this Security Instrument and the obligation secured hereby shall remain in full force and effect as if no acceleration had occurred.

**9.   Assignments of Rents; Appointment of Receiver; Lender in Possession.**  As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under Paragraph 7 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 7 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due.  All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Security Instrument.  Lender and the receiver shall be liable to account only for those rents actually received.

**10.   Release**.  Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower.  Borrower shall pay all costs of recordation, if any.

**11. Substitute Trustee.**  Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder.  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**12. Subrogation.**  Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property.  Lender shall be subrogated to any and all rights, superior titles, liens and equities owed or claimed by any owner or holder of any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignments or are released by the holder thereof upon payment.

**13. Partial Invalidity.**  In event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.  In the event that any applicable law limiting the amount of interest or other charges permitted to be collected is interpreted so that any charge provided for in this Security Instrument or in the Note, whether considered separately or together with other charges that are considered a part of this Security Instrument and Note transaction, violates such law by reason, such charge is hereby reduced to the extent necessary to eliminate such violation.  The amounts of such interest or other charges previously paid to Lender in excess of the amounts permitted by applicable law shall be applied by lender to reduce the principal of the indebtedness evidenced by the Note, or, at Lender's option, be refunded.

Page 4 of 7                                                                                                               Initial



**14. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**15. Borrower's Authorization for Disclosure of Financial Information.** Borrower hereby authorizes the holder of any mortgage, deed of trust or other encumbrance with a lien that has a priority over this Security Instrument to disclose any financial information requested in writing by the above-named Lender regarding Borrower's loan. Such information may include, but shall not be limited to, the following information: current loan balance, loan status, delinquency notices, tax and insurance receipts, hazard insurance policies and flood insurance policies, and any other information deemed necessary in its sole discretion by Lender.

To the extent the lender may elect to do so, from time to time, the Borrower hereby authorizes Lender to cure wholly or in part any default or failure of performance under the terms of the prior Note and Security Instrument. The Borrower hereby indemnifies and agrees to hold harmless any Lender acting in reliance upon this provision from any and all liability and causes of action arising from actions taken pursuant to this provision, including, but not limited to, all attorney fees, costs and expenses incurred for any reason. This provision cannot be amended, revoked, superseded, or canceled prior to payment in full of the subordinate debt without the express written consent of the Lender. This provision of the Security Instrument may be continually used from time to time, and shall inure to the benefit of the Lender, its successors and assigns.

**16. Wavier of Notice of Intention and Accelerate.** Borrower waives the right to notice of intention to require payment in full of all sums secured by this Security Instrument except as provided in paragraph 7.

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEED OF TRUST

Borrower and Lender request the holder of any Mortgage, Deed of Trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

BY SIGNING NEXT PAGE, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has executed this Security Instrument.

Page 5 of 7                                                                    Initial _____

| FHA Case Number | ▮▮▮▮0817 |

[To be signed by all borrowers, endorsers, guarantors, sureties, and other parties signing the Note or Security Instrument].

_April 12, 2013_
Date

_____
GERRAD PERNELL SWAHILI                         Borrower

_April 12, 2013_
Date

_____
FATIMA SWAHILI                                 Borrower

_____
Date

_____
Borrower

_____
Date

_____
Borrower

Page 6 of 7

Initial ▮▮▮

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of *Riverside* }

On *April 12, 2013* before me, *Julia Jones, Notary Public*
　　　　　Date　　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared *Gerrad Pernell Swahili + Fatima Swahili*
　　　　　　　　　　　　　　　　　Name(s) of Signer(s)



Julia Jones
Commission # 2004165
Notary Public - California
Riverside County
My Comm. Expires Feb 13, 2017

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: *Julia Jones*
　　　　　　　Signature of Notary Public

Place Notary Seal Above

━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: *Loan Mod.*

Document Date: *April 12, 2013* _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Individual | ☐ Individual |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Attorney in Fact | ☐ Attorney in Fact |
| ☐ Trustee | ☐ Trustee |
| ☐ Guardian or Conservator | ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of _Riverside_ }

On _April 12, 2013_ before me, _Julie Jones, notary Public_,
Date                        Here Insert Name and Title of the Officer

personally appeared _Gerrad Pernell Swahili + Fatima Swahili_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _Julie Jones_
Signature of Notary Public

JULIE JONES
Commission # 2004165
Notary Public - California
Riverside County
My Comm. Expires Feb 13, 2017

Place Notary Seal Above

―――――――― OPTIONAL ――――――――

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Loan mod_

Document Date: _April 12, 2013_ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

# EXHIBIT A

All that certain real property situated in the County of Riverside, State of California, described as follows:

PARCEL 1:

Lot 150 of Tract No. 29484, as shown on map filed in Book 387, Pages 81 to 99 of Maps in the office of the County Recorder of Riverside County.

EXCEPT therefrom all oil, gas, minerals and other hydrocarbon substances lying below a depth shown below but with no right of surface entry, as provided in deeds of record
Depth:                    500 feet

PARCEL 2:

Non-exclusive easements for access, drainage, encroachment, maintenance, repair and for other purposes, all as may be shown on the map and described in the Declaration recorded June 6, 2006 as Instrument No. 2006-0409271 of Official Records.

legal rev. (010698)

# ACKNOWLEDGMENT

State of California
County of _Riverside_                    )

On _April 12, 2013_ before me, _Julie Jones, notary Public_

(insert name and title of the officer)

personally appeared _Gerrad Pernell Swahili + Fatima Swahili_ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Julie Jones_                    (Seal)

JULIE JONES
Commission # 2004165
Notary Public - California
Riverside County
My Comm. Expires Feb 13  2?

# Exhibit 4

***Send All Notices to Assignee***

RECORDING REQUESTED BY:
**WELLS FARGO BANK, N.A.**
**2701 WELLS FARGO WAY**
**N9408-05C**
**MINNEAPOLIS, MN 55440-1629**

AND WHEN RECORDED MAIL TO
**WELLS FARGO BANK, N.A.**
**MAC: N9408-05C**
**PO BOX 1629**
**MINNEAPOLIS, MN 55440-1269**
**ATTN: ASSIGNMENT TEAM**

**DOC # 2021-0264133**
04/28/2021 01:52 PM Fees: $99.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: MARIA #309

---

## ASSIGNMENT OF DEED OF TRUST

For good and valuable consideration, the sufficiency of which is hereby acknowledged, **WELLS FARGO BANK, N.A.** , **1 HOME CAMPUS , DES MOINES, IA 50328** . For VALUE RECEIVED, the undersigned hereby does convey, assign, transfer and set over to: **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I , 1600 SOUTH DOUGLASS ROAD SUITE 200-B, ANAHEIM, CA 92806** , assignee, the described deed of trust, with all interest, all liens, and any rights due or to become due thereon. Said Deed of Trust is recorded in the State of **CA** , County of **Riverside** Official Records, dated **04/04/2011** and recorded **04/12/2011** , as Instrument No. **2011-0160252**

Executed by **GERRAD PERNELL SWAHILI AND FATIMA SWAHILI, HUSBAND AND WIFE** , as Trustors and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY, AS NOMINEE FOR DHI MORTGAGE COMPANY, LTD., L.P., ITS SUCCESSORS AND ASSIGNS** as the original beneficiary. Legal Description: **As more fully described in said Deed of Trust.**

Dated: **04/28/2021**
WELLS FARGO BANK, N.A.

By: THIPKHAMDEE XIONG Vice President Loan Documentation

STATE OF MN
COUNTY OF Hennepin } s.s.

On **04/28/2021** before me, **BRIAN MCCANN** , a Notary Public, personally appeared **THIPKHAMDEE XIONG** , **Vice President Loan Documentation** of **WELLS FARGO BANK, N.A.** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

BRIAN MCCANN, Notary Public
Expires: 01/31/2025

BRIAN A MCCANN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2025

fce019fc

# **<u>Exhibit 5</u>**

Exhibit E

To Charles W. Scharf / Wells Fargo Bank
420 Montgomery Street
San Francisco, California 94194

To: Bruce Rose / Chief Executive Officer
Carrington Mortgage Services LLC
1660 Douglas Road # 200 – A
Anaheim, California 92806

From: Society of the House of El
Pernell El / Moorish Consul
c/o 30328 Vercors Street
Murrieta, California 92563

## NOTICE OF REPUDIATION AND REBUTTAL & REVERSION OF ESTATE

In re: Loan Transfer / Notice of Lis Penden / Reversion

We received your notice tilted Mortgage is being transferred to a new servicer, on the date of May 17th 2021, your instrument was dated April 1, 2021.

We further received from Charles W. Scharf / CEO Wells Fargo Bank et alia <u>Resolution to the inquiry received from the Society of the House of El about account number</u> ▮▮▮▮▮6996, dated April 27th 2021, (**Exhibit Q2**) on received by us on the date of May 17th 2021. We are unable to in good faith accept the documents you enclosed, as they appear to be unauthentic. In order for us to give any lawful credence to the alleged debt loan, it is required that Jeremy Kerns / Wells Fargo et alia (Case Specialist), VERIFY the authenticity of each instrument under OATH, as required by law. We will further need to examine the original documents, as it has been the past corporate practices of Wells Fargo agent to fraudulently act in their own self interest. Further, the debt you claim needs to be verified under OATH, as by the documents you submitted title LOAN MODIFICATION AGREEMENT (EXHIBIT 5), Wells Fargo Bank, N. A. has claimed to be the "lender" and servicer.

1.) Deed of Trust / ORIGINAL
2.) Promissory Note / ORIGINAL
3.) All Checks issued in the name of Wells Fargo Bank, to GERRAD SWAHILI and or FATIMA SWAHILI

## COLLUSIVE ACTION

As it appears that Charles W. Scharf / Wells Fargo et alia, are conspiring to embezzle our Societies' private Estate, in a\collusive action with Bruce Rose CEO / CARRIGTON MORTGAGE SERVICE LLC, all being a third party interloper, despite receiving due NOTICE of Lis PENDEN, as evidenced by your instrument titled <u>Resolution to the inquiry received from the Society of the House of El</u>, in referenced to the account listed as number ▮▮▮▮▮6996 on the

date of April 20th 2021, at 1:42 p.m. (tracking number # **786117005862**) delivered to Bruce Rose / Carrington Mortgage Services LLC. Charles Scharf / Wells Fargo Bank, received **NOTICE of Lis Penden,** on the date April 15th 2021 at 12:19 p.m. (tracking number # 785898926471)

We received, from Bruce Rose et alia / CARRINGTON MORTGAGE SERVICES LLC, an instrument titled NOTICE OF SERVICING TRANSFER, dated May 5th 2021, referencing an account listed as # ▮▮▮▮7930; and Wells Fargo Bank account listed as # ▮▮▮▮6996. We are REFUTING the alleged debt, as an obligation that we have to satisfy. Therewith, the debt you are alleging, that obligates US needs to be VALIDATED. The VALIDATION, by law, is inclusive of the VERIFICATION of the alleged debt; signed under the penalty of perjury, under OATH. We refute, any and all obligation, to that debt.

Mr. Bruce Rose CARRINGTON MORTGAGE SERVICE and his assigns, need to clarify his / their position, by answering the following questions:

1.) Is Mr. Rose, in the name of CARRINGTON MORTGAGE SERVICE LLC, and or any of its' agents, claiming to be the owner of alleged existing mortgage loan, by acquiring legal title to the alleged debt obligation, whether through a purchase, assignment or other transfer?

2.) Did Mr. Rose, and or his assigns / agents in the name of CARRINGTON MORTGAGE SERVICE LLC, purchase the alleged loan in question, from Charles W. Scharf / Wells Fargo Bank et alia, if so, for transparency purpose, provide the nature of the said sale agreement, transfer, and the name, address, telephone number of each INDIVIDUAL, claiming an "equitable interest" in the account number enumerated as ▮▮▮▮7930; and or ▮▮▮▮6996.

3.) Is Mr. Rose, and or his assigns / agents in the name of CARRINGTON MORTGAGE SERVICES LLC, claiming to be the **"covered person"** as defined in accordance with 12 CFR § 1026.39 Mortgage transfer disclosure (a) (1): are you claiming to hold title to the alleged loan, as the servicers; or is the title is assigned to you, as the servicer, solely for the administrative convenience of the servicer, in servicing the obligation?

4.) Is Mr. Rose, and or his assigns / agents in the name of CARRINGTON MORTGAGE SERVICES LLC, claiming to the be owner, of the said obligation, provide to us the Original Promissory Note, NOT separated form the original Deed of Trust, reveling the front and back, with ALL allonges attached thereto.

5.) On your document, with Notice Date being 04/30/202, received by us on the date of May 17th 2021, herein referenced as **Exhibit Q 4,** on page 1 of 6 it states, "your loss mitigation application was previously declined, because you did not meet certain eligibility requirements." We are REFUTING, your declaration that we applied for any of the services offered by your foreign corporation, styled CARRINGTON MORTGAGE SERVICES LLC. Further, due to your fraudulent claim, you are disqualified from any and ALL implied relationships, or potential future relationships with us. You are to foreword to us, the alleged loss mitigation application, with my /our wet ink signature on said application, in order that our societal jurist may inspect it. Be forewarned, any and all inauthentic documents you submit, will be used as prima facia evidence of fraud and conversion.

5.a) Exhibit Q 4, states that, "we have a right to invoke foreclosure based the terms of your mortgage contract." Provide to us the mortgage contract that we allegedly signed with your foreign corporate officers, which will give you the authority to "foreclose". It is unclear what you will be foreclosing on. Provide a more definitive statement, on what you will be attempting to "foreclose" on.

6.) Your NOTICE OF SERVICING TRANSFER, herein **Exhibit Q 3** on page 1 of 7 states, "Carrington Mortgage Services, LLC ("CMS") will be collecting your mortgage loan payment for you." As, according to your statement, you will be collecting mortgage payments for US, please forward all payments you receive to us, at the mailing location listed herein. On page 3 of 7, of **Exhibit Q 3**, it states, "This letter is not a demand seeking payment of the current balance." Further, as you are not demanding payment from us, which would be a violation of Federal law, according to your document, you will not be receiving any "payment" from us in regards to your account listed as ▇▇▇▇7930.

7.) Charles Scharf / Wells Fargo Bank et alia received from, Notice of Recession of Signature, in accordance with our divine RIGHT, not to be a party to fraud; and 12 CFR § 226.15 – Rights of Recession. Further, the Department of Housing and Urban Development (HUD), received from our Society, Notice of Right to Recession and Fraud (proof of service mailing 9505 5141 0181 1137 2039 35 and 9505 5141 0181 1137 2039 42). This is to give the agents representing the interest of CARRINGTON MORTGAGE SRVICES LLC, and or any third party interloper, that the said may be transferred to in the future, that ALL signatures have been rescinded from, ALL fraudulent misrepresented instruments, styled as a Deed of Trust and Promissory Note.

7.a) Heretofore, NO instrument may be used, and or transferred, baring the signatures of ex realatione Gerrad Pernell Swahili and or Fatima Swahili, to securitize any debt without authorization (ITA SIT).

We, Pernell Swahili El and Fatima Swahili El, as written and as presented by myself, is to be distinguished from any, and all nom de gurre, all capitalized names, or by any other grammatical or semantic conversions, such as GERRAD SWAHILI / GERRAD PERNELL SWAHILI or FATIMA SWAHILI, or via any other misnomer or misrepresentation, implied written or otherwise presented by agents or representatives doing business as Wells Fargo Bank et alia and or CARRINGTON MORTGAGE SERVICES LLC et alia, being done without my knowledge and without my WILLFUL authorization. The Note or securitized instruments in question, has undoubtedly been used, and transferred by Mr. Scharf et alia, to Carrington Mortgage Services LLC, with the intent of effectuating the fungible transactions, with the "NOTE" possibly being used to empower or monetize the fraudulent transactions, via the entities / administrators and their questionable accounting practices, and or for some other dishonest contractual or fore-profit associative activities. NO profits or monies generated by the undisclosed usage of the said Promissory Note, baring my name Gerrad Swahili and Fatima Swahili has ever been received by us, therefore the person or persons (s) alleging to have or to possess documented claim / proof of power of attorney over, Pernell Swahili El ex realtione Gerrad Pernell Swahili / Fatima Swahili El or over OUR Estate, are hereby challenged to produce the ORIGINAL accounting records, and the never separated original mortgage and

Page 3 of 4

promissory note. We, for the record, repudiate, and rebut all unwarranted hypothecations activities, alleged against my / our Estate; and AFFIRM notice and Claim reversion to our / my Estate. We, heretofore claim ALL rights and profits, or benefits generated from the surety instruments, upon which my / our signature was placed, and thereafter used by the agents representing Charles Scarf / Wells Fargo Bank et alia, and deemed for profit in violations of the laws that govern securitizations. We / I assume no liability / obligation / debt, however contrived by the collusive action of Wells Fargo Bank et alia and CARRINGTON MORTGAGE SERVICES LLC administrators, agents, owners, or trustees. Let it be known, at NO point in time, do we / I consent to stand as Surety, for foreign / private / for profit Wells Fargo Bank Incorporated and or CARRINGTON MORTGAGE SERVICES LLC owners, administrators, subsidiaries, and or associates at any point in time. Mr. Rose et alia has by their actions, have chosen to conjoin themselves in the legal / federal claim against Mr. Scharf / Wells Fargo Bank et alia, inclusive of case number 2:21-cv-03137 DMG KES. Mr. Rose / Carrington Mortgage Services, has no claim, against our Estate / estate.

## <u>Under the Penalty of Perjury</u>

All statements and claims made herein, are true and factually based, and not to be used for the fraudulent purpose of misleading and or deceiving. We, being The unconditional heirs, through OUR Jus Sanguine right of claim, and divine right to Jus Postliminii, honor the ancient customs our Moabite and Canaanite foremothers, affirm under the penalty of perjury, that we do not OWE any monies / money to the foreign agents doing business as Wells Fargo Bank et alia, and or CARRINGTON MORTGAGE SERVICES LLC et alia. We, further affirm, that the asset located on the aggregate land, of our ancestral Estate, being Morocco / North America, with the mailing location for the public record only, being 30328 Vercors Street, Murrieta California [92563] is held in trust, by the Esoteric Society of the House of El / Society of the House of El, for the benefit of the beneficiaries of said Waqf.

**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPLE, NOTICE TO THE PRINCIPLE IS NOTICE TO THE AGENT**

All parties have 14 days from receipt of this Notice, to answer all questions, and provide all original documents, Mr. Rose et alia, has chosen.

This NOTICE is issued under our hand and Seal, in representing the interest of our Society, on the day of ___Friday___, the ___21st___ day of ___May___, 2021.

Signatory: _____ Fathma Mota El _____
      All Right are reserved, in pursuance of the Treaties established between Morocco, and Great Britain
and the United States

Signatory: _____ Pernell El _____
      All Right are reserved, in pursuance of the Treaties established between Morocco, and Great Britain
and the United States



**CARRINGTON**
MORTGAGE SERVICES, LLC
NMLS ID #2600

P.O. Box 5001
Westfield, IN 46074

0006048    02 MB 0.447  **AUTO   T9 0 9209 92563-183628    -C05-P06054-I1
GERRAD PERNELL SWAHILI
FATIMA SWAHILI
30328 VERCORS ST
MURRIETA CA 92563-1836

**Property Address:**
30328 VERCORS STREET
MURRIETA, CA 92563

Loan Number: ███7930

05/04/2021

## NOTICE OF SERVICING TRANSFER

Re: Carrington Mortgage Services Loan #: ███7930
    Wells Fargo Home Mortgage Loan #: ███6996

Dear Customer(s):

The servicing of your mortgage loan is being transferred, effective 04/21/2021. This means that after this date, Carrington Mortgage Services, LLC ("CMS") will be collecting your mortgage loan payments from you. Nothing else about your mortgage loan will change.

Wells Fargo Home Mortgage is now collecting your payments. Wells Fargo Home Mortgage will stop accepting payments received from you after 04/20/2021.

CMS will collect your payments going forward. CMS will start accepting payments received from you on 04/21/2021.

**Send all payments due on or after** 04/21/2021 **to CMS at this address: Carrington Mortgage Services, LLC, P.O. Box 660586, Dallas, TX 75266-0586.** Please include your new CMS loan number as specified at the top of this letter on your check and all future correspondence.

If you have any questions for either your present servicer, Wells Fargo Home Mortgage or your new servicer, CMS, about your mortgage loan or this transfer, please contact them using the information below:

Current Servicer:

Wells Fargo Home Mortgage
Customer Service Department
1-866-234-8271
Written Correspondence
PO Box 10335
Des Moines, IA 50306-0335

New Servicer:

Carrington Mortgage Services, LLC
Attention: Customer Service Department
800-561-4567
P.O. Box 5001
Westfield, IN 46074

HELLO_DVL

███7930

# NOTICE
*Pursuant to Fair Debt Collection Practices Act*
*15 U.S.C. Section 1692, et seq.*

CMS Loan #: ███7930
Current Creditor:  Wilmington Savings Fund Society, FSB Stanwich Mortgage Loan Trust I
Current Servicer: Carrington Mortgage Services, LLC (CMS)

Dear Borrower:

This Notice is to remind you that you owe a debt.  As of the date of this Notice, the amount of the debt you owe is $201,386.53. This amount is increasing due to accruing interest, fees and other changes.  This letter is not a demand seeking payment of the current balance. If you would like to receive a formal payoff statement, please contact our Customer Service team at 1-800-561-4567 between the hours of 8:00 am and 8:00 pm Monday-Friday, Eastern Time, by accessing your online account and visiting the "Payoff Request" page, or faxing request to 1-866-624-6154.

In addition, we would like to advise you that you have thirty (30) days after receipt of this Notice to dispute the validity of the above debt, or any portion thereof, and if you do not do so, we will assume the debt is valid. If you notify us in writing within this thirty (30) day period that you dispute the debt, or any portion thereof, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us.

Upon your written request within thirty (30) days after receipt of this Notice, we will provide you with the name and address of your original creditor, if different from your current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

If you have any questions concerning this loan, please call our toll free number at 800-561-4567. Our office hours are from Monday through Friday 8:00 a.m. to 8:00 p.m. Eastern Time.

**YOU HAVE THE RIGHT TO MAKE A WRITTEN REQUEST TO CMS TO CEASE FURTHER COMMUNICATION WITH YOU. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT CMS FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.**

███7930



EXHIBIT W-4

P.O. Box 5001
Westfield, IN 46074

9214 8901 3536 2835 8085 86

0000144   01 SP 0.510  **SNGLP  T2 2 9247 92563-183628   -C06-P00144-I
GERRAD PERNELL SWAHILI
FATIMA SWAHILI
30328 VERCORS ST
MURRIETA CA 92563-1836

**Property Address:**
30328 VERCORS STREET
MURRIETA, CA 92563

Loan Number: ████7930

06/19/2021

## NOTICE OF INTENT TO FORECLOSE

Dear Mortgagor(s):

The above referenced loan is in default because the monthly payment(s) due on and after 05/01/2020 have not been received. The amount required to cure the delinquency, as of the date of this letter, is $23,565.60 less $0.00, monies held in a separate suspense account.

SUBSEQUENT PAYMENTS (INCLUDING PRINCIPAL AND INTEREST, AND, IF APPLICABLE, TAXES, INSURANCE AND OTHER ESCROW ITEMS), AS WELL AS, LATE CHARGES, AND OTHER FEES WILL BE ADDED TO THE ABOVE STATED REINSTATEMENT AMOUNT AS THEY ARE ASSESSED.

Please remit the total amount due in CERTIFIED FUNDS, utilizing one of the following payment resources:

**Overnight Mail**
**Carrington Mortgage Services, LLC**
Cashiering Dept. 2-270
1600 South Douglass Road, Suites 110 & 200-A
Anaheim, CA 92806

| **Western Union**[1]
| Quick Collect (any location)
| Code City - CARRINGTONMS
| Code State - CA
|

| **MoneyGram**[1]
| Receive Code - 7998
|
|
|

[1] You will pay a fee using this method of payment.

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, PLEASE CONTACT CARRINGTON MORTGAGE SERVICES, LLC TO DISCUSS HOME RETENTION ALTERNATIVES TO AVOID FORECLOSURE AT (800) 561-4567 OR BY MAIL AT 1600 SOUTH DOUGLASS ROAD, SUITES 110 & 200-A, ANAHEIM, CA 92806. YOU MAY ALSO CONTACT THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD) HOTLINE NUMBER AT (800) 569-4287 OR YOU CAN VISIT THEIR WEBSITE AT http://www.hud.gov/foreclosure/index.cfm TO FIND OUT OTHER OPTIONS YOU MAY HAVE TO AVOID FORECLOSURE.

Failure to cure the delinquency within 30 days of the date of this letter may result in acceleration of the sums secured by the Deed of Trust or Mortgage, and sale of property.

You have the right to reinstate your loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale.

NO565

████7930

**IMPORTANT DISCLOSURES**

**-VERBAL INQUIRIES & COMPLAINTS-**
For verbal inquiries and complaints about your mortgage loan, please contact the CUSTOMER SERVICE DEPARTMENT for Carrington Mortgage Services, LLC, by calling 1-800-561-4567. The CUSTOMER SERVICE DEPARTMENT for Carrington Mortgage Services, LLC is toll free and you may call from 8:00 a.m. to 8:00 p.m. Eastern Time, Monday through Friday. You may also visit our website at https://carringtonmortgage.com/.

**-IMPORTANT BANKRUPTCY NOTICE-**
If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings and have not reaffirmed the mortgage, or if you are the subject of a pending bankruptcy proceeding, this letter is not an attempt to collect a debt from you but merely provides informational notice regarding the status of the loan. If you are represented by an attorney with respect to your mortgage, please forward this document to your attorney.

**-CREDIT REPORTING-**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**-MINI MIRANDA-**
This communication is from a debt collector and it is for the purpose of collecting a debt and any information obtained will be used for that purpose. This notice is required by the provisions of the Fair Debt Collection Practices Act and does not imply that we are attempting to collect money from anyone who has discharged the debt under the bankruptcy laws of the United States.

**-HUD COUNSELOR INFORMATION-**
If you would like counseling or assistance, you may obtain a list of HUD-approved homeownership counselors or counseling organizations in your area by calling the HUD nationwide toll-free telephone number at (800) 569-4287 or toll-free TDD (800) 877-8339, or by going to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You can also contact the CFPB at (855) 411-2372, or by going to www.consumerfinance.gov/find-a-housing-counselor.

**-EQUAL CREDIT OPPORTUNITY ACT NOTICE-**
The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has, in good faith, exercised any right under the Consumer Credit Protection Act. The Federal Agency that administers Carrington Mortgage Services, LLC's compliance with this law is the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

**-SCRA DISCLOSURE-**
**MILITARY PERSONNEL/SERVICEMEMBERS:** If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact our Military Assistance Team toll free at (888) 267-5474.

**-NOTICES OF ERROR AND INFORMATION REQUESTS, QUALIFIED WRITTEN REQUESTS (QWR)-**
Written complaints and inquiries classified as Notices of Error and Information Requests or QWRs must be submitted to Carrington Mortgage Services, LLC by fax to 800-486-5134, or in writing to Carrington Mortgage Services, LLC, and Attention: Customer Service, P.O. Box 5001, Westfield, IN 46074. Please include your loan number on all pages of the correspondence. You have the right to request documents we relied upon in reaching our determination. You may request such documents or receive further assistance by contacting the CUSTOMER SERVICE DEPARTMENT for Carrington Mortgage Services, LLC toll free at (800) 561-4567, Monday through Friday, 8:00 a.m. to 8:00 p.m. Eastern Time. You may also visit our website at https://carringtonmortgage.com/.

# **<u>Exhibit 6</u>**

DOC #2023-0108545
04/17/2023 01:52 PM Fees: $99.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: JACQUELINE #2386

RECORDING REQUESTED BY:

ServiceLink

WHEN RECORDED MAIL TO:

Trustee Corps
17100 Gillette Ave
Irvine, CA 92614

TS No: CA07000408-23-1          APN: 480-130-019 FKA 480-130-019-8          TO No: 230151130-CA-VOI

## SUBSTITUTION OF TRUSTEE

WHEREAS, GERRAD PERNELL SWAHILI AND FATIMA SWAHILI, HUSBAND AND WIFE was the original Trustor, LAWYERS TITLE COMPANY was the original Trustee and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, as nominee for DHI MORTGAGE COMPANY, LTD., L.P., its successors and assigns, was the original Beneficiary under that certain Deed of Trust dated April 4, 2011 and recorded on April 12, 2011 as Instrument No. 2011-0160252 of official records in the Office of the Recorder of Riverside County, California;

WHEREAS, the undersigned current Beneficiary, desires to substitute a new Trustee under said Deed of Trust in place of and instead of said original Trustee, or Successor Trustee, thereunder in the manner in said Deed of Trust provided;

NOW THEREFORE, **Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust I** hereby substitutes **MTC Financial Inc. dba Trustee Corps**, whose address is 17100 Gillette Ave, Irvine, CA 92614, as Trustee under said Deed of Trust.

Dated: APR 0 7 2023

Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust I
by Carrington Mortgage Services, LLC as Servicer and Attorney in Fact

By:

Title: Veronica Robles
Default Supervisor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _____ California

COUNTY OF _____ Orange

On _____ APR 0 7 2023 _____ before me, _____ Rebecca Payetta _____,
Notary Public, personally appeared _____ Veronica Robles _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public Signature

REBECCA PAYETTA
COMM. #2336457
Notary Public - California
Orange County
My Comm. Expires Oct. 27, 2024

# Exhibit 7

DOC #2023-0118334
04/26/2023 10:06 AM Fees: $108.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY:

ServiceLink

WHEN RECORDED MAIL TO:

Trustee Corps
17100 Gillette Ave
Irvine, CA 92614

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: NORMA #248

---

APN: 480-130-019 FKA 480-130-019-8          TS No: CA07000408-23-1          TO No: 230151130-CA-VOI

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY
(The above statement is made pursuant to CA Civil Code Section 2923.3(c)(1). The Summary will be provided
to Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code Section 2923.3(c)(2).)

## IMPORTANT NOTICE

## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recording appears on this notice).

This amount is **$61,807.05** as of **April 26, 2023**, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or Mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the Note and Deed of Trust or Mortgage, the Beneficiary or Mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the Beneficiary or Mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the Beneficiary or Mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your Beneficiary or Mortgagee may mutually agree in writing prior to the time the Notice of Sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

APN: 480-130-019 FKA 480-130-019-8      TS No: CA07000408-23-1      TO No: 230151130-CA-VOI

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: **Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust I c/o MTC Financial Inc. dba Trustee Corps** located at 17100 Gillette Ave Irvine, CA 92614 Phone: 949-252-8300 TDD: 711 949.252.8300 Ref No: CA07000408-23-1

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.   Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**NOTICE IS HEREBY GIVEN THAT:** MTC Financial Inc. dba Trustee Corps is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated as of April 4, 2011, executed by GERRAD PERNELL SWAHILI AND FATIMA SWAHILI, HUSBAND AND WIFE, as Trustor(s), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, as nominee for DHI MORTGAGE COMPANY, LTD., L.P., the original Beneficiary, recorded April 12, 2011 as Instrument No. 2011-0160252, of the official records in the Office of the Recorder of Riverside County, California, as more fully described on said Deed of Trust.  Including a Note(s) for the sum of $299,150.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: **THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON May 1, 2020 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, ALONG WITH LATE CHARGES, PLUS ALL OF THE TERMS AND CONDITIONS AS PER THE DEED OF TRUST, PROMISSORY NOTE AND RELATED LOAN DOCUMENTS.**

That by reason thereof, the present Beneficiary under such Deed of Trust, has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Where required by law, a declaration pursuant to California Civil Code Section 2923.5(b) or California Civil Code Section 2923.55 is attached.

Dated: April 26, 2023                          **MTC Financial Inc. dba Trustee Corps**
                                               **as Duly Appointed Successor Trustee**

                                               By: Loan Quema, Authorized Signatory

**To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  However, a secured party retains rights under its security instrument, including the right to foreclose its lien.**

# CALIFORNIA DECLARATION OF COMPLIANCE
## (Civil Code § 2923.55(c))

| | |
|---|---|
| Borrower(s): | FATIMA SWAHILI<br>GERRAD PERNELL SWAHILI |
| Mortgage Servicer:<br>Property Address: | Carrington Mortgage Services, LLC<br>30328 VERCORS STREET<br>MURRIETA, CA 92563 |
| T.S. No: | CA07000408-23-1 |

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the Borrower pursuant to California Civil Code § 2923.55(b)(2) to "assess the Borrower's financial situation and explore options for the Borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☒ The mortgage servicer has exercised due diligence to contact the Borrower pursuant to California Civil Code § 2923.55(f) to "assess the Borrower's financial situation and explore options for the Borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual did not meet the definition of 'Borrower' pursuant to subdivision (c) of Section 2920.5.

4. ☐ No contact was made with the Borrower pursuant to Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust on an owner-occupied residential real property. As described in Civil Code § 2924.15(a), "owner-occupied" means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes and all requirements effective 1/1/2023, pertaining to tenants-occupied conditions have been reviewed.

Additionally, pursuant to California Civil Code § 3273.10, to include all updates effective 1/1/2023:

1. ☐ The mortgage servicer has not denied the borrower a forbearance request on or after 8/312020.

2. ☐ The mortgage servicer was unable to approve the borrower's request for a forbearance on or after 8/31/2020, and a forbearance was not subsequently provided. A copy of the notice is attached.

3. ☐ The mortgage servicer was unable to approve the borrower's request for a forbearance on or after 8/31/2020, however, a forbearance was subsequently provided. A copy of the approval notice is attached.

4. ☐ The requirements of California Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" or qualifying tenant –occupied residential real property as defined by California Civil Code § 2924.15.

5. ☒ The mortgage servicer is in compliance with California Civil Code § 3273.10 because the mortgage servicer has complied with the relevant provisions regarding forbearance in Section 4022 of the federal Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (Public Law 116-136), including any amendments or revisions to those provisions, pursuant to California Civil Code § 3273.10(d).

I certify and represent that this mortgage servicer's declaration is accurate, complete and based upon competent and reliable evidence, including my review of the mortgage servicer's business records.

Date: ___4/7/2023___

Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust I
by Carrington Mortgage Services, LLC as Servicer and Attorney in Fact

DocuSigned by:

*Veronica Robles*

8506F8E934AF49E...

By:   Veronica Robles

Default Supervisor

ATTACHMENT TO NOTICE OF DEFAULT

# Exhibit 8

(KESx),CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:21-cv-03137-AB-KES

| | |
|---|---|
| Pernell El v. Wells Fargo Bank et al | Date Filed: 04/12/2021 |
| Assigned to: Judge Andre Birotte Jr | Date Terminated: 09/03/2021 |
| Referred to: Magistrate Judge Karen E. Scott | Jury Demand: Plaintiff |
| Demand: $88,000 | Nature of Suit: 370 Other Fraud |
| Case in other court: 9TH CCA, 21-55976 | Jurisdiction: Federal Question |
| Cause: 28:1331 Fed. Question | |

**Plaintiff**

**Pernell El**                                   represented by **Pernell El**
*Society of the House of El (Waqf), religious*                PO Box 151162
*and civic comity Pernell El/Trustee/Moorish*                San Diego, CA 92175
*Consul on behalf of the Heirs*                              619-750-4787
                                                             PRO SE

V.

**Defendant**

**Wells Fargo Bank**                             represented by **Anna Jane Irene Zarndt**
*N.A., a California Corporation*                              Sheppard Mullin Richter and Hampton LLP
                                                             501 West Broadway 19th Floor
                                                             San Diego, CA 92101-3598
                                                             619-338-6500
                                                             Fax: 619-234-3815
                                                             Email: azarndt@sheppardmullin.com
                                                             *(Inactive)*
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **John C Dineen**
                                                             Sheppard Mullin Richter and Hampton
                                                             501 West Broadway 19th Floor
                                                             San Diego, CA 92101-3598
                                                             619-338-6500
                                                             Fax: 619-234-3815
                                                             Email: jdineen@sheppardmullin.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Scharf**                               represented by **John C Dineen**
*an individual*                                              (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Bruce Rose**
*an individual*

represented by **Parisa Jassim**
Akerman LLP
601 West Fifth Street Suite 300
Los Angeles, CA 90071
213-688-9500
Fax: 213-627-6342
Email: parisa.jassim@akerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vivian Le**
Akerman LLC
601 West Fifth Street
Los Angeles, CA 90071
213-688-9500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Carrington Mortgage LLC**
*a limited liability corporation*
*Erroneously Sued As*
Carrington Mortgage Services LLC

represented by **Parisa Jassim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vivian Le**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Mortgage Electronic Registration System Inc (MERS)**

represented by **Parisa Jassim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vivian Le**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Lawyers Title**
*Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2021 | 1 | COMPLAINT against Defendants Charles Scharf, Wells Fargo Bank. Case assigned to Judge Dolly M. Gee for all further proceedings. Discovery referred to Magistrate Judge Karen E. Scott. (Filing fee $ 402 PAID.) Jury Demanded., filed by Plaintiff Pernell El. (Attachments: # 1 Civil Cover Sheet) (et) (Entered: 04/14/2021) |

| 04/12/2021 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Pernell El. (et) (Entered: 04/14/2021) |
|---|---|---|
| 04/14/2021 | 3 | NOTICE OF ASSIGNMENT to District Judge Dolly M. Gee and Magistrate Judge Karen E. Scott. (et) (Entered: 04/14/2021) |
| 04/14/2021 | 4 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (et) (Entered: 04/14/2021) |
| 04/15/2021 | 5 | INITIAL STANDING ORDER upon filing of the complaint by Judge Dolly M. Gee. (kti) (Entered: 04/15/2021) |
| 04/30/2021 | 64 | 21-Day Summons Issued re Complaint 1 as to Defendants Wells Fargo Bank / Charles Scharf. [LATE DOCKETING DUE TO CLERK'S OFFICE ERROR] (gk) (Entered: 09/14/2021) |
| 07/02/2021 | 6 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendant Wells Fargo Bank. Motion set for hearing on 8/20/2021 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Memorandum, # 2 Declaration of Anna Jane Zarndt, # 3 Exhibit A to Declaration, # 4 Exhibit B to Declaration, # 5 Request for Judicial Notice, # 6 Exhibit A to Request for Judicial Notice, # 7 Proposed Order, # 8 Proof of Service) (Attorney John C Dineen added to party Wells Fargo Bank(pty:dft)) (Dineen, John) (Entered: 07/02/2021) |
| 07/06/2021 | 7 | PROOF OF SERVICE filed by defendant Wells Fargo Bank, re NOTICE OF MOTION AND MOTION to Dismiss Case 6 served on July 6, 2021. (Zarndt, Anna Jane) (Entered: 07/06/2021) |
| 07/07/2021 | 8 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Dismiss Case 6 . The following error(s) was/were found: Local Rule 7.1-1 No Notice of Interested Parties and/or no copies. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (gk) (Entered: 07/07/2021) |
| 07/07/2021 | 9 | NOTICE of Interested Parties filed by Defendant Wells Fargo Bank, identifying Wells Fargo & Company. (Dineen, John) (Entered: 07/07/2021) |
| 07/07/2021 | 10 | NOTICE to the Court filed by Plaintiff Pernell El. (gk) (Entered: 07/08/2021) |
| 07/07/2021 | 11 | AMENDED CLAIM against Defendants Charles Scharf, Wells Bank N.A., Bruce Rose, Carrington Mortgage LLC, Mortgage Electronic Registration System Inc (MERS), Lawyers Title; amending Complaint 1 ; filed by Plaintiff Pernell El. (gk) (Entered: 07/08/2021) |
| 07/07/2021 | 12 | 21-Day Summons Issued re Amended Claim 11 as to Defendants Wells Fargo Bank N.A., Charles Scharf, Carrington Mortgage LLC, Bruce Rose, Mortgage Electronic Registration System Inc. (MERS), Lawyers Title. (gk) (Entered: 07/08/2021) |
| 07/08/2021 | 14 | PROOF OF SERVICE Executed by Plaintiff Pernell El, upon Defendant Lawyers Title First American Way. Service of the Summons and Complaint were executed by mail in compliance with Federal Rules of Civil Procedure. The date of mailing is not indicated, however, the proof of service is signed on 7/7/2021. Return receipt not attached hereto. Original Summons NOT returned. (gk) (Entered: 07/09/2021) |
| 07/08/2021 | 15 | PROOF OF SERVICE Executed by Plaintiff Pernell El, upon Defendant Mortgage Electronic Registrations System (MERS). Service of the Summons and Complaint were executed by mail in compliance with Federal Rules of Civil Procedure. The date of mailing |

| | | |
|---|---|---|
| | | is not indicated, however, the proof of service is signed on 7/7/2021. Return receipt not attached hereto. Original Summons NOT returned. (gk) (Entered: 07/09/2021) |
| 07/08/2021 | 16 | PROOF OF SERVICE Executed by Plaintiff Pernell El, upon Defendants Bruce Rose/Carrington Mortgage. Service of the Summons and Complaint were executed by mail in compliance with Federal Rules of Civil Procedure. The date of mailing is not indicated, however, the proof of service is signed on 7/7/2021. Return receipt not attached hereto. Original Summons NOT returned.(gk) (Entered: 07/09/2021) |
| 07/08/2021 | 17 | PROOF OF SERVICE Executed by Plaintiff Pernell El, upon Defendants Charles Scharf, Wells Fargo Bank. Service of the Summons and Complaint were executed by mail in compliance with Federal Rules of Civil Procedure. The date of mailing is not indicated, however, the proof of service is signed on 7/7/2021. Return receipt not attached hereto. Original Summons NOT returned. (gk) (Entered: 07/09/2021) |
| 07/08/2021 | 18 | NOTICE to the Court of the Defendants' failure to wave summons filed by Plaintiff Pernell El. (gk) (Entered: 07/09/2021) |
| 07/09/2021 | 13 | ORDER TO REASSIGN CASE due to self-recusal pursuant to General Order 21-01 by Judge Dolly M. Gee. Case transferred from Judge Dolly M. Gee to the calendar of Judge Andre Birotte Jr for all further proceedings. Case number now reads as 2:21-cv-03137 AB(KESx). (rn) (Entered: 07/09/2021) |
| 07/13/2021 | 19 | STANDING ORDER upon filing of the complaint by Judge Andre Birotte Jr. (cb) (Entered: 07/13/2021) |
| 07/13/2021 | 20 | (IN CHAMBERS) ORDER DEEMING DEFENDANT'S MOTION TO DISMISS AS MOOT (Dkt. No. 6) by Judge Andre Birotte Jr.: In light of the First Amended Complaint (Dkt. No. 11), Defendant's Motion to Dismiss is DENIED as moot, and the hearing scheduled for August 20, 2021, is hereby VACATED. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 07/13/2021) |
| 07/13/2021 | 21 | MOTION for Injunctive Relief; Memorandum of Points and Authorities filed by Plaintiff Society of the House of El/Waqf, Pernell El. Motion set for hearing on 8/13/2021 at 10:00 AM before Judge Andre Birotte Jr. (gk) (Entered: 07/14/2021) |
| 07/13/2021 | 22 | JUDICIAL NOTICE in Support of the Claim filed by Plaintiff Society of the House of El/Waqf, Pernell El. (gk) (Entered: 07/14/2021) |
| 07/13/2021 | 23 | PROOF OF SERVICE filed by Plaintiff Pernell El, re Motion for Injunctive Relief 21 , Judicial Notice in Support of Claim 22 , Notice of Perfected Service, served on 6/13/2021. (gk) (Entered: 07/14/2021) |
| 07/13/2021 | 67 | NOTICE of Perfected Service / Meet and Confer / Harmless Error filed by Plaintiff Society of the House of El / Waqf Pernell El / Trustee / Moorish Consul. (gk) (Entered: 09/29/2021) |
| 07/20/2021 | 24 | Notice of Appearance or Withdrawal of Counsel: for attorney Parisa Jassim counsel for Defendants Carrington Mortgage LLC, Mortgage Electronic Registration System Inc (MERS), Bruce Rose. Adding Parisa Jassim as counsel of record for Bruce Rose, Carrington Mortgage Services, LLC and Mortgage Electronic Registration Systems, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant Bruce Rose, Carrington Mortgage Services, LLC and Mortgage Electronic Registration Systems, Inc.. (Attorney Parisa Jassim added to party Carrington Mortgage LLC(pty:dft), Attorney Parisa Jassim added to party Mortgage Electronic Registration System Inc (MERS)(pty:dft), Attorney Parisa Jassim added to party Bruce Rose(pty:dft))(Jassim, Parisa) (Entered: 07/20/2021) |

| 07/21/2021 | 25 | NOTICE OF MOTION AND MOTION to Dismiss Case *[Fed. R. Civ. P. 12(b)(6)]* filed by defendants Charles Scharf, Wells Fargo Bank. Motion set for hearing on 8/27/2021 at 10:00 AM before Judge Andre Birotte Jr. (Attachments: # 1 Memorandum, # 2 Declaration Meet & Confer, # 3 Request for Judicial Notice [Exhibits 1-7], # 4 Proposed Order, # 5 Proof of Service) (Attorney John C Dineen added to party Charles Scharf(pty:dft)) (Dineen, John) (Entered: 07/21/2021) |
|---|---|---|
| 07/22/2021 | 26 | ORDER SETTING SCHEDULING CONFERENCE by Judge Andre Birotte Jr. Scheduling Conference set for 10/15/2021 at 10:00 AM before Judge Andre Birotte Jr. (cb) (Entered: 07/22/2021) |
| 07/22/2021 | 27 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Request for Judicial Notice [25-3]. The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Responses/Replies/Other Motion Related Documents-For Judicial Notice. Other error(s) with document(s): A Request for Judicial Notice should be e-filed as a separate, stand-alone document from the Motion to Dismiss. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (bm) (Entered: 07/22/2021) |
| 07/23/2021 | 28 | OPPOSITION to NOTICE OF MOTION AND MOTION for Preliminary Injunction 21 filed by Defendants Charles Scharf, Wells Fargo Bank. (Dineen, John) (Entered: 07/23/2021) |
| 07/28/2021 | 29 | NOTICE OF MOTION AND MOTION to Dismiss Case *Complaint; Memorandum of Points and Authorities* filed by Defendants Carrington Mortgage LLC, Mortgage Electronic Registration System Inc (MERS), Bruce Rose. Motion set for hearing on 8/27/2021 at 10:00 AM before Judge Andre Birotte Jr. (Attachments: # 1 Declaration of Vivian A. Le, # 2 Proposed Order) (Jassim, Parisa) (Entered: 07/28/2021) |
| 07/28/2021 | 30 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Dismiss Case *Complaint; Memorandum of Points and Authorities* 29 filed by Defendants Carrington Mortgage LLC, Mortgage Electronic Registration System Inc (MERS), Bruce Rose. (Jassim, Parisa) (Entered: 07/28/2021) |
| 07/30/2021 | 31 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Dismiss Case *Complaint; Memorandum of Points and Authorities* 29 . The following error(s) was/were found: Local Rule 7.1-1 No Notice of Interested Parties and/or no copies. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (gk) (Entered: 07/30/2021) |
| 07/30/2021 | 32 | CERTIFICATE of Interested Parties filed by Defendants Carrington Mortgage LLC, Mortgage Electronic Registration System Inc (MERS), Bruce Rose, (Jassim, Parisa) (Entered: 07/30/2021) |
| 07/30/2021 | 33 | OPPOSITION to NOTICE OF MOTION AND MOTION for Preliminary Injunction 21 filed by Defendants Carrington Mortgage LLC, Mortgage Electronic Registration System Inc (MERS), Bruce Rose. (Attachments: # 1 Declaration of Vivian A. Le)(Jassim, Parisa) (Entered: 07/30/2021) |
| 08/03/2021 | 36 | BRIEF IN OPPOSITION to Defendant's Request for Judicial Notice in Support of Motion to Dismiss Plaintiffs' Amended Complaint 25 filed by Plaintiff Society of the House of El/Wagf/Pernell El/Trustee /Moorish Consul. (gk) (Main Document 36 page missing. (lmu). Modified on 9/28/2021 (lmu). (Entered: 08/09/2021) |

| 08/03/2021 | 37 | REQUEST for Entry of Default FRCP Rule 55 Affidavit of Fact against Defendants Bruce Rose and Carrington Mortgage LLC filed by Plaintiff Pernell El. (gk) (Entered: 08/09/2021) |
|---|---|---|
| 08/03/2021 | 38 | REQUEST for Entry of Default FRCP Rule 55 Affidavit of Fact Against Defendant Lawyers Title filed by Plaintiff Pernell El. (gk) (Entered: 08/09/2021) |
| 08/03/2021 | 39 | REQUEST for Entry of Default FRCP Rule 55 Affidavit of Fact against Defendant Mortgage Electronic Registration System Inc. (MERS) filed by Plaintiff Pernell El. (gk) (Entered: 08/09/2021) |
| 08/04/2021 | 34 | OPPOSITION filed by Defendants Carrington Mortgage LLC, Mortgage Electronic Registration System Inc (MERS), Bruce Rose. (Jassim, Parisa) (Entered: 08/04/2021) |
| 08/05/2021 | 35 | MEMORANDUM of Law in Opposition to Defendant's 12(b)6 Motion to Dismiss 25 filed by Plaintiffs Society of the House of El/Wagf, religious and civic comity/ Pernell El/trustee /Moorish Consul on behalf of the heirs. (gk) (Entered: 08/06/2021) |
| 08/09/2021 | 40 | NOTICE OF DEFICIENCY Re: Request for Entry of Default against Defendants Carrington Mortgage Service LLC and Bruce Rose 37 . The Clerk cannot enter the requested relief as: Answer and/or Motion for Summary Judgment and/or Motion to Dismiss on file. (gk) (Entered: 08/09/2021) |
| 08/09/2021 | 41 | NOTICE OF DEFICIENCY Re: Request for Entry of Default against Defendant Lawyers Title 38 . The Clerk cannot enter the requested relief as: The name of the person served does not exactly match the person named in complaint. The Amended Claim names defendant as Lawyers Title Corporation; the Proof of Service is made as to Lawyer Title First American Way. Proof of Service is lacking required information. The Proof of Service reflects certified mailing, however, does not indicate the address to which mail was sent, the recipient's name and capacity, nor have the return receipt attached. Requesting party shall file a new Request/Application with noted deficiencies corrected in order to have default reconsidered. (gk) (Entered: 08/09/2021) |
| 08/09/2021 | 42 | NOTICE OF DEFICIENCY Re: Request for Entry of Default against Defendant Mortgage Electronic Registration System Mortgage (MERS) 39 . The Clerk cannot enter the requested relief as: Answer and/or Motion for Summary Judgment and/or Motion to Dismiss on file. (gk) (Entered: 08/09/2021) |
| 08/09/2021 | 43 | (IN CHAMBERS) ORDER CONTINUING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF 21 By Judge Andre Birotte Jr. The hearing date regarding this motion is continued from August 13, 2021 to August 27, 2021 at 10:00 AM before Judge Andre Birotte Jr. IT IS SO ORDERED.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 08/09/2021) |
| 08/12/2021 | 45 | PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO BRUCE ROSE & CARRINGTON MORTGAGE 12(b) 6 MOTION TO DISMISS 29 filed by Plaintiff Pernell El. (lom) (Entered: 08/16/2021) |
| 08/12/2021 | 46 | BRIEF IN OPPOSITION TO BRUCE ROSE, CARRINGTON MORTGAGE & MERS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT 29 filed by Plaintiff Pernell El. (lom) Modified on 8/16/2021 (lom). (Entered: 08/16/2021) |
| 08/12/2021 | 47 | NOTICE TO THE COURT filed by Plaintiff Pernell El. This is to give NOTICE to the Court and all interested parties, that Carrington Mortgage Services LLC, Bruce Rose, and MERS has answered the Plaintiffs FAC within allotted time. (lom) (Entered: 08/16/2021) |

| 08/12/2021 | 48 | REQUEST FOR JUDICIAL NOTICE filed by Plaintiff Pernell El. (lom) (Entered: 08/16/2021) |
|---|---|---|
| 08/12/2021 | 49 | PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO CARRINGTON MORTGAGE AND MERS MOTION TO DISMISS 29 filed by Plaintiff Pernell El. (lom) (Entered: 08/16/2021) |
| 08/13/2021 | 44 | RESPONSE IN SUPPORT of NOTICE OF MOTION AND MOTION to Dismiss Case *[Fed. R. Civ. P. 12(b)(6)]* 25 filed by Defendants Charles Scharf, Wells Fargo Bank. (Dineen, John) (Entered: 08/13/2021) |
| 08/18/2021 | 50 | REPLY in support of NOTICE OF MOTION AND MOTION to Dismiss Case *Complaint; Memorandum of Points and Authorities* 29 filed by Defendants Carrington Mortgage LLC, Mortgage Electronic Registration System Inc (MERS), Bruce Rose. (Le, Vivian) (Entered: 08/18/2021) |
| 08/25/2021 | 51 | (IN CHAMBERS) ORDER TAKING 1) PLAINTIFF"S MOTION FOR INJUNCTIVE RELIEF 21 ; 2) DEFENDANTS WELLS FARGO BANK, N.A. AND CHARLES SCHARF'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT 25 ; 3) DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS COMPLAINT 29 UNDER SUBMISSION by Judge Andre Birotte Jr.: The Court has considered the matters raised with respect to the Motions and has concluded that pursuant to Local Rule 7.15, the matters can be decided without oral argument. The Court advises counsel that the Motions, noticed for hearing on August 27, 2021, have been taken under submission and off its motion calendar. No appearance by counsel is necessary. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 08/25/2021) |
| 09/03/2021 | 52 | MINUTES (IN CHAMBERS) ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION FOR A PRELIMINARY INJUNCTION by Judge Andre Birotte Jr.: The Court GRANTS the Defendants' Motions to Dismiss 25 , 29 and DENIES the Plaintiff's Motion for Preliminary Injunction 21 . The Court will dismiss the action without leave to amend. Court Reporter: N/A. (gk) (Entered: 09/03/2021) |
| 09/03/2021 | 53 | JUDGMENT by Judge Andre Birotte Jr.: Pursuant to the Court's 8/25/2021 Order granting the Motions to Dismiss filed by Charles Scharf, Wells Fargo Bank, Carrington Mortgage LLC, Mortgage Electronic Registration System Inc. (MERS), and Bruce Rose 51 , IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants shall have judgment in their favor against Plaintiff. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff take nothing and that Defendants shall have their costs of suit. (MD JS-6, Case Terminated). (gk) (Entered: 09/03/2021) |
| 09/07/2021 | | APPEAL FEE PAID: as to Plaintiff Pernell El; Receipt Number: RS011408 in the amount of $505. (lmu) (Entered: 09/07/2021) |
| 09/07/2021 | 54 | NOTICE OF APPEAL to the 9th CCA filed by plaintiff Pernell El. Appeal of Order on Motion for Preliminary Injunction, Order on Motion to Dismiss Case, 52 , Judgment, 53 Filed On: 9/3/21; Entered On: 9/3/21; Filing fee $505 paid, receipt number RS011408. (mat) (Entered: 09/07/2021) |
| 09/07/2021 | 55 | Appeal STATEMENT OF ISSUES ON APPEAL re: Notice of Appeal to 9th Circuit Court of Appeals, 54 . (mat) (Entered: 09/07/2021) |
| 09/07/2021 | 56 | RECORD ON APPEAL / STATEMENT OF EVIDENCE ON APPEAL by plaintiff Pernell El re 54 . (mat) (Entered: 09/07/2021) |

| 09/07/2021 | 57 | Record on Appeal / CERTIFICATE by plaintiff Pernell El re 54 . (mat) (Entered: 09/07/2021) |
|---|---|---|
| 09/07/2021 | 58 | PROOF OF SERVICE filed by plaintiff Pernell El, re Appeal Remark 55 , Notice of Appeal to 9th Circuit Court of Appeals, 54 , Designation of Record on Appeal 57 , Designation of Record on Appeal 56 . (mat) (Entered: 09/07/2021) |
| 09/07/2021 | 59 | Notice of Electronic Filing re Order on Motion for Preliminary Injunction,, Order on Motion to Dismiss Case,,, 52 , Appeal Fees Paid, Appeal Remark 55 , Notice of Appeal to 9th Circuit Court of Appeals, 54 , Judgment,, 53 , Designation of Record on Appeal 57 , Designation of Record on Appeal 56 , Proof of Service (subsequent documents) 58 e-mailed to Vivian Le bounced due to No longer with firm. The primary e-mail address associated with the attorney record has been deleted. Pursuant to Local Rules it is the attorneys obligation to maintain all personal contact information including e-mail address in the CM/ECF system. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (lmh) TEXT ONLY ENTRY (Entered: 09/07/2021) |
| 09/08/2021 | 60 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 21-55976 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 54 as to plaintiff Pernell El. (mat) (Entered: 09/08/2021) |
| 09/08/2021 | 61 | RECORD ON APPEAL / RULE 46 OBJECTIONS TO ORDER DATED SEPTEMBER 3, 2021 ERRORS re: Notice of Appeal to 9th Circuit Court of Appeals, 54 . (mat) (Entered: 09/09/2021) |
| 09/08/2021 | 62 | RECORD ON APPEAL/ STATEMENT OF EVIDENCE ON APPEAL (AMENDED) re: Notice of Appeal to 9th Circuit Court of Appeals, 54 . (mat) (Entered: 09/09/2021) |
| 09/08/2021 | 63 | PROOF OF SERVICE filed by plaintiff Pernell El, re Rule 46 Objections to Order dated September 3, 2021 /Errors 61 , Statement of Evidence on Appeal (Amended) 62 served on 9/8/21. (mat) (Entered: 09/09/2021) |
| 09/14/2021 | 65 | Mail Returned addressed to Pernell El re Order on Motion for Preliminary Injunction, Order on Motion to Dismiss Case 52 . (iv) (Entered: 09/28/2021) |
| 09/14/2021 | 66 | Mail Returned addressed to Pernell El re Notice of Appeal to 9th Circuit Court of Appeals 54 . (iv) (Entered: 09/28/2021) |
| 09/21/2021 | 69 | Mail Returned addressed to Pernell El re Judgment 53 . (gk) (Entered: 10/15/2021) |
| 09/21/2021 | 70 | Mail Returned addressed to Pernell El re Appeal Remark 61 . (gk) (Entered: 10/15/2021) |
| 09/21/2021 | 71 | Mail Returned addressed to Pernell El re Text Only Bounced Notice of Electronic Filing E-mail 59 . (gk) (Entered: 10/15/2021) |
| 09/21/2021 | 72 | Mail Returned addressed to Pernell El re Minute Order on Motion to Dismiss and Motion for Preliminary Injunction 52 . (gk) (Entered: 10/15/2021) |
| 09/21/2021 | 73 | Mail Returned addressed to Pernell El re Proof of Service (subsequent documents) 63 . (gk) (Entered: 10/15/2021) |
| 09/21/2021 | 74 | Mail Returned addressed to Pernell El re Appeal Remark 55 , Designation of Record on Appeal 57 , Designation of Record on Appeal 56 , Proof of Service (subsequent documents) 58 . (gk) (Entered: 10/15/2021) |
| 09/21/2021 | 75 | Mail Returned addressed to Pernell El re Appeal Remark 62 . (gk) (Entered: 10/15/2021) |
| 09/22/2021 | 68 | Mail Returned addressed to Pernell El re Judgment 53 . (gk) (Entered: 10/15/2021) |

| 09/21/2022 | 76 | MEMORANDUM from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals, 54 filed by Pernell El. CCA # 21-55976. The decision of the District Court is AFFIRMED.(mat) (Entered: 09/21/2022) |
| 01/17/2023 | 77 | MANDATE of Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals, 54 , CCA # 21-55976. The judgment of this Court, entered September 21, 2022, takes effect this date. This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. [See USCA Memorandum 76 , AFFIRMED.] (mat) (Entered: 01/17/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/08/2023 10:53:01 | | | |
| **PACER Login:** | ▮▮▮▮ | **Client Code:** | ▮▮▮▮ |
| **Description:** | Docket Report | **Search Criteria:** | 2:21-cv-03137-AB-KES End date: 6/8/2023 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

# Exhibit 9

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

Pernell El, Society of the House of El (*w...f*)
*religious and civic cominty*
*Pernell / Trustee / moorish consul*
*on behalf of the House*
)
Plaintiff(s)
)
v.                     )          Civil Action No.  CV 2-21-03137 DMG-KES
)
Charles Scharf, Wells Fargo Bank Inc     )
Bruce Rose, Carrington Mortgage LLC      )
Mortgage Electronic Registry Sysem (MERS) )
Lawyers Title                            )
Defendant(s)                             )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   WELLS FARGO BANK  N. A,  a Calfiornia Corporation / Charles Scharf a U.S. Citizen
420 Montgomery Street, San Francisco, California 92104

Carrington Mortgage LLC., a California Corporation / Bruce Rose a US Citizen
1600 Douglas Road # 200 - A Anaheim, California 92806
Mortgage Electronic Registrations System (MERS),1901 E Voorhee Danvile st IL,  *61834*  *sui*
Lawyer Title First American Way, Santa Ana, California 92707

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:   Pernell El / Moorish Consul by Treaty/ on behalf of the interest of the Society of the
House of El

Mailing location: c/o P.O. Box 151162
San Deigo, California 92175

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

CLERK OF COURT

Date:  7/7/21

Signature of Clerk or Deputy Clerk

1210

1  Society of the House of El / Waqf

2  Pernell El / Trustee / Moorish Consul

3  c/o P.O. box 151162 San Diego, California [92175]

4  Phone 619-750-4787

5  Email: Houseofel07@gmail.com

FILED
CLERK, U.S. DISTRICT COURT

JUL - 7 2021

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION       BY DEPUTY

6

7

8

9              UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12  Society of the House of El (Waqf),          Case No.: cv 21-03137 DMG KES
     religious and civic comity
13  Pernell El / Trustee / Moorish Consul on    **AMENDED CLAIM FOR:**
14  behalf of the Heirs

15              Plaintiff,                       **1. Fraud and Misrepresentation**
                                                 **2. Actual Fraud**
16  v.                                           **3. Conversion**
                                                 **4. Estate Embezzlement**
17  Charles Scarf, and individual, Wells Bank    **5. Wire Fraud**
18  N.A., a California Corporation, Bruce        **6. Collusion**
19  Rose, an Individual; CARRINGTON

20  MORTGAGE LLC., a limited liability

21  corporation. MORTGAGE ELECTRONIC

22  REGISTRATION SYSTEM INC (MERS);

23  LAWYERS TITLE Corporation

24

25

26

27
     Defendant.
28

1

1
2
3

## NATURE OF THE CASE

4   1.)     Pernell El, trustee and Moorish Consul, by treaty, brings this action in the name of

5   the *Society of the House of El Waqf*, heretofore will be referenced as "the Society".  This

6   is an action alleging fraud, civil conspiracy to commit fraud, wire fraud, negligence,

7   misrepresentation, conversation, Estate Embezzlement, and escheat all arising from a

8   collusive scheme between the Defendants' that was designed and implemented to defraud

9   the Plaintiffs of the asset / property, being divinely located under the stars, with

10  coordinates being:

11  Latitude: North 33 degrees – 36 minutes – 9.73 seconds

12  Longitude: West 117 degrees – 7 minutes – 48.85 seconds

13  on the aggregate soil of North America / Morocco.

14  The mailing location numbers, being affixed to the asset / property are for the public

15  record ONLY, referenced as 30328 Vercors Street, Murrieta California [92563] zip

16  exempt.

17  2.)     The Plaintiffs' allege that the Defendant(s) have fraudulently misrepresented

18  themselves as having the Deed of Trust, Promissory Note, and valid Assignment of the

19  original Deed of Trust.  Plaintiffs' challenge the **AUTHENTICITY** of the "NOTES"

20  (Exhibit A4 and A5) and the DEED OF TRUST (Exhibit A6), submitted by the

21  Defendants as evidence of being the holder in due course of the original promissory note,

22  and Deed of Trust, and having a beneficial interest in the property / asset.  The Plaintiffs'

23  further challenge the **VALIDITY** of the Corporate Deed of Assignment (Exhibit A1) ,

24  presented by the Defendants' as being valid.   The Plaintiffs' further alleges that the

25  defendants' used fraudulent means to procure the signature on a Deed of Trust Exhibit

26  A2 / DOC # 2013-0388149 and Partial Promissory Note (Exhibit A3 / FHA Case #048-

27  6470817).  The Plaintiffs' further allege that the Defendants' lack standing to sue in

28  court,

1   3.)    The Plaintiffs' are informed and infer, and on that basis allege that Defendants' do

2   not own the Promissory Note, do not own the Mortgage, do not have a VALID /

3   AUTHENTIC assignment of the Mortgage, and do not have standing, therewith they

4   never had the standing to "foreclose" on the "mortgage" and or property, despite their

5   coercive and fraudulent threats.  Therewith, through fraud all contracts are vitiated .

6   4.    WELLS FARGO BANK et alia, procured the signatures of the Plaintiffs' on the

7   Partial Claim Promissory Note FHA Case number: 048 -6470817 (Exhibit A3) and Deed

8   of Trust DOC # 2013-0388149 (Exhibit A2), through misrepresented, coercive,

9   threatening, and fraudulent tactics.  Notice was given to all parties, that the Plaintiffs'

10  intent to rescind their signatures off of all instruments.

11

12  5.) The corporate Deed of assignment is invalid

13  as the effective date is April 11, 2013, and

14  the signature date is April 12th 2013

15  6.) Exhibit A2 & A3 have no date next

16  to their signatures, therewith invalidating them

17                              **COMMUNICATION COURTESY**

18      In the event that Court finds that any of the content presented by the trustee, within

19  this Claim, to be peculiar, and or not in conformity with the Local Rules, it is not due to a

20  willful failure to comply (See Rule 83. Rules by District Court Judges; Judges

21  Directives.)

22

23

24

25

26

27                              **JURISDICTION**

28

1.      This Court has original jurisdiction under Title 28 U.S.C § 1331 (Federal Question) jurisdiction arises pursuant to the Constitution for the united States of America, the Treaties in which the United States are a party, and the laws of the UNITED STATES.

2.      This Court also has subject-matter jurisdiction pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds 75,000, exclusive of interest and cost and there is complete diversity of citizenship between the Plaintiffs and Defendants.

3.      This Court has subject-matter jurisdiction related to claims that may involve joinders, and intervention of additional parties, pursuant to 28 U.S.C § 1367

4.      The Court has personam jurisdiction over the Defendant(s) within the purview of the plausible 14th Amendment to the United States constitution.

5.      The Court has personam jurisdiction over the defendant(s) pursuant to Title 18 § 1091.

## VENUE

2. Venue is proper pursuant to 28 U.S.C § 1251, wherein the Supreme Court has original jurisdiction, however not exclusive jurisdiction, to hear issues that arise affecting consuls. Title 28 U.S. C. § 1391. The defendant(s) is/ are corporate entities and residents of the STATE with Multiple Districts; and are thus subject to the Court's jurisdiction.

## JURY TRIAL

Movant(s) are respectfully demanding a trial by jury, and not a bench trial, consistent of jurist of both Moors and citizens of the United States, pursuant to the Bill of Rights (VII Amendment) and in accordance with International Law (Act of State Doctrine). This lawful demand is being made in order to address specific article violated

4

1  in the treaty of 1836, between Morocco (Empire) and the United States (Republic), by an
2  impartial jury consisting of citizens from both nations.

3

## DIVERSITY OF CITIZENSHIP

5

6       We the unconditional Heirs, successor, grantor (s), and beneficiaries to the Estate /
7  asset, held in trust, for the benefit of the true beneficiaries of the Society of the House of
8  El Waqf, are Moroccan citizens, and are subject / party to the Treaty of Peace and
9  Friendship (1786, 1836) between Morocco and the United States of America (Republic).
10  We, having / and claiming the right of blood / *Jus Sanguine* and the common law right to
11  *Jus Postliminii* to the aggregate soil of North America / Morocco; and the issue
12  presented in this claim are to be governed by the applicable treaties, as the Moroccan
13  citizens' / unconditional heirs, through will and deeds, and through universal right to self
14  determination have resurrected the dormant  Moroccan government out of interregnum.
15  We are not citizens, nor residents of the STATE OF CALIFORNIA, nor do we live
16  within the corporate county of RIVERSIDE, nor the municipality known as MURIETTA
17  INC.

18

## PARTIES

19       3. Plaintiffs, the *Society of the House of El (Waqf)* a religious / civic organization,
20  and trust, created in Morocco, principle place of business Morocco / North America.
21  The citizenship status of the unconditional heirs / beneficiaries of the Esoteric Society of
22  the House of El (Waqf) being codified as certificate number  ©AA222141 recorded
23  September 10, 1952 in the Library Congress Copyright Office, Washing, District of
24  Columbia, and the United States Department of Justice, by or forefather Charles Mosley
25  Bey.

26       4. Pernell El, Moorish Consul / Trustee / unconditional Heir, on behalf of the
27  unconditional Heirs of the Society of the House of El (Waqf).  Citizenship status
28  certificate number codified being ©AA222141 recorded September 10, 1952 in the

Library Congress Copyright Office, Washing, District of Columbia, and the United States
Department of Justice, by our forefather Charles Mosley Bey.

    5. The Defendant, Charles Scharf (Chief Executive Officer / WELLS FARO
BANK N.A.,) juristic citizenry is of a person born or naturalized within the United States,
and subject to the jurisdiction thereof, and of the State wherein he resides.

    6. WELLS FARGO BANK, N.A., is of a juristic citizenry of the UNITED
STATES, a Corporation (artificial person) born or naturalized within the United States,
and subject to the jurisdiction thereof, and the State, wherein it is allowed in name, to
engage in commercial activities.

    5. The Defendants', Bruce Rose / Chief Executive Officer of CARRINGTON
MORTGAGE LLC, juristic citizenry is of a US citizen, a person(s) born or naturalized
within the United States, and therefore subject to the jurisdiction thereof, and of the State
wherein he resides.

    6. The Defendants' MORTGAGE ELECTRONIC REGISTRATION (MERS) is
Corporation (artificial person) born or naturalized within the political jurisdiction of the
United States, and subject to the jurisdiction thereof, and the State, wherein it is allowed
in name, to engage in commercial activities.

    7. The Defendants' Lawyers Title is Corporation (artificial person) born or
naturalized within the political jurisdiction of the United States, and subject to the
jurisdiction thereof, and the State, wherein it is allowed in name, to engage in commercial
activities.

## STATEMENT OF FACTS

    1.) We, the Plaintiffs' are Al Moroccan / Moorish American, and have been
permanently domiciling in the, personal private property, with the mailing location being

1   described for the public record only as 30328 Vercors Street, Murrieta California zip

2   exempt, since April 10, 2010.

3          2.) The private property is located within the dominions of North America /

4   Moroccan Empire, divinely positioned under the stars being:

5   Latitude: North 33 degrees – 36 minutes – 9.73 seconds

6   Longitude: West 117 degrees – 7 minutes – 48.85 seconds

7          3.) The mailing locations numbers affixed to the private property, for the public

8   record are enumerated as 30328 Vercors Street, Murrieta California, Zip Exempt [92563].

9   The Plaintiffs' have been have been domiciling at since April 10, 2010.

10          4.) The Plaintiffs' received a NOTICE of DEFAULT ELECTION TO SELL

11   UNDER DEED OF TRUST, allegedly recorded on 11/16/2012, (recording information

12   2012-0554808) from and unidentified agent representing Wells Fargo Bank, N.A., and

13   NBS Default Services, LLC. The threatening Notice was requesting payment in the

14   amount of $18,414.01 (Exhibit A)

15          5.) John Jaimes acting on behalf of the of Wells Fargo Bank N.A / NBS Default

16   Services sent a threatening communications via the United States mail a NOTICE OF

17   DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST IMPORTANT

18   NOTICE / TS No: 9985-1414 (Exhibit AA). NBS Default Services, LLC on behalf of

19   Wells Fargo, gave NOTICE, "is either the original trustee, the duly appointed substituted

20   trustee, or acting as agent of the trustee or beneficiary under a Deed of Trust dated

21   04/04/2011."

22          6.) The NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF

23   TRUST (Exhibit AA), further purports that, "the beneficial interest under such Deed of

24   Trust and obligations secured thereby are presently held by Wells Fargo Bank, N.A., as

25   the current beneficiary or its agent.

26    Said notice was sent to Gerrad P. Swahili ex realtione and Fatima Swahili ex realtione

27   herein referred to as Mr. and Mrs. El et alia.  Wells Fargo Bank et alia, purported to

28   posses the original Deed of Trust, therewith given them a cause of action of pursuing a

foreclosure action. John Jaimes / Wells Fargo Bank N.A., / NBS Default Services , LLC threatened to sell the private property without court action, in violation of *due process* of law. _Instrument has signature, with no date_

7.) On the date of April 12th 2013, notary Julie Jones (commission number 200415) procured the signature of Pernell El ex relatione GERRAD PERNERLL SWAHILI; and Fatima Swahili El ex relatione FATIMA SWAHILI, on a Deed of Trust (Exhibit A2) and a Partial Promissory Note (Exhibit A3) on the date of April 12, 2013; under the guise that that Mr. Timothy Sloan / CEO of Wells Fargo Bank N.A., et al and Mr. Kevin Wall (President First American Mortgage Solution / Lawyers Title) possessed the **Original Promissory Note** and **Deed of Trust** to enforce a foreclosure action; and sale of the of the private property listed with the mailing location for the Public Record Only as 30328 Vercors Street, Murrieta California, 92563.

8.) The Deed of Trust (exhibit A2) lists GERRAD PERNELL SWAHILI and FATIMA SWAHILI as the grantors, and the alleged borrowers in the amount of $ 88,122. The Pooling number is listed as 00738373CD; The Tax ID number listed as 480130019-8/ FHA Case number: 048-6470817 / Undisclosed number being: 8102740.

9.) Exhibit A2 was recorded on the in the official records of the COUNTY OF RIVRERSIDE, under DOC # 2013-0388149 – 08-08-2013

10.) According to Exhibit A2, "When recorded mail to: #8102740

First American Title

Loss Mitigations Title Service, P.O. Box 27670 Santa Ana 92799

11.) Mr. or Mrs. El, nor the beneficiaries of the Society of the House of El Waqf have not and did not receive any monies / or checks in the amount of $88, 122.19 from the Defendnats.

12.) The PARTIAL CLAIM PROMISSORY NOTE (Exhibit A3), was prepared by PAUL ELDRIDGE / Wells Fargo Bank Home Mortgage, with address being 210 Wildwood Parkway – 5th Floor- (MAC#W0151-053) Birmingham Alabama, 35209 (exhibit A3 / Wells Fargo Loan number: ██████6996) _The effective et Date and Signature do not match. Effectiv_

13.) LAWYERS TITLE COMPANY is listed as the "Trustees" and "beneficiary" / Kevin Wall -President of First American Mortgage Solution / First American Financial Corp / First American Title.

14.) Shaun Donovan / The Secretary of Housing Urban Development (HUD) is listed as the alleged "Lender" in the amount of $88,122.

15.) According to (Exhibit A3) "Payment shall be made at the following address:

U.S. Department of HUD

C/O Devall LLC

West point 1 – 1255 Corporate Drive, Suite 300

Irvin, TX 75038 / Toll- Free (877) 622-8525

16.) Exhibit A2 on page 2 of 7, point 5 states, "This security Instrument shall be governed <u>by Federal law and the law of the jurisdiction in which the property is located</u>.

17.) On the date of June 8th 2020, Mr. El / trustee of the Esoteric Society of the House of El, went to the branch of Wells Fargo Bank with the corporate address for the public record designated as 27630 YNEZ RD, TEMECULA, 92591, to speak with a representative regarding their services.  Mr. El "requested" a copy of the original Deed of Trust.  Personal banker Karen Serrano / Wells Fargo bank, herein will be referred to as Ms. Serrano, stated that she was not able to provide an answer our questions as it related to the **Original Deed of Trust.**  Ms. Serrano stated that she did not have access to the information, as it related to the Original Deed of Trust. .  Hence, Mr. El instructed Ms. Serrano to get in touch with someone who was able to answer the specific questions and was competently able supply Mr. El with the requisite documentation, for his inspection.

18.) Ms. Serrano was able to get in touch with a representative of Wells Fargo via the telephone. The representative identified herself, as what sounded like Aurbry.  As she would not give any further information as it related to her identity, as such she will be referred to herein as the Telephone representative of Wells Fargo.

19.) Mr. El, being the unconditional Heir and trustee and representing the interest of the true beneficiaries of the Estate, in all transparency "requested" that the Telephone

9

representative of Wells Fargo Bank produce (send via email) a certified copy of the original Deed of Trust with the Promissory Note, with the signatures affixed thereto, that Mr. John Jaimes, agent acting on behalf of Wells Fargo and its assigns threatened to use initiate a Foreclosure action against the Estate of Mr. and Mrs. El (see exhibit A)

20.) The telephone representative of Wells Fargo Bank stated that she was unable to locate the original Deed of Trust, and or a copy of said original Deed of Trust and or Promissory Note. The telephone representative of Wells Fargo emailed to Ms. Serrano a document to give to Mr. El in in lieu of the original Deed of Trust (see exhibit A2).

21. Mr. El informed the document was not a verified copy of the original, it was in fact a copy of the Deed of Trust (Exhibit A2) was a copy of the Deed of Trust listed as **DOC # 2013-0388149**, that was signed April 12th 2013. Mr. El informed the telephone representative and Ms. Serrano, that the documentation received was insufficient.

22.) The telephone representative of Wells Fargo, acting as the loan servers, stated that she was unable to procure the original Deed of Trust and Promissory Note. Mr. El inquired why, she / they were not able to produce, for the record the original and or a copy of the verified original Deed of Trust with the Promissory Note. The Telephone Representative of Wells Fargo, acting as the loan servicer, stated, "that is all we have."

23.) Mr. El, acting on behalf of the Esoteric Society of the House of El / Waqf sent an Affidavit **Notice of Adverse Claim, Fraud, Quit Claim and Revocation of Signature, Full Discovery and Disclosure** (see Exhibit B). Mr. Scharf and Wells Fargo Bank received (Exhibit B) on the date of August 2nd 2020. (Exhibit B1 / proof of service); and Kevin Wall / CEO of Lawyers Title / First American Title / Loss Mitigations (Proof of service number

24. Mr. El in the interest of transparency requested pertinent information, and the original and or verified copies of the below enumerated documents to wit:

Point 1) Produce the original **Deed of Trust** and **Original Promissory Note** as lawful proof and evidence (exposing the front and the back) and marked with Account number, ███████6996, with clear signatures associated with the original loan, that

1   would have given the loan servicers, styled as Wells Fargo Bank N.A., under the
2   direction of Charles W. Scharf and assigns the legal right of claim, to initiate a
3   foreclosure action against the private Estate of the beneficiaries.

4        Point 2.) Provide a copy of the original check issued by Mr. Shaun Donovan / the
5   former Secretary of Housing Urban Development (HUD) to finance the alleged debt in
6   question in the amount $ 88,122.91 that you received and or paid back to the alleged
7   lender and the original check issued to finance the original loan in the amount of $
8   299,000 with the loan number affixed as ████████6996.

9        Point 3.) Wells Fargo Bank or its Assigns are hereby 'requested' to produce
10  evidence of the 'Insurance Policy' that was put in place, as protection for the investors,
11  against the 'Promissory Note' and associated with the loan bearing the account.

12       Point 4.) Wells Fargo Bank and its assigns are hereby "requested" to produce the
13  full and complete names and addresses of the current Holder of the alleged Borrowers
14  Promissory Note.

15       Point 5.) Wells Fargo acting as the loan servicer is hereby requested to produce all
16  'Call Report' and any other related 'Notes' associated with the alleged loan bearing the
17  account number ████████6996.

18

19       Point 6.) Wells Fargo Bank or its Assigns are hereby 'Requested' to produce the full
20  and complete 'Names' and the 'Addresses' of the 'Lender's CPA and 'Auditor' or any other
21  holder or record keeper for the entire period covering the Execution of the Mortgage or
22  Loan, between

23       Point 7.) Wells Fargo Bank or its Assigns are hereby 'Requested' to produce the
24  **'Account Number'** and source from which the money came to **'Fund'** the original **'Check'**
25  given to the **'Borrower'**.

26       25.) **Jodie Perkins**, Case Specialist / Wells Fargo Bank N.A., sent via express mail
27  Mr. El an instrument titled **"NOTE" (Exhibit A4)** as evidenced of a NOTE on the date of
28  August 31, 2021.

1    26.  Mr. El on behalf of the Society challenged the authenticity of the alleged

2  "NOTE" provided by Jodie Perkins, Case Specialist / Wells Fargo Bank N.A., by sending

3  via the United States Postal Service a NOTICE OF DEFAULT / NOTICE OF INTENT TO

4  SUE (Exhibit M) Priority Mail proof of service tracking number EJ 287 278 436 US.

5    27.) Mr. El pointed out the defects of the "NOTE" (Exhibit A4) as the "NOTE"

6    1.) The "NOTE" (Exhibit A4) is dated April 4th 2011, and it is rubber stamped on page

7  3, implying that the interest in the negotiable interest was transferred (PAY TO ORDER OF

8  Wells Fargo Bank, N.A) to William R. Martin / Vice President Wells Fargo Bank, N.A. et

9  alia, via KELSIS HEADLEY, Assistant Secretary DHI MORTGAGE COMPANY, LTD.,

10  L.P. and its assigns, WITH OUT RECOURSE.

11    2.) There are no contract effective date, in accordance with 48 CFR 1804. 170 on the

12  "NOTE", by the alleged signatures, of the Plaintiffs'

13

14

15    28.) Therewith **Brittany Syvixay** and Jodie Perkins Case Specialist on behalf Wells

16  Fargo Bank N.A., sent via FedEx, a "Certified To Be True and Correct Copy of Original,

17  instrument titled "NOTE" (Exhibit 5) with a signature that appears to be rubberstamped, by

18  an agent representing Lawyers Title, with no identifying spelling of a name, and no date

19  attesting to its authenticity.  This alleged copy of the Original Promissory Note, is missing

20  the alleged transfer of interest, like the exact same alleged copy of the Original Promissory

21  (Exhibit 4),

22  on page 3.

23    29.) **Brittany Syvixay** and Jodie Perkins Case Specialist(s) on behalf of Wells Fargo

24  Bank N.A., mailed via the United States Postal Service, as evidence in response to Mr. El's

25  inquiry an instrument titled CORPORATE DEED OF ASSIGNMENT (Exhibit A1)

26    30.) The instrument styled as **Corporate Assignment of Deed Trust / DOC # 2012-**

27  **0380816** (Exhibit A1), with recordation date appearing **as 8/12/2012** – Recorded in Official

28  Records County of Riverside; and prepared by **Marcia Paez**, Wells Fargo Bank, N.A, with

12

address being 2701 Wells Fargo Way (MAC X9999-018), Minneapolis MI 55467, was

submitted as proof of owning a valid assignment.  Mortgage Electronic Registration

Systems Inc. (MERS) whose addresses' appears as P.O. Box 2026 Flint, MI 48501; and

1901 E Voorhees street, Danville, Il, 61834, appears on (Exhibit A1). The name Lynn

Marie Sevick, with an apparent signature appears as the purported / Assistant Secretary

representing the interest of (MERS) (Exhibit A1)

31.) The **Corporate Assignment of Deed Trust / DOC # 2012-0380816** (Exhibit

A1) 1.) Appear to be defective as there is no power attorney attached the document,

giving Lynn Marie Sevick "Assistant Secretary" the authority to execute the assignment

on behalf of (MERS) as an agent / officer. 2.) Lynn Marie Sevick, is the only signatory

on the instrument.  3.) Lynn Marie Sevick appears to be acting as assignor and assignee.

4.) Lynn Marie Sevick is a Notary Public in the STATE OF MINNESOTA /

Commission number 31049019.

32.) Mr. El, in order to protect the interest of the Waqf, and due to the apparent

collusive fraudulent action on the part of the Defendants' sent via certified mail, a Notice

Adverse Possession / Quit Claim / Deed by Treaty addressed to Charles Scharf / Wells

Fargo Bank and Kevin Wall / Lawyers title / First American Mortgage (Exhibit C).

Adverse possession was sent in accordance with 2011 California Code / Code of Civil

Procedures PART 2 of CIVIL ACTIONS [307 -1062.20] Chapter 2 (The time

commencing to recovery real property)

33.) No Wells Fargo agents did not respond with a legitimate rebuttal.

34.) No Lawyers Title agent responded to the Notice.

35.)  (Exhibit C) Notice of Quit Claim / Deed by Treaty was sent via certified mail

[7019 2970 0000 9938 6864] via the United States Postal Service, to Riverside County

Recorder / COUNTY OF RIVERSIDE.   (Exhibit C) Notice of Quit Claim / Deed by

Treaty was filed in LAW on receipt by the county clerk of Riverside County on August

18th 2020.

33.)The Plaintiff's received a correspondence dated April 1, 2021, from Rob Bolnick, an agent doing business as Wells Fargo Bank, N. A..  Said correspondence stated that the servicing of the mortgage was being transferred from Wells Fargo Home Mortgage, to Carrington Mortgage Services, LLC on the date of April 21, 2021. (See Exhibit E3)

34.) The Plaintiffs' received a NOTICE OF SERVICING TRANSFER (Exhibit Q3), addressed to GERRAD PERNELL SWAHILI and FATIMA SWAHILI, from Carrington Mortgage Services LLC.

35). Within the written contents of (Exhibit Q3), on page 1 of 7, it states, "Carrington Mortgage Services, LLC ("CMS") will be collecting your mortgage loan **payments** from you."

36.) Within the written contents of (Exhibit Q3), on page 3 of 7, it states, "This letter is not a demand seeking payment of the current balance."

37.) As the aforementioned paragraphs are contrary in nature, Mr. El gave NOTICE to Bruce Rose / CEO of Carrington Mortgage Services LLC of NOTICE OF REPUDIATION AND REBUTTAL & REVERSION OF ESTATE, making it known that Mr. El, the true beneficiary of the ESTATE listed as GERRAD PERNELL SWAHILI and Mrs. El being the true beneficiary of the ESTATE listed as FATIMA SWAHILI, do not agree to stand as surety for the alleged debt.

38.) Mr. El sent NOTICE OF RIGHT TO RESCION AND FRAUD, address  Housing Urban Development

37.) Mr. El on behalf of "the Society" sent NOTICE to Bruce Rose / CEO and the beneficiaries of Carrington Mortgage LLC

38.) Pernell El and Fatima Swahili El being the true beneficiary of the GERRAD PERNELL ESTATE, gave notice to United States Department of housing (HUD) of our Right to Recession and Fraud (FHA Case number 048-6470817) (See Exhibit D2 / proof of service certified mailing #'s **9590 5141 0181 1137 2039 35 / 9590 5141 0181 1137 2039 42).**

14

39.) Mr. El, being the trustee of the Society of the House of El/ Waqf, and Moorish consul of the Esoteric Society of the House of El, gave all parties NOTICE OF ADVERSE CLAIM, FRAUD, QUIT CLAIM, AND REVOCATION OF SIGNATURE (Exhibit B) of the Plaintiffs' invocation of their treaty secured rights, secured within article VI of the constitution for the united States of America (Republic). All law governing the private property Estate, with the mailing location described for the public record as 30328 Vercors Street, is enforced through treaty on the aggregate lands of Morocco / North America.  Our Moroccan forefathers established treaty relations with the foreign citizens of the United States and Great Britain, in order to secure our commercial interest and amity.  The international private religious Waqf (trust) was established to secure the interest of the true beneficiaries, is governed by Moslem Law / Treaty law (see Exhibit I / Declaration of Trust)

40.) Mr. El issued NOTICE to Charles Scharf / Wells Fargo Bank N.A., et alia and the agents of Lawyers Title of our reversion of Estate / ESTATE.  Therewith ALL implied trusteeship was REVOKED from the Defendants' (see Exhibit B) NOTICE OF ADVERSE CLAIM, FRAUD, QUIT CLAIM, AND REVOCATION OF SIGNATURE, Page 3 and 4, per article 22 of the Treaty of Peace of Friendship between the United States and Morocco, wherein it states, "If an American citizen shall die in our country, and no will shall appear, the consul shall take possession of his effects, and if there shall be no Consul, the effects shall be deposited in the hands of some person worthy of trust, until the party shall appear who has the right to demand them."

41.) We, the Society of the House of El, being the unconditional Heirs, to North America, through jus sanguine (*Hares est eadem persona cum antecessore*) claimed the land, specifically but not limited to:

Latitude North 33 degrees -36 minutes 9.73 seconds

Longitude: West 117 degrees – 7 min – 48. 85 seconds

Public Record Parcel number: 480130019

We claim all accouchements affixed to the land, which includes the asset / the house. *Quicquid lantatur solo, solo cedit* (See Exhibit I1 / Aboriginal Title)

42.) Pernell El and Fatima Swahili El the divine sentient living beings, and true beneficiaries of the GERRAD PERNELL SWAHIL / FATIMA SWAHILI / ESTATE; have affirmed that they do NOT agree to stand as surety for the Defendants' their agent and or assigns. The defendants' are declared to NOT possess rightful trusteeship, in any and all matters related to the organic land, nor at the mailing location for the public records as 30328 Vercors Street Murrieta California [Zip Exempt]. Charles Scharf / Wells Fargo Bank et alia have been dismissed from all implied trusteeship (see Exhibit B)

43.) No monies have ever been transferred between the Plaintiffs' and the Defendants. No check(s) has been ever been deposited in the account used by the Plaintiffs', from the Defendants'. All parties have been given of our right to call the loan, as the true creditor and beneficiary. All parties have been given NOTICE are right to rescind our signature from the Note and Deed of trust procured by fraudulent means.

## CLAIMS FOR RELIEF

### CLAIM 1

44.) Actual Fraud / because the Notices of Election to Sell Under The Deed of Trust (Exhibit A and AA) were sent via the United States Postal Service, probable cause exist for mail fraud in violation of Title 18 § 1341 (Elements of Mail Fraud) and Title 18 USC § 63 (Mail Fraud and other Fraud Offenses)

The Plaintiffs' realleges paragraphs 4,5,6, 25,26, 27, and 28

The Defendants knowingly sent threatening, misrepresented and fraudulent documents via the United States Postal Service, with the intent to defraud / deprive the Plaintiffs' of their asset. The Plaintiffs' relied on the language in the documents, the Plaintiffs; relied upon the authority of the person sending the documents John Jaimes representing Wells Fargo Bank N.A., and NBS Default Services, LLC as Trustee or Agent for the

1  Beneficiary.  John Jaimes / Wells Fargo Bank N.A., / NBS Default Services, LLC
2  threatened to sell / deprive the Plaintiffs' of the property without due process of law, in
3  violation of the 4th and 5th Amendment of the constitution for the United States of
4  America (Republic).  John Jaimes / Wells Fargo Bank N.A., / NBS Default Services,
5  LLC claimed fraudulent misrepresented his authority as trustee for the alleged
6  beneficiary.
7
8      **CLAIM 2**
9          45.) Fraud because of the probable cause exist for frauds under Title 18
10  §1341 Frauds and Swindles
11  The Plaintiffs' realleges paragraphs: 2,3,4,5,6,7,8,9,19,11,12,13,14,15,17- 25,
12  26,27,28,29,30,31,32,33,34,35
13  The Defendants' Wells Fargo Bank et alia fraudulently misrepresented their positions as
14  the holder of the Deed Trust, the holder of "Note" and the holder of a VALID
15  assignment.  Wells Fargo Bank N.A., agents were acting with the authority of  the
16  "Covered Person" 12 CFR § 1026.2(a)(22) without providing the verified transfer
17  agreement in violation 12 CFR § 1026.39 - Mortgage transfer disclosures.  The
18  Dependents' have purported to be holder of the promissory note, and have purported to
19  be the holder of Deed of Trust, and a VALID ASSIGNMENT.  The Plaintiffs' have
20  given the Defendants' the opportunity to produce the verifiable documents.  The
21  Defendants' have not verified the authenticity of the documents under oath.
22      46.) **CLAIM 3**
23          Fraud, because the assignment appears to be electronically recorded,
24  probable cause exist for violation of Title 18 § 1343 (wire fraud); and Title 18 153
25  (Embezzlement against Estate) and because all of these parties appear to be acting in
26  concert with one another in an apparent attempt to defraud the Plaintiffs' of the property
27  probable cause also exists for violation of California RICO statutes.
28  Plaintiff realleges paragraphs: 2,3,4,5,6,7,8,9,19,11,12,13,14,15, 25-35

1    Lynn Marie Sevick, is a Notary Public / Commission number 31049019 / whom worked

2    in the STATE OF MINNESOTA, as the only signatory on the Corporate Deed of

3    Assignment (Exhibit A1 DOC # 2012-0380816). The Corporate Deed of Assignment was

4    prepared by and recorded at the request of Wells Fargo Bank N.A., Marcia Paez "as

5    agent' purporting to assign all beneficial interest under the certain Deed of Trust dated

6    04/04/2011 using MERS as nominee for DHI mortgage. The Defendants submitted three

7    instruments titled "NOTE" (Exhibit A4 and A5) to the Plaintiffs' and an instrument titled

8    DEED OF TRUST (Exhibit A6).  The AUTHENTICITY of all three instruments is and

9    been challenged.  Wells Fargo N.A., does not own the mortgage and does not posses the

10   "NOTE" therewith, Wells Fargo Bank has no standing.  Because the Corporate Deed of

11   Assignment was signed in the State of Minnesota, it is safe to infer that it was

12   electronically recorded in California, therewith constituting probable cause for wire

13   fraud.

14        47.) **Claim 4**

15   _     Fraud, Collusion, and Intentional Misrepresentation, because the 1.) Defendants

16   knowingly represented facts to the Plaintiffs' that were not true. 2.) The Defendants

17   representation was false 3.) The Defendants knew the representation was false when they

18   made it. 4.) The defendant intended that the Plaintiffs' rely on the representation. 5.) The

19   Plaintiffs' reasonably relied upon the representation 6.) The Plaintiffs' were harmed. 7.)

20   The Plaintiffs' reliance on the defendants' was a substantial factor in causing harm.

21   Further, there is also probable cause for unauthorized practice of law, since the

22   employees appear to be unsupervised by legal counsel, during the alleged assignment of

23   the Deed of Trust. California Code §1572(1); Civil Code §1710(1); Title 18 § 241

24   Plaintiff realleges paragraphs: 2,3,4,5,6,7,8,9,19,11,12,13,14,15,17,18,19,20,21,22,23 25-

25

26        48.) .The Plaintiffs' knowingly represented themselves as having a valid

27   assignment to initiate a "foreclosure" action against the Plaintiff's property.  The

28   Plaintiffs' relied upon the misrepresented facts of the Defendants possessing a VALID

1    assignment, and acting on behalf of the beneficiary as purported within (Exhibit A and

2    AA) NOTICE OF DEFAULT ELECTION TO SELL UNDER DEED OF TRUST.  The

3    Plaintiffs' in fear of loosing the property relied upon the Defendant's representation and

4    signed (Exhibit A2 and A3) Deed of Trust (DOC # 2013-0388149) and Promissory Note

5    in the amount of $88,129.91.  The Plaintiffs' never received the check in the amount of

6    $88,129.91.  The Plaintiffs' are / were harmed as there is an encumbrance on the

7    Riverside county records,

8    on the ESTATE.  The Defendants' were given NOTICE to remove the encumbrance.

9

10

11   There are multiple issues with this Assignment of Mortgage, which renders it

12   unauthentic, invalid and defective to wit:

13   1.) **Marcia Paez**, "as agent" appears to be an employee of Wells Fargo Bank, N.A acting

14   as the assignor and assignee for Wells Fargo Bank and Mortgage Electronic Registration

15   System (Exhibit A1).

16   2.) Lynn Marie Sevick is listed as the purported Assistant Secretary, (Exhibit A1) with no

17   specification of whom she is acting on behalf of, it appears as though Lynn Marie Sevick

18   whose name and purported signature appears below Mortgage Electronic Registration

19   System INC, As nominee for DHI mortgage company limited partnership, its successors

20   and assigns is acting as an officer of MERS, however she is not in reality and officer and

21   or an employee of MERS.

22   3.) The alleged Corporate Deed of Assignment is invalid and defective as Lynn Marie

23   Sevick, is a Notary Public / Commission number 31049019 / whom worked out of the

24   State Minnesota, and is fraudulently misrepresented as the apparent Assistant Secretary /

25   Employee (officer) of Mortgage Electronic Registration System (MERS)

26   4.) The alleged Assignment (Exhibit A1) is not authentic, invalid and defective as it fail

27   to have the required power of attorney, authorizing the signatory to act on behalf

28

1 Mortgage Electronic Registration System; thus probable cause exist for the agents
2 practicing law without a license.

3 5.) The assignments for reasons unbeknownst to the Plaintiffs' were recorded more than
4 14 months from the alleged transfer.

5 6.) Based on the nature of the defective, invalid, and unauthentic Corporate Deed of
6 Assignment (Exhibit A1) it appears to be a self-assignment to Wells Fargo Bank N.A in
7 an attempt to create standing to initiate a non judicial foreclose, in violation of the
8 Plaintiffs' right to security and due process under the 4th and 5th amendment of the
9 constitution for the United States of America (republic); and in violation of the treaty of
10 Peace and Friendship between Morocco (Empire) and the United States article 11, 20, 21,
11 24, and 25.  It is unclear by the language within the instrument; who is the assignee, and
12 who is the assignor.

13 7.) The Assignment is suspect as a recording containing false and misrepresented
14 information that was relied upon by the Plaintiffs',

15 Because all of these parties appear to be acting in concert with one another in an apparent
16 attempt to defraud the Plaintiffs' and Embezzle their Estate/ ESTATE probable cause
17 also exists for violation of California Penal Code 115 RICO; (knowing filling false,
18 registering or recording a false forged document in any public office of the States) and
19 the California Rico statues.  There is also probable cause for unauthorized practice of
20 law, since the employees appear to be unsupervised by legal counsel.

21 49.) **Claim 5**

22 Rights Protected under the Treaty of Peace and friendship Between the Morocco and the
23 United States (1836)

24         The Plaintiffs' gave the defendants NOTICE of their political status in this
25 country.  The Defendants' juristic citizenry is that of a US Citizen (United States
26 Citizen), all disputes between the Plaintiffs' and the Defendants must be held in a
27 consular venue, as the issue of diversity is paramount.  As the Defendants' have been
28 born and or naturalized within the United States, they are subject to ALL its laws.  The

Plaintiffs' affirmatively assert and declare that the Defendants have no standing, to escheat the private property Estate of the Plaintiffs'. Any action would be a violation of the treaty between Morocco and the United States of America (1836)

**Relief Sought**

WHEREFORE, the Plaintiffs' MOVE this court:

50) . Compensatory damage, including general and special damages, in accordance with the facts and truth in the amount of ,

51.) The Society moves this Court, to place an injunction on WELLS FARGO BANK et alia  and or CARRINGTON MORTGAGE  LLC to desist from reporting to all credit reporting agencies, specifically but not limited to EXPERIAN, EQUIFAX, and TRANSUNION as it relates to the account in question.

52.) To ORDER WELLS FARGO BANK N.A., et alia and CARRINGTOM MORTGAGE LLC et alia to correct all flawed entries, as it relates to their questionable accounting practices, using the name GERRAD SWAHILI and FATIMA SWAHILI as usufruct.

53.) To ORDER Charles Scarf, doing business as WELLS FARGO BANK N.A., and Kevin Wall / Lawyers Title to remove the lien procured by fraudulent means, filed at the County of Riverside, identified as DOC # 2013-00388149

54.) To ORDER a valid discharge issued by a (1) MERS or (2) a member of MERS acting through a certifying officer of MERS.  MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS) certifying officer.

55.) In order to cure these defects, the Society moves this COURT to place a Permanent Injunction, barring WELLS FARGO BANK N.A., Carrington Mortgage LLC from transferring the alleged debt, on their balance sheet using the asset (property) as surety for the alleged debt / account in question. The monetary value attributed to this cause of action is in the amount $88,120.91, as NO check has ever been deposited in the account that is used by the Plaintiffs'.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: Pernell El

Dernell El

**Moorish Consul by Treaty on behalf of the Society of the House of El / Waqf**

All statements A
and claims are
true and factually
based This Affidavit
is signed under
the penalty of perjury
with my hand and seal
July 7th 2021

# Exhibit 10

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN C. DINEEN, Cal. Bar No. 222095
jdineen@sheppardmullin.com
ANNA JANE I ZARNDT, Cal. Bar No. 327719
azarndt@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815

Attorneys for Defendants
WELLS FARGO BANK, N.A. and
CHARLES SCHARF

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PERNELL EL, Society of the House of El (Waqf), religious and civic comity Pernell El/Trustee/Moorish Consul on behalf of the Heirs,<br><br>          Plaintiff,<br><br>          v.<br><br>CHARLES SCHARF, an individual; WELLS FARGO BANK, N.A., a California Corporation; BRUCE ROSE, an individual; CARRINGTON MORTGAGE LLC, a limited liability corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC. (MERS); LAWYERS TITLE Corporation,<br><br>          Defendants. | Case No. 2:21-cv-03137 AB-KES<br><br>**DEFENDANTS WELLS FARGO BANK, N.A. AND CHARLES SCHARF'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [Fed. R. Civ. P. 12(b)(6)]**<br><br>*[Memorandum of Points & Authorities; Request for Judicial Notice; and Declaration of Anna Jane I. Zarndt filed concurrently herewith]*<br><br>Date:    August 27, 2021<br>Time:    10:00 a.m.<br><br>Assigned to: Hon. Andre Birotte, Jr.<br>Courtroom 7B, 7th Floor<br>350 West 1st Street<br>Los Angeles, CA  90012<br><br>Complaint Filed: April 12, 2021<br>Amended Complaint Filed: July 7, 2021 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, August 27, 2021 at 10:00 a.m., or as soon thereafter as the matter may be considered by the Honorable Andre Birotte, Jr. of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, Defendants Wells Fargo Bank, N.A. (erroneously sued as "Wells Bank, N.A., a California Corporation") ( herein "Wells Fargo") and Charles Scharf (erroneously sued as "Charles Scarf, and [sic] individual") (herein "Scharf"), collectively, the "Wells Fargo Defendants," will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the First Amended Complaint ("FAC") filed by plaintiff Pernell El, Society of the House of El (Waqf), religious and civic comity Pernell El/Trustee/Moorish Consul on behalf of the Heirs ("Plaintiff").

Wells Fargo makes this motion on the grounds that Plaintiff's FAC fails to state a claim upon which relief may be granted. As more particularly set forth in the concurrently-filed Memorandum of Points & Authorities, Plaintiff's claims against the Wells Fargo Defendants fail for the following reasons:

- The FAC must be dismissed because the claims presented therein are time-barred by the applicable statute of limitations. Cal. Code Civ. P. § 338(d).

- The FAC must be dismissed because Plaintiff lacks standing to bring this action.

- Each and every one of Plaintiff's claims fail because the allegations do not meet the pleading standards set forth in Fed. R. Civ. P. 8(a)(2).

- Each and every one of Plaintiff's claims fail because Plaintiff fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

1     •    The federal criminal fraud statutes cited in the FAC do not contain

2           private rights of action, nor do they otherwise create civil liability, or

3           the claims are otherwise insufficiently pled.

4     •    Plaintiff cannot rely on the Moroccan treaty cited in the FAC.

5          This motion is based upon this notice of motion and motion, the

6 memorandum of points and authorities filed concurrently herewith, Wells Fargo's

7 Request for Judicial Notice and exhibits attached thereto, the supporting declaration

8 of Anna Jane I. Zarndt, the Proposed Order, all other pleadings, papers, records and

9 documentary materials on file or deemed to be on file in this action, and such other

10 matters as the court may consider at the hearing, should the Court request one.

11          This motion is made following a discussion to meet and confer by

12 counsel for Wells Fargo Defendants and Plaintiff pursuant to Local Rule 7-3 on

13 July 14, 2021.

14

15 Dated:  July 21, 2021

16                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18            By

19                       /s/ John C. Dineen

20                   JOHN C. DINEEN
                   ANNA JANE I. ZARNDT

21                 Attorneys for Defendants
              WELLS FARGO BANK, N.A. and

22                CHARLES SCHARF

23

24

25

26

27

28

SMRH:4814-5027-2498

# Exhibit 11

**AKERMAN LLP**
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akrman.com
VIVIAN A. LE (SBN 311817)
Email: vivian.le@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendants
BRUCE ROSE, CARRINGTON MORTGAGE
SERVICES, LLC (erroneously sued as Carrington
Mortgage LLC), and Mortgage Electronic
Registration Systems, Inc. (erroneously sued as
Mortgage Electronic Registration System Inc.
(MERS))

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERNELL EL, Society of the House of El (Waqf), religious and civic comity Pernell El/Trustee/Moorish Consul on behalf of the Heirs, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES SCHARF, an individual; WELLS FARGO BANK, N.A., a California Corporation; BRUCE ROSE, an individual; CARRINGTON MORTGAGE LLC, a limited liability corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC. (MERS); LAWYERS TITLE Corporation, <br><br> Defendants. | Case No. 2:21-cv-03137-AB-KES <br><br> Hon. André Birotte Jr. <br><br> **DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S NOTICE OF AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *[Concurrently filed with Request for Judicial Notice; Declaration of Vivian A. Le; and [Proposed] Order]* <br><br> **Hearing Information**: <br> **Date:    August 27, 2021** <br> **Time:   10:00 a.m.** <br> **Crtrm: 7B** <br><br> Complaint Filed:  April 12, 2021 <br> Amended Complaint Filed: July 7, 2021 |

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE COURT, ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** on August 27, 2021 at 10:00 a.m. or as soon thereafter as may be heard in Courtroom 7B of the First Street U.S. Courthouse, located at 350 W. 1st Street, 7th Floor, Los Angeles, California 90012, defendants Carrington Mortgage Services, LLC (**Carrington**) (erroneously sued as Carrington Mortgage LLC), and Mortgage Electronic Registration Systems, Inc. (**MERS**) (erroneously sued as Mortgage Electronic Registration System Inc (MERS)), and Bruce Rose, will move to dismiss with prejudice the complaint filed by plaintiff Society of the House of El / Waqf, Pernell El /Trustee /Moorish Consul on behalf of the Heirs.

Defendants move pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6), 12(b)(7) on the grounds Mr. El's complaint fails to state a claim upon which relief can be granted because it is insufficiently pled and fails to join an indispensable party. The motion bases on this notice, the attached memorandum of points and authorities, the concurrently filed request for judicial notice, the supporting declaration of Vivian A. Le (**Le Decl.**), the records and files of this Court, and further evidence and argument presented prior to or at the time of the hearing.

The parties met and conferred pursuant to L.R. 7-3. (*See* Le Decl**.**, ¶ 8.)

Dated: July 28, 2021

**AKERMAN LLP**

By:   */s/ Parisa Jassim*

Parisa Jassim
Vivian A. Le
Attorneys for Defendants
BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC (erroneously sued as Carrington Mortgage LLC), and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (erroneously sued as Mortgage Electronic Registration System Inc. (MERS))

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

I.    INTRODUCTION ........................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND.........................................................1

III.  LEGAL STANDARD...................................................................................................2

IV.  LEGAL ARGUMENT..................................................................................................3

      A.    Mr. El Lacks Standing To Bring Claims ..........................................................3

      B.    Mr. El's Fraud Claims Are Time-Barred ..........................................................4

      C.    The Complaint is Insufficiently Pled ................................................................4

            1.    Mr. El Fails to Meet Rule 8's Basic Pleading Requirements .....................4

            2.    Mr. El Fails to State A Fraud Claim Under Fed. R. Civ. P. 9(B) ...............5

      D.    Mr. El Fails to State a Claim Against Bruce Rose..................................................6

      E.    Mr. El Cannot Bring Claims Against Private Parties Under the Fourth and Fifth Amendments ......................................................................................................7

      F.    No Private Right of Action Exists Under 18 U.S.C. §§ 153, 241, 1341, and 1343.7

      G.    Mr. El's Claims for RICO Violation Fail ..........................................................8

      H.    Mr. El's Argument for Unauthorized Practice of Law Fails ...............................8

      I.     Mr. El's Claim for Treaty Violation Fails .........................................................9

      J.     Fatima Swahili Is an Indispensable Party ..........................................................9

V.    CONCLUSION...........................................................................................................10

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aldabe v. Aldabe,*
   616 F.2d 1089, 1092 (9th Cir. 1980) ...........................................................8

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................2, 5

*Assoc. Gen. Contractors v. Cal. State Council of Carpenters,*
   459 U.S. 519 (1983) ............................................................................5

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1990) ...............................................................2

*Bey v. Dimon,*
   2020 WL 999548 (N.D. Cal. 2020) .......................................................8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ........................................................................2, 5

*Bey v. City of Rochester,*
   2012 WL 1565636 (W.D.N.Y. 2012) ....................................................9

*Bingue v. Prunchak,*
   512 F.3d 1169, 1174 (9th Cir. 2008) ....................................................7

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys, Inc.*
   637 F.3d 1047, 1059 (9th Cir. 2011) ...................................................3

*Clark v. State of Wash.,*
   466 F.2d 678 (9th Cir. 1966) ...............................................................3

*Corr. Servs. Corp. v. Malesko,*
   534 U.S. 61 (2001) ..............................................................................7

*Corrigan v. Buckley,*
   271 U.S. 323 (1926) ............................................................................7

*DiLeo v. Ernst & Young,*
   901 F.2d 624 (7th Cir. 1990) ...............................................................6

*El Ameen Bey v. Stumpf,*
   825 F. Supp. 2d 537 (D.N.J. 2011) ......................................................9

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

*Garcia v. Wells Fargo Bank, N.A.*,
2015 WL 3742815 .................................................................................................9

*Heuslein v. Chase Bank U.S.A., N.A.*,
2009 WL 3157484 (S.D. Cal. 2009) ....................................................................5

*In re GlenFed, Inc. Securities Litig.*,
42 F.3d 1541 (9th Cir. 1994) ...............................................................................6

*Knapp v. Hogan*,
738 F.3d 1106 (9th Cir. 2013) .............................................................................3

*Lancaster Community Hosp. v. Antelope Valley Hosp. Dist*,
940 F.2d 397 (9th Cir. 1991) ...............................................................................8

*Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*,
416 F.3d 940 (9th Cir. 2005) ...............................................................................2

*Mapp v. Ohio*,
367 U.S. 643 (1961)..............................................................................................7

*McHenry v. Renne*,
84 F.3d 1172 (9th Cir. 1996) ...............................................................................3

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) .................................................................................5, 6

*Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*,
943 F.3d 1243 (9th Cir. 2019) .............................................................................8

*Ross v. Orange Cty. Bar Ass'n*,
369 F. App'x 868 (9th Cir. 2010) .........................................................................7

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (U.S. 2016)..................................................................................4

*Susilo v. Wells Fargo Bank, N.A.*,
2012 WL 5878201 (C.D. Cal. 2012).....................................................................9

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ...............................................................................6

*Tonseth v. WAMU Equity Plus*,
2012 WL 37406 (W.D. Wash. 2012) ....................................................................5

*U.S. Concord Inc. v. Harris Graphics Corp.*,
757 F.Supp. 1053 (N.D. Cal. 1991) .....................................................................6

*U.S. v. Bowen*,
172 F.3d 682 (9th Cir. 1999) ...............................................................................3

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

iii

Case No. 2:21–cv–03137–AB–KES

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

*Wisdom v. First Midwest Bank of Poplar Bluff*,
167 F.3d 402 (8th Cir. 1999) ................................................................................7

**Constitution & Statutes**

U. S. Const. amend. IV. ...........................................................................................7

U. S. Const. amend. V ............................................................................................7

18 U.S.C. § 153 ......................................................................................................9

18 U.S.C. §§ 153 and 242 ......................................................................................8

18 U.S.C. §§ 1341 ..................................................................................................7

California Civil Code §§ 1572(1) ...........................................................................9

California Penal Code § 115 ...................................................................................8

Code Civ. P. § 338(d) ........................................................................................5, 7

RICO .......................................................................................................................8

**Rules**

Fed. R. Civ. P. 8 ...........................................................................................1, 3, 4, 5

Fed. R. Civ. P. 9 ...............................................................................................5, 6, 8

Fed. R. Civ. P. 12 ....................................................................................................2, 3

Fed. R. Civ. P. 19 .............................................................................................3, 9, 10

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

iv                    Case No. 2:21-cv-03137-AB-KES

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Mr. El's amended complaint is the latest in a string of efforts to avoid various debt obligations.  From what defendants can glean, Mr. El complains unspecified parties defrauded him at loan origination, violating treaty protections between Morocco and the United States.  Notwithstanding general uncertainty, the time-barred claims are insufficiently pled under both Federal Rules of Civil Procedure 8 and 9(b).  Even if amended to clarify or adequately plead delayed discovery, Mr. El lacks standing to allege treaty violations and relies on statutes with no private right of action, together warranting dismissal with prejudice.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. El, under his legal name Gerrad Pernell Swahili, and his wife, Fatima Swahili, purchased real property located at 30328 Vercors Street, Murrieta, California 92563 (the **property**) in March 2011.  Together Mr. El, again under his legal name, and Ms. Swahili borrowed $299,150.00 from DHI Mortgage Company, secured with a deed of trust recorded April 12, 2011 (**DHI DOT**).  (Request for Judicial Notice (**RJN**), Ex. 1.)  MERS was the named beneficiary on the deed of trust.  (*Id.*)  MERS assigned its interest in the DHI DOT to defendant Wells Fargo Bank, N.A. (**Wells Fargo**) through a corporate assignment, recorded August 10, 2012.  (RJN, Ex. 2.)

On August 8, 2013, Mr. El and Ms. Swahili borrowed $88,122.91 from the Secretary of Housing and Urban Development, secured with a deed of trust recorded on August 10, 2013 (**HUD DOT**).  (RJN, Ex. 3.)

On August 11, 2020, Mr. El attempted to quit claim deed the property to the "Esoteric Society of the House of El."  (FAC, p. 13; ECF 22, Ex. C.)

Wells Fargo assigned the DHI DOT to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust I, with an assignment recorded

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

April 28, 2021. (RJN, Ex. 4.) Servicing transferred to Carrington a month later, in May 2021. (ECF 22, Exs. E, Q3.) Shortly after, Mr. El sent a "notice of repudiation and rebuttal & reversion of estate" to defendants Charles Scarf and Bruce Rose, denying his debt obligation. (FAC, p. 14; ECF 22, Ex. E.) After a year of nonpayment, Carrington sent a notice of intent to foreclose in June 2021. (ECF 22, Ex. Q4.)

Mr. El filed suit on April 9, 2021, and an amended complaint on July 7, 2021, adding Bruce Rose, Carrington, and MERS as defendants (**FAC**). Mr. El alleges defendants fraudulently obtained the borrowers' signatures on the HUD DOT and challenges the authenticity of the DHI DOT. (*See* FAC, p. 3, 10.)

### III. LEGAL STANDARD

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper when a complaint exhibits a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). The factual "allegations must be enough to raise a right to relief beyond a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal with prejudice is proper if "it is clear that the complaint could not be saved by any amendment." *Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). Under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 570. A plaintiff must plead factual content allowing the court to draw the reasonable inference defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements..." *Id.* When considering a motion under

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

59201562;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Rule 12(b)(6), the Court must accept factual allegations in the complaint (and documents appended to and/or incorporated by reference) as true and draw reasonable inferences in plaintiff's favor. *Iqbal* at 664.

A plaintiff must assert a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff violates Rule 8 where "the very prolixity of the complaint [makes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *see Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys, Inc.* 637 F.3d 1047, 1059 (9th Cir. 2011) ("Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling") (internal quotations and citations omitted). A claim may be dismissed for a violation of the Rule 8 "short and plain statement" requirement independent of Rule 12(b)(6). *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

Dismissal is also warranted when a plaintiff fails to join an indispensable party as defined in Fed. R. Civ. P. 19. Fed. R. Civ. P. 12(b)(7); *Clark v. State of Wash.*, 466 F.2d 678, 682 (9th Cir. 1966); *see U.S. v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999).

## IV.  LEGAL ARGUMENT

### A.  Mr. El Lacks Standing To Bring Claims

To establish Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (U.S. 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Mr. El claims he relied on and was harmed by defendants' purported misrepresentation, but does not describe who made or what constituted the misrepresentation. (FAC, p. 18.)

59201562;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

Further problematic is Mr. El's refusal to file suit under his legal name—the name identified on the grant deed and deed of trust—Gerrad Pernell Swahili. But for special circumstances, plaintiffs must use legal names in federal court. *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058 (9th Cir. 2000), 1068–69 (9th Cir. 2000) (permitting anonymous litigants when the need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the identity of litigants, which depends on the severity of the threatened harm; the reasonableness of the fear; and the party's vulnerability to retaliation). There is no alleged basis for Mr. El to litigate under a fictitious name.

Nor has Mr. El established concrete injury. "A 'concrete injury,' as required for Article III standing, must be de facto; that is, it must actually exist," even "in the context of a statutory violation." *Spokeo, Inc.*, 136 S. Ct. at 1548-49. At best, Mr. El alleges fear of a potential loss of property (FAC, p. 19), falling short of Article III's concrete, de facto injury standard.

**B. Mr. El's Fraud-Based Claims Are Time-Barred**

Mr. El's first four claims, all alleging fraud, relate to fraudulently procured signatures on the deeds of trust and 2012 corporate assignment. But these loan documents were executed between 2011 and 2013, and any fraud-based claims arising out of them are time-barred. Mr. El filed his initial complaint nearly eight years after the most recent deed of trust on April 12, 2012, far exceeding the three-year statute of limitations for common law fraud. *See* Code Civ. P. § 338(d). The fraud claims should be dismissed on this ground alone.

**C. The Complaint is Insufficiently Pled**

**1. Mr. El Fails to Meet Rule 8's Basic Pleading Requirements**

The complaint fails to meet the standard of Rule 8(a)(2), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) is designed to "give the defendant fair notice of what the … claim is and the grounds upon

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55 (2007).  A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" to survive dismissal.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The allegations are confusing and nonsensical—*e.g.*, claims Mr. El is not a citizen or resident of Murietta, with later admissions he permanently resides on the property, or "[a]ll parties have been given of our right to call the loan, as the true creditor and beneficiary." (FAC, pp. 5, 16, 26, 27.)  Amidst the unintelligible rambling, Mr. Rose, Carrington, and MERS cannot discern which defendants might be liable under each cause of action.  (*See* FAC, *generally*.)  To the extent Mr. El alleges claims against all defendants, they are misplaced.  Carrington had no involvement in handling the deeds of trust or 2012 assignment—it only began servicing the DHI DOT in April 2021; MERS had no involvement with the HUD DOT; and Mr. Rose's involvement is altogether unclear.  (*See* FAC, *generally*; RJN, Exs. 1-4.)  As alleged, defendants have no notice as to what they purportedly did wrong.  *See Heuslein v. Chase Bank U.S.A., N.A.*, 2009 WL 3157484, at *2 (S.D. Cal. 2009) ("Courts have dismissed complaints as violative of Rule 8 when the pleading was highly repetitious, confused, or consisted of incomprehensible rambling."); *Tonseth v. WAMU Equity Plus*, 2012 WL 37406, at *4 (W.D. Wash. 2012) (acknowledging even *pro se* plaintiffs must provide enough facts to state a claim "plausible on its face").

## 2.  Mr. El Fails to State A Fraud Claim Under Fed. R. Civ. P. 9(B)

Mr. El's first four claims—all fraud-based—rely on conclusory allegations the loan documents are inauthentic and fraudulent.  (FAC, pp. 16-19.)

Under Fed. R. Civ. P. 9(b), "a party must state with particularity the circumstances constituting fraud."  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993).  To satisfy Rule 9(b)'s rigorous pleading standard, the "complaint must

Case No. 2:21-cv-03137-AB-KES

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner*, 6 F.3d at 672. For example, general allegations such as "during the course of discussions in 1986 and 1987," and "in or about May through December 1987," do not suffice. *U.S. Concord Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1057 (N.D. Cal. 1991). Plaintiff also must plead the content of the alleged misrepresentations, who made them, why they were false, and the specific facts showing defendant's knowledge of material falsity. *See In re GlenFed, Inc. Securities Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994).

It's unclear how defendants' purported actions might constitute fraud. Mr. El's allegations fail to state "the who, what, when, where and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). He contends "defendants knowingly represented facts to the Plaintiffs' [sic] that were not true" (FAC, p. 18), but does not set forth the specific representations made by Mr. Rose, Carrington, or MERS, nor does he explain who made the representations; when they made them or how they are responsible for them. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (plaintiff must "inform each defendant separately of the allegations surrounding his alleged participation in the fraud" and "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identify the role of [each] defendant[] in the alleged fraudulent scheme'").

### D. Mr. El Fails to State a Claim Against Bruce Rose

The complaint asserts no allegations against Mr. Rose. (*See* FAC, *generally*.) Mr. El names Mr. Rose presumably in his capacity as CEO of the Carrington Companies, the holding company for Carrington Mortgage Services, LLC, and mentions him only in the statement of facts as a recipient of Mr. El's repudiation notice. (FAC, p. 14.) As stated, the claims fail under both Fed. R. Civ. P. 8(a)(2) and 12(b)(6).

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

Case No. 2:21−cv−03137−AB−KES

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### E.   Mr. El Cannot Bring Claims Against Private Parties Under the Fourth and Fifth Amendments

Mr. El claims defendants violated the Fourth and Fifth Amendments in connection with the first and fourth claims (FAC, pp. 16-17, 20), but these do not apply to private parties.

The Fourth Amendment protects personal privacy against unwarranted government intrusion. U. S. Const. amend. IV, *Mapp v. Ohio*, 367 U.S. 643 (1961). It cannot form the basis for a claim against private individuals. *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61 (2001) (no implied private right of action for damages against private entities engaging in alleged constitutional deprivations while acting under color of federal law). Defendants are even more removed from the private entity defendants in *Corr. Servs. Corp.*—Mr. El alleges no actions under the "color of law." The Fifth Amendment similarly limits the federal government, not individuals. U.S. Const. amend. V; *Corrigan v. Buckley*, 271 U.S. 323, 327 (1926); *see also Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (the Fifth Amendment's due process clause applies only to the federal government). Defendants are private parties, with no nexus to any governmental entity.

### F.   No Private Right of Action Exists Under 18 U.S.C. §§ 153, 241, 1341, and 1343

Mr. El cannot allege civil liability under Title 18. He argues probable cause for violations of 18 U.S.C. §§ 153 (embezzlement against estate), 241 (conspiracy against rights), 1341 (frauds and swindles), and 1343 (fraud by wire, radio, or television), because defendants mailed, electronically recorded, or handled the loan document (FAC pp. 16-21), but Mr. El has no private right of action under these criminal statutes. *See Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (no private right of action under § 1341); *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) (no private right of action under §§ 1341,

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

1343); *Bey v. Dimon*, 2020 WL 999548, at *1 (N.D. Cal. 2020) (no private right of action under §§ 153 and 241 because they are "criminal in nature, which, as a general matter, do not provide for civil liability"; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability under § 241).

### G.  Mr. El's Claims for RICO Violation Fail

Under the third and fourth claims, Mr. El alleges defendants violated California Penal Code § 115 (filing a false document) and "California RICO statutes." (FAC, pp. 17, 20).

Section 115 provides "[e]very person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony." He does not allege how a felony statute applies.

To recover for a civil RICO violation, plaintiff must prove defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, 943 F.3d 1243, 1248 fn. 5 (9th Cir. 2019) (citing *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002)). RICO claims predicated on fraud are subject to Rule 9(b)'s particularity standard. Fed. R. Civ. P. 9(b); *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist*, 940 F.2d 397, 405 (9th Cir. 1991) (RICO actions must follow Rule 9(b) where predicate act is fraud). Mr. El fails to plead both general RICO violation and RICO violation predicated on fraud—no facts suggest a RICO enterprise nor does Mr. El describe any conduct or pattern remotely resembling racketeering.

### H.  Mr. El's Argument for Unauthorized Practice of Law Fails

Under the fourth claim, Mr. El alleges probable cause for the unauthorized practice of law in connection with unsupervised employees and the 2012 assignments, relying on California Civil Code §§ 1572(1) (actual fraud) and 1710(1) (deceit), and

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

18 U.S.C. § 153 (embezzlement against estate).  (FAC, p. 18, 20.)  But Mr. El specifies *no* actual conduct suggesting an unlawful practice of law, fraud, deceit, or embezzlement under the statutes, let alone the requisite degree of particularity.

### I.    Mr. El's Claim for Treaty Violation Fails

Under  the fifth claim, Mr. El alleges defendants violated rights protected under the "Treaty of Peace and Friendship Between the Morocco and the United States (1836)."  (FAC, p. 20.)  Under the fourth claim, Mr. El alleges violation of the "treaty of Peace and Friendship between Morocco (Empire) and the United States." (*Id.*)  Mr. El conflates the Treaty of Peace and Friendship ratified in 1787 and the Treaty with Morocco signed in 1836, though neither support his claims.  Mr. El cannot rely on treaties to argue defendants violated rights in connection with real property in the United States. "A litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous." *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D.N.J. 2011) (reliance on treaty for claims related to real estate within the United States is facially frivolous); *Bey v. City of Rochester*, 2012 WL 1565636, at *1-2, 7 (W.D.N.Y. 2012) (same).

### J.    Fatima Swahili Is an Indispensable Party

Fatima Swahili is a co-borrower on both deeds of trust and documented co-owner of the property (RJN, Exs. 1, 2; Le Decl., ¶ 9, Ex. 7), rendering her an indispensable party under Fed. R. Civ. P. 19.  *See Susilo v. Wells Fargo Bank, N.A.*, 2012 WL 5878201 at *6 (C.D. Cal. 2012) (current owner of the property is deemed a Rule 19 indispensable party); *see also Garcia v. Wells Fargo Bank, N.A.*, 2015 WL 3742815 at *2 (borrower named on deed of trust is an indispensable party).  Ms. Swahili's interests in the property are directly affected by this litigation, and her absence would "impair or impede [her] ability to protect th[at] interest."  Fed. R. Civ. P. 19(a)(1)(B)(i). The court cannot hear this case without her.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

# V. CONCLUSION

At every turn, defendants are forced to speculate the factual bases for Mr. El's claims. Not only does Mr. El lack standing to bring this suit, he fails to join Fatima Swahili as an indispensable party, and alleges time-barred, insufficiently pled, and misplaced claims. Defendants Bruce Rose, Carrington, and MERS respectfully request the court grant their motion, and dismiss Mr. El's complaint with prejudice.

Dated: July 28, 2021

**AKERMAN LLP**

By: _/s/ Parisa Jassim_
Parisa Jassim
Vivian A. Le
Attorneys for Defendants
BRUCE ROSE, CARRINGTON
MORTGAGE SERVICES, LLC
(erroneously sued as Carrington
Mortgage LLC), and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC. (erroneously sued as
Mortgage Electronic Registration
System Inc. (MERS))

**DEFENDANTS BRUCE ROSE, CARRINGTON MORTGAGE SERVICES, LLC, AND MERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

59201562;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 West Fifth Street, Suite 300, Los Angeles, California 90071.

On **July 28, 2021**, I served the following document(s) described as;

**DEFENDANTS CARRINGTON MORTGAGE SERVICES, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, AND BRUCE ROSE'S NOTICE OF AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the persons below as follows:

| | |
|---|---|
| Society of the House of El (Waqf) | John C. Dineen, Esq. |
| Pernell El / Trustee / Moorish Consul | Anna Jane I. Zarndt, Esq. |
| P.O. Box 151162 | SHEPPARD, MULLIN, RICHTER & |
| San Diego, California 92175 | HAMPTON LLP |
| Telephone: (619) 750-4787 | 501 West Broadway, 19th Floor |
| Email: houseofel07@gmail.com | San Diego, California 92101-3598 |
| | Telephone: (619) 338-6500 |
| *Attorney for Plaintiff* | Email: jdineen@sheppardmullin.com |
| *SOCIETY OF THE HOUSE OF EL (WAQF),* | azarndt@sheppardmullin.com |
| *PERNELL EL/Trustee/ MOORISH CONSUL* | |
| *on behalf of the Heirs* | *Attorney for Defendant* |
| | *WELLS FARGO BANK, N.A.* |

☐    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☒    **BY CM/ECF ELECTRONIC FILING:** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☒    (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 28, 2021**, at Los Angeles, California.

Suzanne I. Jimenez
(Type or print name)

*Suzanne I. Jimenez*
(Signature)

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# Exhibit 12

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | CV 21-03137 AB (KESx) | **Date:** | September 3, 2021 |

| | |
|---|---|
| **Title:** | *Pernell El, etc. v. Wells Fargo Bank et al.* |

| | |
|---|---|
| **Present: The Honorable** | **ANDRÉ BIROTTE JR., United States District Judge** |

| | |
|---|---|
| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  **[In Chambers] ORDER <u>GRANTING</u> MOTIONS TO DISMISS AND <u>DENYING</u> MOTION FOR A PRELIMINARY INJUNCTION**

Before the Court is a Motion for a Preliminary Injunction ("PI Motion," Dkt. No. 21) filed by Plaintiff Pernell El, Society of the House of El (Waqf), religious and civic comity Pernell El/Trustee/Moorish Consul on behalf of the Heirs ("Plaintiff"). Also before the Court are two Motions to Dismiss: one filed by Defendants Charles Scharf and Wells Fargo Bank ("WF Defendants") (Dkt. No. 25) and the other filed by Defendants Carrington Mortgage LLC, Mortgage Electronic Registration System Inc. (MERS), and Bruce Rose ("MERS Defendants") (Dkt. No. 29). Oppositions were filed as to all Motions, and Replies were filed as to the Motions to Dismiss. The Defendants' Motions to Dismiss are **<u>GRANTED</u>** and Plaintiff's Motion for a Preliminary Injunction is **<u>DENIED</u>**.

## I.    PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint ("FAC," Dkt. No. 11) purports to assert claims for (1) actual fraud, (2) criminal fraud under 18 U.S.C § 1341, (3) wire

fraud and/or estate embezzlement, (4) fraud, collusion, and intentional misrepresentation, and (5) a claim under the Rights Protected under the Treaty of Peace and Friendship Between Morocco and the United States (1836).[1] *See generally* FAC.

The action arises out of a foreclosure sale of a property located in Murrietta, California (the "Property"). *See* FAC p. 2, ¶ 3. The underlying factual allegations are difficult to discern. However, the gravamen appears to be that "the Defendant(s) have fraudulently misrepresented themselves as having the Deed of Trust, Promissory Note, and valid Assignment of the original Deed of Trust," and that notes and deed of trust are not authentic and are invalid, and thus the Defendants lack standing to foreclose. *See* FAC p. 2, ¶¶ 2, 3. Plaintiff alleges that Wells Fargo "procured the signatures of the Plaintiffs" on the Promissory Note and Deed of Trust through "misrepresented, coercive, threatening, and fraudulent tactics." *See* FAC p. 3, ¶ 4. Plaintiff also alleges that Wells Fargo could not produce a satisfactory copy of the original deed of trust and promissory note. *See* FAC pp. 9-10, ¶¶ 17-22.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id*. The complaint must also be "plausible on its face," that is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it

---

[1] These are the claims as laid out in the body of the FAC. The face page of the FAC reflects the following claims: (1) fraud and misrepresentation, (2) actual fraud, (3) conversion, (4) estate embezzlement, (5) wire fraud, and (6) collusion.

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

A court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of matters of public record outside of the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90.

In federal court, "[in] alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) requires a plaintiff averring fraud to plead the 'who, what, when, where, and how' of the alleged misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

## III. DISCUSSION

The FAC must be dismissed.

The FAC's first allegation states "Pernell El, trustee and Moorish Consul, by treaty, brings this action in the name of the Society of the House of El Waqf, heretofore will be referenced as 'the Society'." FAC p. 2, ¶ 1. Pernell El, appearing *pro se*, is not apparently an attorney. Therefore, he cannot represent anyone in this Court. At the same time, the FAC pleads that the real plaintiff is the Society of the House of El Waqf. *See* FAC p. 5, ¶ 3 ("Plaintiffs, the *Society of the House of El (Waqf)* a religious/civic organization and trust, created in Morocco….") (italics in

**CIVIL MINUTES – GENERAL**

original); *see also* FAC p. 5, ¶ 4 (describing Pernell El as "Moorish Consul / Trustee / unconditional Heir, on behalf of the unconditional Heirs of the Society of the House of E1(Waqf)."). An entity or organization cannot appear "pro se" and must instead be represented by counsel. *See* Local Rule 83-2.2.2 ("Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1."). But, Mr. El is not an attorney and therefore cannot represent the Society in Court. Thus, this action has not properly been filed on behalf of what appears to be the alleged real party in interest, the Society.

Second, neither Pernell El nor the Society is the borrower on the loans at issue in the FAC, or the owner of record of the property that secures the loans at issue in the FAC, so they lack standing to sue. *See, e.g.*, WF RJN (Dkt. No. 30) Ex. 1 (deed of trust between borrowers Gerrad Pernell Swahili and Fatima Swahili, and lender DHI Mortgage Company), *and* Ex. 3 (deed of trust between borrowers Gerrad Pernell Swahili and Fatima Swahili, and The Secretary of Housing and Urban Development).[2] The Defendants state that "Pernell El" is an alias for buyer Gerrad Pernell Swahili, and point out that this does not salvage the FAC because "the title of the complaint must name all the parties." Fed. R. Civ. Proc. 10(a). The Court will not analyze standing under the assumption that Pernell El is Gerrad Pernell Swahili. The burden is on the plaintiff to accurately identify himself. Furthermore, the Ninth Circuit allows parties to use pseudonyms only "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.' " *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (citation omitted). Here, the Plaintiff did not seek leave to use a pseudonym, and instead doubles down on the name he used, stating that the law allows him to use any name he chooses. *See* Opp'n (Dkt. No. 35) 11:13-15. Plaintiff insists that its "status was placed on the record" in FAC p. 5, ¶¶ 3-4, and that this is sufficient to show standing. *Id.* 11:15-23. But FAC p. 5, ¶¶ 3-4 merely identifies that the Plaintiff is the Society, and states that Pernell El, Moorish Consul, is acting on behalf of the Heirs of the Society. This fails to show that Plaintiff has standing

---

[2] The Court **GRANTS** both Requests for Judicial Notice (Dkt. Nos. 26, 30) as they seek notice of matters of public record, including deeds of trusts and assignments of deeds of trust relating to the Property in issue. These matters are judicially noticeable under Fed. R. Evid. 201. The Court grants notice over Plaintiff's unsupported and implausible objections to the authenticity of the documents.

because it does not show Plaintiff's connection to the Property, such as by showing that it was a party to the Promissory Note and Deed of Trust. The only connection that the Court found in the FAC is that "We, the Plaintiffs[] are Al Moroccan / Moorish American, and have been permanently domiciling in, the personal private property, . . . ," *see* FAC p. 6, ¶ 1, and that Pernell El and that Fatima Swahili El are the "true beneficiary of the GERRAD PERNELL ESTATE," *see* FAC p. 14, ¶ 38, but neither allegation is sufficient to establish standing to sue relative to the foreclosure of the property. Ultimately, the FAC is unclear as to who the plaintiff really is and their connection to the Property. The FAC must therefore be dismissed because it does not establish the Plaintiff's standing.

Given the lack of standing, the Court need not analyze in depth whether the FAC states any viable claim. Nevertheless, the Court agrees with the Motions that none of the claims are adequately pled and none of them are viable: the claims are unintelligible, the fraud claims are not pled with particularity, the claims based on violations of the United States Criminal Code fail because there are no viable civil claims under the cited code sections, and Plaintiff has no plausible civil claim based on the treaty between Morocco and the United States, among other reasons. The only discernible factual basis for Plaintiff's claims is the theory that Wells Fargo lacks standing to foreclose because it did not present the original Note and Deed of Trust upon Pernell El's request. But this theory has been rejected by the Ninth Circuit. *See Perez v. Mortgage Elec. Registration Sys.*, 959 F.3d 334, 340 (9th Cir. 2020) ("[W]e follow the decisions of the California appellate courts in holding that California law does not permit preemptive actions to challenge a party's authority to pursue foreclosure before a foreclosure has taken place"); *see also Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 813-816 (2016) (stating that it is inconsistent with the legislature's comprehensive non-judicial foreclosure scheme to require a foreclosing entity to prove its authority to foreclose in court prior to conducting a sale). Similarly, a plaintiff cannot challenge an assignment of a deed of trust. *See Ruegsegger v. Caliber Home Loans, Inc.*, 2018 WL 5993857, *19 (C.D. Cal. April 30, 2018) (explaining that in the pre-foreclosure context, plaintiffs lack standing to challenge an assignment of a deed of trust). Accordingly, the FAC states no claim.

Because the FAC states no claim, Plaintiff's Motion for a Preliminary Injunction necessarily fails.

//
//

## IV.    CONCLUSION

The Court therefore **<u>GRANTS</u>** the Defendants' Motions to Dismiss and **<u>DENIES</u>** the Plaintiff's Motion for Preliminary Injunction.

Courts may deny leave to amend at their discretion due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This is Plaintiff's second attempt to plead a viable complaint, and nothing about the FAC and Plaintiff's briefing suggests that the Plaintiff is willing to plead the facts necessary to show standing, or able to plead facts to state any plausible claim. In light of these circumstances, the Court will dismiss the action without leave to amend.

**IT IS SO ORDERED**.

# Exhibit 13

FILED

In the
United States District Court for the Central District

2021 SEP -7 PM 1: 49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

Case No.: cv 2:21-03137 AB KES

NOTICE OF APPEAL

Pernell El  (On behalf of the Society of the House of El / Waqf)

v.

Charles Scarf, and individual, Wells Bank N.A., a California Corporation, Bruce Rose, an Individual; CARRINGTON MORTGAGE LLC., a limited liability corporation. MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC (MERS); LAWYERS TITLE Corporation

Pernell El, (Plaintiff) on behalf of the Society, hereby gives NOTICE, that we are appealing the order granting the Defendant(s) motion to dismiss without leave to amend, the Plaintiffs' first amended complaint, and the order granting the Defendants Request for Judicial Notice, the decision / order entered by the trial court on the 3 day of September, 2021.

I am: Pernell El

Date 9/8/2021

# Exhibit 14

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PERNELL EL, Society of the House of El (Waqf), religious and civic comity Pernell El/Trustee/Moorish Consul on behalf of the Heirs, | No. 21-55976 |
| | D.C. No. 2:21-cv-03137-AB-KES |
| Plaintiff-Appellant, | MEMORANDUM[*] |
| v. | |
| WELLS FARGO BANK, N.A.; CHARLES W. SCHARF; BRUCE ROSE; CARRINGTON MORTGAGE LLC, a limited liability corporation Erroneously Sued As Carrington Mortgage Services LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; LAWYERS TITLE, a Corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted September 14, 2022[**]

Before: O'SCANNLAIN, RAWLINSON, and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pernell El appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Smelt v. County of Orange*, 447 F.3d 673, 678 (9th Cir. 2006) (determination regarding standing).  We affirm.

The district court properly dismissed El's action because El failed to demonstrate that he has standing to pursue these claims.  *See Smelt*, 447 F.3d at 682-83 (elements of Article III standing; prudential standing requires a plaintiff to assert his own legal rights and interests).  To the extent that El purported to bring this action on behalf of the Society of the House of El Waqf, El, a non-attorney, "has no authority to appear as an attorney for others than himself."  *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

The district court did not abuse its discretion in denying leave to amend because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that denying leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion in taking judicial notice of the publicly recorded documents relied on in its dismissal order.  *See* Fed. R. Evid.

201(b)(2); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

El's motion for an injunction (Docket Entry No. 27) is denied.

**AFFIRMED.**

21-55976

# Exhibit 15

**MOTION FOR REHEARING**

**21 - 55976**


RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEP 2 8 2022

FILED
DOCKETED

DATE

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Pernell El
*Petitioner / Appellant*
v.

## WELLS FARGO BANK N.A, CHARLES SCHARF, CARRINGTON MORTAGE LLC; BRUCE ROSE, MORTGAE ELECTRONIC REGISTRATION, LAWYERS TITLE
*Respondent / Appellee*

## MOTION FOR RECONSIDERATION
## RULE 27 -10

## MOTION FOR REHEARING

### (Fed. R. App. P. 40; 9th Cir. R. 40-1)

**Pernell El / Propia Persona**
**AA222141**
**c/o P.O. Box 151162**
**San Diego, California**
**92175**

The Appellant motion the court for rehearing, in accordance with Federal and Civil Procedures  (Fed. R. App. P. 40; 9th Cir. R. 40-1)

A party should seek panel rehearing only if one or more of the following grounds exist: A material point of fact or law was overlooked in the decision; This Court overlooked the fact that the Appellant, addressed all issues as it relates to standing / article III standing.  This court further denied the Appellant the fundamental right to due process of law, having the opportunity to be heard in accordance with Fed. R. App, App. 34(a)(2) a.

This Court did not revue the case de novo, as the material evidence presented by the Plaintiff, was overlooked; as well a crux of the Appellants fraud case was not properly reviewed. De Novo standard of review is appropriate as the District Court did not determine the pedigree of information, and evidence presented by the Appellant.  *See McLane Co. v. EEOC 804 F. 3d 1051,* wherein the 9th Circuit Court of Appeals vacated and remanded the case, "the court concluded that the lower court erred in finding the pedigree information irrelevant."  Also, this case clearly presents issues of Diversity, the issues of law that are subject to de novo review. Doyle v. Hasbro, 103 F.2d 186, 190 (1 Cir. 1996)

The Appellee committed fraud,  as Lynn Marie Sevick is notary public, and every instrument presented as evidence by the defendants are VOID and

INVALID. As an issue of contention, as argued by the Appellant in his Opening

Brief, that this court has overlooked was the invalidation of the assignment,

through the fraudulent misrepresentation of Wells Fargo Bank NA, orchestrating

the fraud of having public notary, Lynn Marie Sevick, posing / acting as the

authorized agent for Mortgage Electronic Registration System (MERS) in order to

assign the beneficial interest in the (2011) Deed of Trust (2011). "Obtaining an

assignment through fraudulent means invalidates the assignment. Fraud destroys

the validity of everything into which it enters it vitiates the most solemn contracts,

documents and even judgment." *See Walker v. Rich, 79 Cal. App 139 (Cal. App.*

*1926*

Date September 26th 2022

## CERTIFICATE OF SERVICE

I hereby certify, that Pernell El served the foregoing **MOTION FOR
REHEARING / RENCOSIDERATION,** to all parties listed herein, via the
United States Postal Service, on the date of September _25_ , 2022

1.)JOHN DINEEN attorne, Bar Number: 22095
   ANNA ZARNDT, attorne, Bar Number: 327719
   SHEPPARD MULLIN RICTER & HAMPTON
   501 West Broadway 19th Floor
   San Diego, California 92101

2.) Parisa Jassim,
    Akerman LLP
    601 West 5th street, Suite 300
    Los Angles, California 90071

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PERNELL EL, Society of the House of El (Waqf), religious and civic comity Pernell El/Trustee/Moorish Consul on behalf of the Heirs, | No. 21-55976 |
| | D.C. No. 2:21-cv-03137-AB-KES |
| Plaintiff-Appellant, | MEMORANDUM* |
| v. | |
| WELLS FARGO BANK, N.A.; CHARLES W. SCHARF; BRUCE ROSE; CARRINGTON MORTGAGE LLC, a limited liability corporation  Erroneously Sued As Carrington Mortgage Services LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; LAWYERS TITLE, a Corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted September 14, 2022**

Before: O'SCANNLAIN, RAWLINSON, and OWENS, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pernell El appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Smelt v. County of Orange*, 447 F.3d 673, 678 (9th Cir. 2006) (determination regarding standing).  We affirm.

The district court properly dismissed El's action because El failed to demonstrate that he has standing to pursue these claims.  *See Smelt*, 447 F.3d at 682-83 (elements of Article III standing; prudential standing requires a plaintiff to assert his own legal rights and interests).  To the extent that El purported to bring this action on behalf of the Society of the House of El Waqf, El, a non-attorney, "has no authority to appear as an attorney for others than himself."  *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

The district court did not abuse its discretion in denying leave to amend because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that denying leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion in taking judicial notice of the publicly recorded documents relied on in its dismissal order.  *See* Fed. R. Evid.

201(b)(2); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

El's motion for an injunction (Docket Entry No. 27) is denied.

**AFFIRMED.**

21-55976

# Exhibit 16

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PERNELL EL, Society of the House of El (Waqf), religious and civic comity Pernell El/Trustee/Moorish Consul on behalf of the Heirs, | No. 21-55976 |
| | D.C. No. 2:21-cv-03137-AB-KES Central District of California, Los Angeles |
| Plaintiff-Appellant, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A.; CHARLES W. SCHARF; BRUCE ROSE; CARRINGTON MORTGAGE LLC, a limited liability corporation  Erroneously Sued As Carrington Mortgage Services LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; LAWYERS TITLE, a Corporation, | |
| Defendants-Appellees. | |

Before:     O'SCANNLAIN, RAWLINSON, and OWENS, Circuit Judges.

We treat appellant's filing (Docket Entry No. 31) as a petition for panel rehearing and deny the petition.

No further filings will be entertained in this closed case.

# Exhibit 17

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PERNELL EL, Society of the House of El (Waqf), religious and civic comity Pernell El/Trustee/Moorish Consul on behalf of the Heirs, | No. 21-55976 |
| Plaintiff - Appellant, | D.C. No. 2:21-cv-03137-AB-KES U.S. District Court for Central California, Los Angeles |
| v. | **MANDATE** |
| WELLS FARGO BANK, N.A.; et al., | |
| Defendants - Appellees. | |

The judgment of this Court, entered September 21, 2022, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Quy Le
Deputy Clerk
Ninth Circuit Rule 27-7

# Exhibit 18

No. _____

*IN THE*
*Supreme Court of the United States*

_____

**Pernell El**
Petitioner

v.

**WELLS FARGO BANK NA, Charles Scharf. Carrington Mortgage LLC; Bruce Rose; MORTGAGE ELECTRONIC REGISTRATION SERVICE; LAWYERS TITLE**
Respondent

_____

On Petition for Writ of Certiorari
To the United States Court of Appeal
For the Ninth Circuit
Ninth Circuit Case Number: 21-55976

_____

**PETITION FOR WRIT OF CERTIORARI**

**Pernell El**
**Pro Per**
**619-750-4787**
**c/o P.O Box 151162**
**San Diego, California**
**92175**

i

## QUESTION (S) PRESENTED

1    Weather the district court errored, by dismissing the Petitioner's claim based on the standard of *Perez v. Mortgage Electronic Registration Sys. 959 F 3d. 334 (9th cir. 2020)*.   Wherein, the preemptive foreclosure argument was inapplicable, as it was not argued by the Petitioner.

2. Weather the appeals court errored, in dismissing the Petitioner's claim based on *Smelt v. County of Orange, 447 F. 3d 673 (9th Cir. 2006)*, st ? Petitioner's private right as the signatory, is a non issue, and without question.

3.    Whether the district court errored, by not "….construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'" *Amadasu v. The Christ Hosp., 514 F.3d 504, 506 (6th Cir. 2008)*.

4.    Whether the court of appeals errored by not reviewing the case de novo, and ignoring the Petitioner's fraud claim. See *Amburgey v. United States*, 733 F.3d 633, 636 (6th Cir. 2013).

5.    Under the principle of lis pendent, was Wells Fargo Bank Na, allowed to transfer interest in the property, after the case commenced?

6.    Under applicable treaty obligations, were the lower courts obligated, to give due consideration, to said obligation?   See *Louis Henkin, Foreign Affairs an the U.S. Constitution (2d ed. 1996) Restatement (Fourth) of Foreign Relations § 307 cmt. a (2018)*

7.    Whether the district court appeals errored, by not giving due consideration to the evidence presented by the Petitioner, See Boyd vs. Boss (Ont. CA 2021)

8.    Under federal law, 12 CFR 1026. 39, "covered person" can the defendant Wells Fargo Bank NA own the loan and act as the servicer?

9.    Under federal regulation12(b)(6) motion, did the district and appeals court error, by relying on the Respondents, reply response argument, and not their affirmative defense?

ii

## PARTIES AND RULE 29.6 STATEMENT

The caption of this case contains the names of the parties who participated in the proceedings herein, either directly or through counsel. The Petitioner, Pernell El is herein referenced as Mr. El is in pro per. The Respondent(s), Wells Fargo Bank NA, Charles Scharf, Carrington Mortgage LLC, Bruce Rose, Mortgage Electronic Registration System have not made an official statement, the defendants' through their attorney(s), were granted a 12(b)(6) Motion to Dismiss the Petitioner's complaint (FAC).[1] No corporate disclosure statement is necessary on the Petitioner's behalf.

---

[1] Attorney's of record for the defendants:
John Dineen, Anna Zarndt, Parisa Jassim

iii

## TABLE OF CONTENTS

QUESTION PRESENTED ..............................................i

PARTIES AND RULE 29.6 STATEMENT................................ii

TABLE OF CONTENTS ...............................................iii

TABLE OF AUTHORITIES ...................................... iv

 OPINIONS AND ORDERS BELOW ...................................viii

JURISDICTION................................................... 1

STATEMENT OF THE CASE..........................................2

REASONS FOR GRANTING THE WRIT............................... 12

CONCLUSION.............................................................16

APPENDICES………………………………………….. Appendix(A) pg. 1-2; Appendix (B) pg. 3- 8; Appendix (C) pg. 9 -11

iv

## TABLE OF AUTHORITIES

<u>CASES</u>

*Allen* v. *Wright,* 468 U. S.,.................................13

*Amadasu v. The Christ Hosp.,*
*514 F.3d 504, 506 (6th Cir. 2008)* ..................  14

*Automated Med. Labs. v. Armour Pharm. Co.,*
 *629 F.2d 1118, 1122 (5th Cir. 1980)* ........................ *6,12*

*Bell Atlantic Corp. v. Twombly,*
*550 U.S. 554, 127 S.C.t 1955, 167    L.Ed2d 929*......... *14,15, 17.*

Boyd vs. Boss.................,,,,,,,,,,,,,,, 1
(Ont. CA 2021

*Columbia Natural Res., Inc. v. Tatum,*
*58 F.3d 1101, 1109 (6th Cir. 1995).* ........................ *14*

*Ericsson Inc. v. Intellectual Ventures I LLC.*
*Case # 17 -1521 (Fed Cir. August 27, 2018* ............. *12*

*Hartlog v. colin & Sheild*
*[1939]3 All ER 566*.................................. *5*

*Hoskins v. High Gear Repair, Inc.,*
 *No 11-1190, U.S. Dist. Lexis 110852*.................... *10*

*Kolovrat v. Oregon,*
 *366 U.S. 187 (1961)*..................................... *17*

*Lujan v. Defenders of Wildlife,*
*504 U.S. 555, 559 (1992)*......... *10,12,16*

*MBNA Am. Bank, N. A v. Canfora, 9th district No. 23588, 2007 –*
*Ohio -4137 2007*.......................................  *12*

*Morin v. Caire,*
*77 F.3d 116, 120 (5th Cir. 1996)*................ *14*

*v*

*Padelforfd Fay, Co. v. Mayor Ald. City Savannah,*
*J, 14 Ga. 438 (Ga. 1854)*.............................. 5

Padgett v. Wright,
587. F. 3d 983, 985 n.2 (9th Cir. 2009).................. 9

*Perez v. Mortgage Elec. Registration Sys.*
*959 F .3d 334, 340 (9th Circuit)* .................... 7

*STATE EX REL. DALLMAN, V. COURT OF COMMON PLEAS,*
*Supreme Court of Ohio, (July 11, 1973)* ....................... 5

*Spokeo, Inc. v. Robins*......................................*13*
*578 U. S. 330, 340*

Supreme *General Films Exchange Ltd. v.   H.H. Maharaja Sir*
*Brijnath Singhji Deo,  AIR 1975 SC 1810 : (1975) 2 SCC 530...*

U.S and *Neurosurgical Inc. v. City of Chicago* ... 11

*Walker v. Rich,*
*79 Cal. App 139 (Cal. App. 1926)*........................... 8

*Wells Fargo Bank, N.A., v Farmer*
*2008 NY Slip Op 50199(U) [18 Misc 3d 1124*.................. 2, 8

*Wells Fargo Bank, v. Byrd,*
*178 Ohio App. 3d 28, 2008-Ohio-4603, 897N.E.2d 722(2008). 5, 16*

*White v. J. P. Morgan Chase Bank,*
*NA 521 F Appx 425, 428, 531 (6th Circuit 2013)* ............... *11*

## TABLE OF AUTHORITIES

### Federal Statues

Fed. R. Civ. P. 12(b)(6)  .................................... 1,6,10,11,12,13,
Fed. R. Civ. P. 12(b)(1)............................................ 11,12
Fed. R. App. P. 34(a)(2) ........................................... 1, 16
28 U.S.C. § 1254(1) ............................................... 1

vi

## TREATY AND CONSTITUTIONAL PROVISIONS

Treaty of Peace and Friendship, between the United States of North America and the Empire of Morocco (1836)...... 16

Constitution for the United States of America (Republic)

Article III, Section II............................. 1

Article VI (supremacy clause)..................... 1

1.

## OPINIONS AND ORDERS BELOW

The district court issued an unpublished opinion on August 25th 2021, dismissing the Appellant's claim under Fed. R. Civ. P. 12(B)(6), without a hearing. [2] The Petitioner Motion for Injunctive Relief was denied, by the district court on the date of August 25th 2021. The district court granted the defendants' Request for judicial Notice, despite the Petitioners opposition on August 25th 2021.[3] Judgment was entered in favor of the Respondents' on the date of September 3rd 2021.[4] The Ninth Circuit Court of Appeals issued an unpublished opinion / memorandum dismissing the petitioners Appeal, filed on the date of September 21st 2022 (Appendix C, p. 9-11)[5] The Ninth Circuit Court of Appeals, in its order, denied the Petitioner's right to be heard, concluding the case was suitable without a hearing, citing Fed. R. App. P. 34(a)(2). The Petitioner was denied the opportunity for a hearing, therewith the Petitioner timely filed, a motion for reconsideration, entered into the record on the date of 9/28/2022.

## JURISDICTION

The Supreme Court of the United States has original jurisdiction under Article III Section II, wherein issues of diversity, federal question(s), constitutional and treaty provisions must be decided; and under V1 of the Supremacy Clause, wherein all debts and engagements entered in before the Constitution are binding against the United States.... All treaties made under the authority of the United States shall be the Supreme law of the land. This Court has appellate jurisdiction, as to law, and fact. This Court further has jurisdiction under 28 U.S.C. § 1254(1) to review the Circuit Court's decision on Writ of Certiorari.

---

[2] Pernell El v. WELLS FARGO BANK NA et al
No. 2: 21-cv-03137 –AB –KES (2021) US Central District California / district judge Andre Birotte Jr.  (Appendix B) pg. 3-8
[3] Id. at 6
[4] Appendix (A) pg. 1-2
[5] Pernell El v. WELLS FARGO BANK NA et al (2022) No. 21: 55976, United States Courts of Appeals for the Ninth Circuit / circuit judges, Rawlinson, Owens, O'Scannlain

2

## STATEMENT OF THE CASE

### Introduction

This writ of Certiorari presents a multitude of issues that were not resolved at the district court level, nor were they adequately addressed at the Ninth circuit.  The crux of Petitioner's claim, as argued at the district court, was that Wells Fargo Bank NA, and its co conspirators specifically John Jaimes and Lynn Maria Sevick committed fraud, by misrepresenting themselves. The Petitioner argued that he uncovered the fraud, in April 2020, and then on the date of April 13th 2020, the Petitioner  went to a local Wells Fargo Bank Na branch, in order to ascertain information regarding the subject mortgage and assignment of deed of trust. On August 2nd 2020, the Petitioner sent inquiries to the acting CEO, Charles Scharf, in order to seek remedy.  (See FAC, Dckt. Entry 11, page 9 and 10).  First, the Petitioner argued that Wells Fargo Bank NA and its operative agents, self assigned a the 2012 Corporate Assignment Deed of Trust (DOC# 2012-0380816) "the Assignment", to themselves, using public notary (31049019) Lynn Maria Sevick, as the authorized agent, to assign the beneficial interest in the 04/ 04/ 2011 original Deed of Trust  (DOC 2011-0160252) loan agreement, herein the "the Agreement", in the amount of $ 299,150.00, between the Petitioner and the original mortgagee DHI Mortgage.[6]  The Petitioner signed "the Agreement" in 2011, with DHI Mortgage.  Wells Fargo Bank NA, according to the records, appeared to have received from DHI Mortgage, the beneficial interest in the 2011 agreement in the year of 2012.  The Petitioner argued that the purported 2012 Corporate Assignment of Deed of Trust was invalid, as there is no power of attorney, authorizing the purported "Assistant Secretary" Lynn Maria Sevick, acting as the authorized agent, the authority to assign the beneficial interest to Wells Fargo Bank NA, in 2011 Deed of Trust "the Agreement".  The Petitioner supplied the district court, with evidence that Lynn Maria Sevick, was a notary, who has notarized documents for Wells Fargo Bank NA in the past.[7] According to case law, in order to effectuate a proper assignment, the requisite *power of attorney* must be attached to the assignment, to show, by what grant authority, the assignor has to assign any beneficial interest. [8]  The district court, and the appeals court, ignored this fundamental principle of law, and the evidence, wherein the two-page Corporate Assignment of Deed of Trust "the Assignment", is on its face. void of the requisite power of attorney, rendering it invalid. . (See Dckt. 22, Exhibit A1) Best illustrated in the *Farmers case (2008)*. wherein it states " (A) to have a proper assignment of a mortgage by an authorized agent, a power of attorney is necessary to demonstrate how the agent is vested with the authority to assign the mortgage." See *Wells Fargo Bank, N.A., v Farmer 2008 NY Slip Op 50199(U) [18 Misc 3d 1124*

---

[6] Dckt. Entry 22, RJN / Exhibit A6 (2011 Deed of Trust)
[7] Dckt. Entry 48, RJN / Exhibit 5
[8] Dckt. Entry. 11, paragraph 31 and 48

3.

In the year 2012, Wells Fargo Bank NA, filed an invalid Corporate Assignment of Deed of Trust "the Assignment" (DOC # 2012- 0380816) at the county recorder of Riverside County, purporting to own the beneficial interest in the original agreement, between the Petitioner and DHI Mortgage.[9]  Second, the Petitioner argued, at the district court, that Wells Fargo Bank NA, and its purported trustee John Jaimes, sent the Petitioner two correspondences, demanding payment and threatening foreclosure, in the year 2012.  The two threatening correspondences, were titled as NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST, and filed at the county Recorder of Riverside County, under document number (2012 -0554808).[10]   Said documents, purported that Wells Fargo Bank NA was the beneficiary, and John Jaimes (NBS DEFAULT SERVICES LLC), was the trustee, acting on behalf of the beneficiary, of the beneficial interest of 2011 Deed of Trust, "the Agreement". The NOTICE OF DEFAULT ELECTION TO SELL UNDER DEED OF TRUST, are enumerated as exhibit A and AA (Dckt. Enrty. 22).  Exhibit AA, signed by John Jaimes states, "NOTICE IS HERBY GIVEN: That NBS Default Service, LLC is either the original trustee, the duly appointed substituted trustee or the beneficiary, or acting agent for the trustee or the beneficiary under a Deed of Trust dated 04/04/2011, executed by GERRAD PERNELL SWAHILI and FATIMA SWAHILI, HUSBAND AND WIFE, as trustor, to secure certain obligations."   On the date of November 16th 2012, three months after the fraudulent Corporate Assignment Of Deed of Trust, was filed at the county recorder, Riverside County, an unnamed agent filed NOTICE OF DEFAULT ELECTION TO SELL UNDER DEED OF TRUST, (DOC # 2012-0554808) at the county recorder, of Riverside County.

The Petitioner argued at the district court, that he was induced by the fraud, and relied on the misrepresentation, that the 2012 assignment, was valid, to the extent that John Jaimes, acting as trustee for Wells Fargo Bank NA, had the authority, to initiate a foreclose action on the Petitioner's property, using the invalid assignment "the Assignment". Due to the aforementioned reliance, the Petitioner signed, a HUD loan in 2013 (DOC # 2013 -0388149) in the amount of  $ 88, 129.91, creating an encumbrance on the said property. [11]  The Petitioner moved past mere speculation, and supplied the court with ample evidence to infer, that the subject 2012 assignment, authored by Lynn Maria Sevick was defective and invalid, as there is no power of attorney, affixed thereto. (See Dckt. Entry, 48 / RJN, Ex. 5)

**Procedural Back Ground**

---

[9] Dckt. Entry, 22, RJN / Exhibit A1
[10]  Dckt. Entry 22 / Exhibit A and AA
[11] Dckt. Entry 11 / pg. 7,8,18, and 19 / 30328 Vercors street, Murrieta, Ca "92563"

4.

The Petitioner served, on Wells Fargo Bank NA, and Charles
Scharf a notice of pending litigation on the date of February 16th 2021.[12]
The Petitioner filled his lawsuit against Wells Fargo Bank NA, at the
district court, on April 12th 2021.  Charles Scharf Wells Fargo Bank NA,
sent the Petitioner a notice of loan transfer, to Carrington Mortgage LLC.
Carrington Mortgage and Bruce Rose, acting as the purported loan
servers received a Notice of *Lis Pendens* from the Petitioner on the date of
April 20th 2021.[13]  Wells Fargo Bank NA and acting president Charles
Scharf according to their submitted documents, filed at the county
recorder of Riverside County an instrument titled, Assignment of Deed of
Trust (DOC # 2021- 0264133), wherein the beneficial interest in the 2011
Agreement, between the Petitioner and DHI Mortgage, was purportedly
assigned to Willington Savings Fund Society, FSB Stanwich Mortgage
Loan Trust I, herein "the Creditor", on the date of April 28th 2021, (Dckt.
Entry 25, Exhibit 7).  The Creditor, according to their documents, funded
CMS loan # ████7930, in the amount of $ 201, 386.53. (See DT, 48 /
RJN Exhibit 3). According to the documents, "the Creditor" of the private
account / loan # ████7930, purportedly obligated the Petitioner and his
wife to said account.  The Petitioner argued that the he is not obligated to
the purported Creditors, private loan account.  The Petitioner has no
agreement, with "the Creditor", and or who received the benefit, of said
credit.

The defense argued that Willington Savings Fund Society, FSB
Stanwich Mortgage Loan Trust I, was an "Investor".  Whether creditor or
investor, the Petitioner argued that neither Wells Fargo Bank NA, nor
the purported Creditor was the "Covered Person" as defined by 12 CFR
1026.39.[14] (see Dckt. Entry 11, paragraph 45 / Opening Brief, pg. )  The
Petitioner received Bruce Rose and Carrington Mortgage LLC, on behalf
of "the Investor / Creditor a notice of an intent to foreclose on the date of
June 19th 2021, two months after the law suit commenced.[15]  The
Petitioner argued, at the district court, that the April 28th 2021,
assignment between Wells Fargo Bank and NA, and "the Creditor", was
void, for the following reasons: 1.) Wells Fargo Bank NA, and Charles
Scharf had no authority to assign any of the beneficial interest, in "the
Agreement" between DHI Mortgage and the Petitioner 2.) The
Appellant's lawsuit predated the void assignment, between Wells Fargo
Bank et al, and Wilmington Savings Fund Society, FSB, as Trustee of
StanWich Mortgage Trust I. (See Dckt. Entry. 49, page 5 and 7). The
principle of lis pendens is also applicable here, wherein Bruce Rose and

---

[12] Dckt. Entry 48 / Exhibit 2
[13] Dckt. Entry 48 / Exhibit 1
[14] "Covered Person", under 12 CFR 1026. 39 become the owner of the loan, by acquiring
legal "title of the debt obligation by purchase or assignment. The servicer of the loan
shall not be treated as the owner of the obligation." Wells Fargo Bank NA, serviced the
loan, and received an assignment; which is unlawful under this title.
[15] Dckt. Entry 48 / RJN / Exhibit 4

5

Carrington Mortgage LLC, were given notice of the pending litigation, against Wells Fargo Bank NA, bonding them, and the purported Creditor, to an adverse judgment. (Dckt. Entry 49, page 6 and 7/ Dckt. Entry 11, page 14). *In Empire Land Canal Co v. Engley, 18 Colo. 388, 33 P. 153,* the court deduced, a notice filed for the purpose of warning all persons that the title is to certain property is in litigation....if they purchase the defendant's claim the same, they are in danger of being bound by an adverse judgment." See also *Wells Fargo Bank, v. Byrd, 178 Ohio App. 3d 28, 2008-Ohio-4603, 897N.E.2d 722(2008)* wherein, "If plaintiff has offered no evidence that it owned the note and mortgage when the complaint was filed, it would not be entitled to judgment as a matter of law." In Byrd, the same principle applies, to the extent, if the defendants offered no proof that owned any beneficial interest in the mortgage before the complaint was filed, they would not be entitled to judgment as a matter of law. The Petitioner argued Carrington Mortgage LLC, and Bruce Rose have no standing,  no contract with the Petitioner, and a void assignment. See *Hartlog v. Collin & Shield [1939] 3 All Er 566,* holding "the other party cannot simply 'snap up' a contract and enforce it."[16]

The Respondents' attorney filled on behalf of the defendants, two judicial notices, requesting that the district court; take notice on the 2011 Deed of Trust, between DHI Mortgage and the Petitioner "the Agreement". (See opening Brief, page 26) The Petitioner opposed both judicial notices, arguing that the Respondents cannot use the 2011 Deed of Trust, as a defense, because they are not a party to it. See *STATE EX REL. DALLMAN, V. COURT OF COMMON PLEAS, Supreme Court of Ohio, (July 11, 1973)* "A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." See also, *PEDELFORD FAY CO. V. MAYOR ALD. CITY SAVANNAH, Supreme Court of Georgia (Jan 1st 1854) 14 Ga.* wherein it was held that the STATE "you can not use the constitution as a defense, because you are not a party to it". Further, referencing the constitution, "It may be considered as a great power of attorney, under which no power can be exercised, but what is expressly given." Id. The Petitioner did not expressly give the Respondents the permission to use the 2011 Deed of Trust / "the Agreement"; to that affect the district court was in error, stating, "The court grants, notice over the Plaintiff's implausible objections to the authenticity of the documents" (Appendix B, page 6).  The Petitioner argued in his Opening Brief, that district judge allowed the Respondents, to judicially notice redacted / sealed documents in violation of its local rules and his standing order. (Opening Brief, page 27, 28, and 29)

---

[16] Dckt. Entry 49, pg. 8,9,and 10 / Carrington et al entered into a secret agreement, via their void assignment, and attempt to enforce the obligation on the Petitioner.  The Respondents collectively conspired together at the appeals court, by violating appeals rule 30 1-4 (appeal docket 22 and 25) Further, omitting documents.

6

The Respondent's affirmative defenses in their 12(b)(6) motion to dismiss are three fold, appearing on the record as (Dckt. Entry 25 and Dckt. Entry 29).[17] First, the Respondent's ad hominem defense does not address the merits of the Petitioners fraud claim; it only appealed to the personal consideration of the district court, attacking the Petitioners character rather than his assertions. The Respondents' utilized the commonly used stratagem, by attorney(s), of arguing that American Moors, are "sovereign citizen", as their modus operandi, in pleading to personal contemplation, rather than to the logic and reason of the Petitioners claim, on its merits. The Respondents "based on the name under which Plaintiff did file a suit, and Plaintiff's general allegation of citizenship in the Society of the House of El, (Waqf), it is possible that the Plaintiff is attempting to base his FAC that he is exempt from federal law."[18]    Second, the Respondent's affirmative defense is as follows: "Plaintiff fails to establish that he suffered an injury in fact." "Nor, has Mr. El established a concrete injury… At best Mr. El alleges a fear of losing property".[19] Here the Respondent's defense challenges whether the Petitioner suffered an injury in fact, and or a concrete injury. Third, the Respondent's defense asserted, "Plaintiff's claims should be dismissed because they are time barred."[20]  The district court did not dismiss the Petitioner's claim, based on the affirmative defense as presented by the respondents. The Petitioner was prejudiced the Petitioner as the district judge dismissed his claim, based on the Respondents, responsive pleading, in support of their motion to dismiss, and not their affirmative defense, as stated in their 12(b)(6) motions.

The Respondent's, response / reply in support of motion to dismiss were filed on August 8th 2021 (Dckt. 44) and August 18th 2021 (Dckt. 50). The district court judge dismissed the Petitioner's claim in chambers on August 25th 2021.  The district court, erroneously discerned that "neither Pernell El, nor the Society is the borrower on the loan at issues, or the owner of record of the property that secures the loan at issue in the FAC, so the lack standing to sue." (See Appendix B, page 5) The district court further discerns that the "defendants state that Pernell El is an alias for the buyer Gerrad Pernell Swahili and points out this does not salvage the FAC because, the title of the complaint must name all parties Fed. R. Civ. 10(a)  (See Appendix B, page 5).   The Petitioner argued in his Opening Brief, that he was ambushed by Respondents new defense, and the district court reliance, on said new defense to dismiss the Petitioner's claim.  In his Opening Brief, the Petitioner cited, *Automated Med. Labs.*

---

[17] The defense filed a 12(b) motion (Dckt. En. 6) that was mooted, by the district judge (Dckt. En. 20)

[18] See Pernell Swahili El v. San Diego Unified School District, 22-5322, (2022) Supreme Court of the United States. (Wherein, the respondent, and their attorney utilized the same genocidal stratagem, in violation of International law: 1948 UN Convention on the Prevention and Punishment of the Crime of Genocide)  See also Dckt Entry 25, pg. 9

[19] Dckt. 25, pg. 15 / Dckt. 29, pg. 9  / Motion to Dismiss

[20] Dckt 25, pg. 17 -18, Dckt. 29, pg. 10 / Motion to Dismiss

7

*v. Armour Pharm. Co., 629 F.2d 1118, 1122 (5th Cir. 1980) (citing Rule 8(c)); see also Ingraham, 808 F.2d at 1079* ("A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.") The petitioner claim was improperly dismissed at pre trial stage, on a 12(b)(6) motion. The district court's dismissal was inconsistent with federal rule 8(e), where pleadings must be construed to do justice. Thus, while one wishing to assert an affirmative defense has every opportunity to do so, it must be done at a time, and a manner, which is consistent with federal rules. The court and the opposing party must be timely advised of the intended defense. Id. at 1123. The Petitioner was not timely advised of the intended defense.

The Respondent's new argument in their reply response, in support of their motion to dismiss is as follows: "the Plaintiff is not the borrower on the loan at issues in the FAC". [21] The named Plaintiff lacks standing to bring the claim against Wells Fargo Bank Defendants. Plaintiff is not the borrower on the loans at issue in the FAC. nor is he owner for the subject property that secures the loans at issue in the FAC. (Dckt. Ent. 44, page 9) The new assertion erroneously relied upon at the district court contradicts the Respondent's initial assertions, and deprives the Petitioner of *fair notice*; wherein the Respondent initially asserted repeatedly, "Plaintiff and wife financed the purchase 299.150.00 mortgage loan from DHI Mortgage Company." "In April 2011 Plaintiff and his wife purchased a home in Murrieta. California from D.R. Horton. Plaintiff and his wife financed the purchase with 299.150.00 mortgage loan from DHI Mortgage Company. (Dckt Entr. 25-1. pg. 8. Further asserting that. "Mr. El is Gerrad Pernell Swahili. a borrower on the loan and the owner of record of the Subject Property." (Dckt. Ent. (25-1, pg. 9 and 10.) "Plaintiff and wife financed the purchase 299,150.00 mortgage loan from DHI Mortgage Company." See DT. 25, page 1 (line10 -14)

The Respondent argued that the Petitioners fraud claims are time barred. The defense was allowed to side step the Petitioner's fraud claim, at the district court and the appeals court, avoiding the invalid 2012 assignment "the Assignment"; void of the requisite power attorney, and the question presented, why a public notary, Lynn Maria Secick, was acting as the authorized agent for MERS. The Respondent, ad hominem argument is "Plaintiff's claims are all seemingly based on the conclusory "Show me the Note theory'" (See DT 25, page 13, line 12 -15). The district judge erroneously and prejudicially    misrepresents the Petitioners claims, in his judgment, by falsely asserting, "The action arises out of a foreclosure sale of the property, located in Murrieta, California." (Appendix B, pg. 4) The district incorrectly cites *Perez v. Mortgage Elec. Registration Sys.  959 F .3d 334, 340 (9th Circuit)* to prove their preemptive foreclosure argument, (We follow the decisions of the California appellate courts in holding that California law does not permit preemptive actions to challenge a part's authority to pursue a foreclosure before a foreclosure has taken place." The preemptive foreclosure

---

[21] Dckt, 44, pg. 4 / Dckt. 25, pg. 1 / Opening Brief, page

8

argument contention is false, as the Crux of the Petitioner's claim is fraud, which transpired in 2012 -2013, and discovered by the Petitioner in the year of 2020. The Petitioner never asserted, that this case commenced because of an attempted foreclosure in 2013. The Petitioner in his response in opposition argued that the April 28th 2021 assignment was void, and Bruce Rose and Carrington Mortgage LLC sent the Petitioner an intent to foreclose on June 9th 2021, however the case commenced on April 9th 2021.[22]

Lastly the Petitioner argued that fraud vitiated the HUD loan in 2013 (DOC # 2013 -0388149) in the amount of  $ 88, 129.91 and the 2012 Assignments, and any subsequent assignment from thence, was void. "Obtaining an assignment through fraudulent means invalidates the assignment. Fraud destroys the validity of everything into which it enters it vitiates the most solemn contracts, documents and even judgment. " *See Walker v. Rich, 79 Cal. App 139 (Cal. App. 1926).*

## THE FRAUD

Wells Fargo Bank NA. committed fraud by self-assigning the 2012 corporate deed of assignment "the Assignment" to themselves, using a notary public. Lynn Maria Sevick as the authorized agent for Mortgage Electronic Registration System.[23] The Petitioner presented the district court with evidence. demonstrating that Lynn Maria Sevick. had in fact. notarized documents for Wells Fargo bank Na. in the past. Lastly. according to law. the assignment is further invalid. as there is no power of attorney. authorizing the public notary. the authority to assign any beneficial interest to Wells Fargo Bank NA. in the 2011 Deed of Trust (DOC. There was no power attorney affixed to the said assignment. rendering it invalid. In *Wells Fargo Bank v Farmers.* the court deduced that. in order "(A) to have a proper assignment of a mortgage by an authorized agent. a power of attorney is necessary to demonstrate how the agent is vested with the authority to assign the mortgage." See *Wells Fargo Bank. N.A.. v Farmer 2008 NY Slip Op 50199(U) [18 Misc 3d 1124.* The *Farmers* case. like this case. the purported authorized agents Jose Burgos. and Lynn Maria Sevick. lacks the requisite power of attorney. that authorizes both individuals the authority to assign the beneficial interest in the deed of trust. " The assignment lack any power of attorney granted by Argent or Ameriquest to Jose Burgos to act as their agents. Real Property Law (RPL) § 254 states:

---

[22] All parties were served, with an opportunity to wave the summons, on April 12th 2021. No party waived summons, therefore the Petitioner amended his complaint, and served all defendant within 90 days. (see dckt entry. 14, 15, 16, and 17)
[23] Dckt. Entry 11, paragraph 31 and 48.

9

Power of attorney to assignee. The word "assign" or other words of assignment, when contained in an assignment of a mortgage and bond or mortgage and note, must be construed as having included in their meaning that the assignor does thereby make, constitute and appoint the assignee the true and lawful attorney, irrevocable, of the assignor, in the name of the assignor, or otherwise, but at the proper costs and charges of the assignee, to have, use and take all lawful ways and means for the recovery of the money and interest secured by the said mortgage and bond or mortgage and note, and in case of payment to discharge the same as fully as the assignor might or could do if the assignment were not made. Id.

According to the law, the two-page Corporate Assignment of Deed of Trust (DOC # 2012- 03808160), that Wells Fargo Bank NA, filed at the county clerk of Riverside County, is invalid, and the NOTICE OF ELECTION TO SELL UNDER DEED OF TRUST, sent by John Jaimes, representing Wells Fargo Bank NA was an inducement to fraud. "It is clear that plaintiff WELLS FARGO, with the invalid assignments of the instant mortgage and note from ARGENT, lacks standing to foreclose on the instant mortgage." Id. Properly, the Supreme Court of Kings County, conditionally ruled that Wells Fargo Bank NA, had to meet three criteria to renew application for an order. The last criteria being, " a copy of the power of attorney to the loan servicer and servicing agreement authorizing the affiant to act….Id

**REVIEW The Court of Appeals did not review the Petitioners claim De novo**

The Ninth Circuit did not review the Petitioner appeal de novo. "Pernell El appeal pro se from the district court judgment, dismissing his action alleging federal and state law claims" (Appendix C, pg. 10) The circuit judges, did not address the crux of the Petitioner claim of fraud. The circuit judges, prejudicially opinioned, "We do not consider matters not specifically raised in the opening brief, or arguments and allegations raised for the first time appeal. See Padgett v. Wright, 587. F. 3d 983, 985 n.2 (9th Cir. 2009)" (Appendix C, pg. 11). The Ninth Circuit misapplied the Padgett case, as that case dealt with Wright's (the defendant's) argument of qualified immunity that he asserted in his reply brief, however failed to argue in his opening brief. Holding, that Wright's belated argument in his reply brief…. does not remedy the problem. Id. Based on the Padgett ruling, it is easy to infer that the same logic should have been applied to this case, in so much as the Respondent's reply argument was accepted and relied upon at the district court. The court of appeals in a vague memorandum, do not identify, any of the Petitioners points, which were purportedly raised for the first time. Unlike the Padgett case, which went to trial, the Petitioners case was dismissed at

10

the pre trial stage, warranting a review de novo.   The circuit judges did not address, the *Issues on Appeal* (Opening Brief, page 3).   One of the seven questions presented, that was not addressed "is fair notice required under rule 8(c) of an affirmative defense? Did the district court error in ruling on the new argument presented by the Appellee, in their response pleading that "Pernell El is not the borrower on the DHI loan, without giving the Appellant fair notice" (Opening Brief, pg. 3)

The Ninth Circuits unpublished opinion is as follows: "The district court properly dismissed El's action because failed to demonstrate that he has standing to pursue these claims. See Smelt 447 F. 3d at 682 -83 (element of article III standing require that the plaintiff assert his own legal right and interest)." (Appendix C, pg. 10)   The Petitioner argued in his Opening Brief, that the district court did not address the issue of Article III Standing, in realtione to the Respondents' affirmative defense, in their 12(b)(6) motion's, and or whether or not the claim was time barred, because the Appellant proved article III, standing, and the claim was not time barred." (Opening Brief, page 11-12)[24]   The Respondents affirmative defense was the Petitioner did not suffer an injury in fact.

This is a straightforward case, in which a plaintiff suffered a redressable injury at the hands of the defendant—Article III standing is effectively a non-issue here.   Article III standard is jurisdictional issue, which was not resolved in the early stages of the pleadings, at the district court.   For a dispute to be within the power (subject matter jurisdiction) of the federal court, the Plaintiff must have standing – insomuch as, a plaintiff must have alleged a sufficient interest in the dispute. *Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992)*   "This irreducible constitutional minimum of standing has three elements: the plaintiff has suffered a concrete injury; (2) that injury is traceable to the actions of the defendants; and it must be likely – not merely speculative – that an injury would be redressed by a favorable decision. *Id at 561*. This Petition presents the issue, of loosely using the term " standing" to decide the right to bring an action.   The court of appeals and district court's rulings were non specific, that did not address the merits of the claim.   "the practice of using the term 'standing' loosely to describe the right to bring a particular cause of action 'leads' to much confusion when it is necessary to distinguish between 'standing' in its most technical sense and the concept of the real party in interest under Fed. R. Civ. P. 17(a)". *Hoskins v. High Gear Repair, Inc., No 11-1190, U.S. Dist. Lexis 110852.*   The Petitioner, satisfied the irreducible constitutional standard of Article III, insomuch as he suffered a redressable injury, which can be traced back to Wells Fargo Bank NA, John Jaimes, and Lynn Maria Sevick fraudulent misrepresentation.   The Petitioners reliance, as stated in his FAC, was that he was induced to sign HUD loan in 2013 (DOC # 2013 -0388149) in the amount of  $ 88, 129.91, creating an encumbrance on the said private property.   The district court and the Ninth Circuit, without specification incorrectly dismissed the Petitioner's claim, on the false notion that the

---

[24] Dckt. Entry, 35, pg. 10 and 11

11

Petitioner did not assert his private right, insomuch as, relying on the Respondent's new argument, that the Petitioner is not the signatory of the DHI Mortgage agreement; and therefore, is not the Real Party In Interest. (See opening Brief, page 20)

The Petitioner argued in his Opening brief, and case law agrees with the Petitioner, that no action at a district court may be dismissed under Federal Rule 17(3), without affording the real party in interest to ratify. Federal Rules and Civil procedures 17(3), states "the Court MAY NOT dismiss an action for failure to prosecute in the name of the real party in interest, until after an objection, and reasonable time has been allowed for the real party of interest to ratify. (Opening Brief, page 20 and 21). Under Rule 17, even if he district court deemed that the Petitioner incorrectly filed the suit, the defense must object, and the Petitioner, should have been given ample time to ratify. [25] The Respondent never objected, nor did the district court instruct the Petitioner to ratify. This Court should infer, by the Respondent's actions, that the defense intent was to ambush the Petitioner, and have the district court rely on said ambush. (See Opening Brief, page 18 and 19) The district court cited Federal Rule 10(a), as a rational for dismissing the Petitioner's claim, stating, the caption of the complaint must name all parties.   All parties were named in the caption, if the district court deemed, the parties were incorrectly named, than Rule 17(3) should have been applied.   However, that argument fails as well, as the Petitioner is listed as the Plaintiff on the FAC. Dckt. Entry 11, paragraph 4)

In the Byrd case, the issue of the real party of interest was resolved, through the interpretation of Rule 17.   Stating, civ. R. 17(A) says that "[e]very action shall be prosecuted in the name of the real party in interest. *** No action shall be dismissed on the ground it is not prosecuted in the name of the real party in interest until after reasonable time allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Id. Further stating that, "such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Id The Respondents new argument, scantly purported that the Petitioner lacked standing to bring the action because he not the signatory on the DHI loan, was inappropriate at that time.

It appears, that the Respondent attempts to argue that the Petitioner lacks standing, "not the real party in interest", because he transferred the interest, in said property, in a Moslem trust.   There are two cases: *White v. J. P. Morgan Chase Bank, NA 521 F Appx 425, 428, 531 (6th Circuit 2013)* U.S and *Neurosurgical Inc. v. City of Chicago* that illustrate how the principle applies, when the defendant attempts to shift from a lack of Article III standing argument, to the no longer a real party

---

[25] The district court dismissed the Petitioner claim before the scheduling conference, which would have been the appropriate time to amend, join, and object. The Petitioner was denied the opportunity to be heard.

12

in interest argument.  In *Neurosurgical Inc,* the defendant claimed that
the asset-purchase agreement transferred the very asset that the injured
plaintiff brought suit upon, and that court explained, the defendant
wrongfully, "attempt[ed] to shift the burden to the plaintiff" to the rule
17 affirmative defense, however the defendant failed to demonstrate that
what was transferred "included the assets assigned."  The defendants' did
not cite Rule 17, as an affirmative defense, however their 12(b)(6) motion
was prejudicially granted.  Even if the defendants' cited Rule 17 with
specificity, as a affirmative defense, the Petitioner would survive a
properly plead 12(b)(6) or 12(b)(1) attack, as the Petitioner's standing is
not implicated by a purported assignment, and or procedurally incorrectly
filling the suit, without affording him the opportunity to cure.  Quoting
*White,* in regards to the Petitioners right to recover, is "not one of Article
III Standing." Id at 29.

At the federal level, subject matter jurisdiction has to be addressed
by the district court, properly raised.  The district court did not address
the issues of the subject matter jurisdiction. A 12(b)(1) motion properly
brought challenges the ability for federal courts to hear cases. Under
Byrd, "Civ. Rule. 17 was not applicable unless the Plaintiff had standing
to invoke the jurisdiction of the court in the first place, either in an
individual or representative capacity, with some real interest in the
subject matter."  The dismissal of the Petitioner's claim, was prejudicial,
by denying him the opportunity to respond to the new argument of the
Respondents, and or correct any noted deficiencies in his pleading.
Further, the record does not indicate that the Respondents objected, to
the name in which, the Petitioner filed his claim under.  Instead of
objecting, and allowing the Petitioner to make the necessary ratifications,
if any, the Respondents ambushed the Petitioner, with a new improperly
brought affirmative defense, which was contrary to their initial 12(b)(6)
pleading.  Federal courts have held, that a plaintiff must be given fair
notice of a defense. Citing *Canfora,* the court deduced, in the Byrd case,
"Sua sponte dismissals ordinarily prejudice appellants, because it deny
any opportunities to respond to the alleged insufficiencies." Id at 17.
*MBNA Am. Bank, N. A v. Canfora, 9th district No. 23588, 2007 – Ohio -
4137 2007*  Citing, *Ericsson Inc. v. Intellectual Ventures I LLC. Case # 17
-1521 (Fed Cir. August 27, 2018)* "Patent Trial and Appeal Board (PTAB)
is entitled to strike arguments improperly raised for the first time in a
reply, but the expansion of previously argued rationale is not a new
argument."   In this case, the Respondents did not expand on a new
argument, they changed it the pre trial stage. See also *Automated Med.
Labs. v. Armour Pharm. Co., 629 F.2d 1118, 1122 (5th Cir. 1980) (citing
Rule 8(c)); see also Ingraham, 808 F.2d at 1079* ("A defendant should not
be permitted to 'lie behind a log' and ambush a plaintiff with an
unexpected defense.") Thus, while one wishing to assert an affirmative
defense has every opportunity to do so, it must be done at a time, and a
manner, which is consistent with federal rules.  The court and the
opposing party must be timely advised of the intended defense.   Id. at
1123

13

REASONS FOR GRANTING THE WRIT CERTIORARI

1.    This petition presents the standard of evaluating standing under article III.  Article III of the Constitution limits the authority of the federal courts: they decide "Cases" and "Controversies." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559 (1992).  For a dispute to be within the power (the subject-matter jurisdiction) of a federal court the plaintiff must have standing—that is, the plaintiff must have alleged a sufficient interest in the dispute.  This "irreducible constitutional minimum" of standing has three elements: (1) the plaintiff has suffered a concrete injury;  (2) that injury is fairly traceable to actions of the defendant; and (3) it must be likely—not merely speculative—that the injury will be redressed by a favorable decision. *Id.* at 560–61.  The plaintiff bears the burden to establish standing with the appropriate degree of evidence at each successive stage of litigation. *Id.* at 561.  At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice. *Id.*  The Petitioner satisfied the irreducible standard under article III, at the pleading stages.

In determining "injury" for Article III standing purposes is a fact-specific inquiry. "Typically ... the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen* v. *Wright,* 468 U. S., at 752. Neither the district court, nor the 9th Circuit judicially examined the complaint, or the allegations.

The question of whether or not the petitioner suffered a concrete injury is a non-issue, as the Petitioner alleged that Wells Fargo Bank NA, fraudulently procured the Petitioners signature by fraud, creating an encumbrance on the property, in the amount of $ 88,129.91. [26] This Court, in determining article III standing, in Transunion v Ramirez, cited *Spokeo, Inc. v. Robins, 578 U. S. 330, 340,* stated, "That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." Physical or monetary harms readily qualify as concrete injuries under Article III, and various intangible harms—like reputational harms—can also be concrete. Ibid.    The Petitioner cited, in his Memorandum of Opposition to Respondents 12(b)(6) Motion to dismiss, *Transunion v Ramirez. No. 20-297, 2021WL, 2599472, (2021)* stating that, "an injury can be tangible or intangible"

---

[26] DktEntry. 11 - pg. 18 paragraph 47, pg.19, paragraph 48

14

Further stating, "each class member established his or her private right"
and that [t]he plaintiffs have sufficient injury to sue in federal court."[27]

The question of whether or not the Petitioner is real party at
interest, was / is a non-issue.  The district courts supposed that, "The
court will not analyze standing under the assumption that Pernell El is
Gerrad Pernell Swahili" (Appendix B, pg. 6) The district judge did not
have to analyze, as it was mentioned in the FAC, on multiple occasions.
"On the date of April 12[th] 2013, notary Julie Jones (commissioner number
200415) procured the signatures of Pernell El ex relatione GERRAD
PERNELL SWAHILI and Fatima Swahili El ex realtione FATIMA
SWAHILI on the Deed of Trust (Exhibit A2) and Partial Promissory Note
(Exhibit A3).[28]  The real party in interest was not an issue, which was
argued in the Respondent's 12(b)(6) motions, their motions affirmed, the
were aware of who the signatory of 2011 Deed of Trust was. The
Respondent's argument in their reply brief is as follows, "the Society is
not a real party in interest." (Wells Fargo et al, Reply Brief, pg. 20) The
FAC list Pernell El as a party, and he is a real party in interest. (See
Dckt. Entry 11, paragraph 4, page 5 of 22, FAC)

The appeals court citation of *Smelt v. county of Orange, 447 F. 3d
673 (9th Cir. 2006)*, to dismiss the Petitioner's claim, was incorrect.
Smelt, dealt with challenging the state constitutionality, of marriage
codes "laws". Id at 8. The Defendant contended that Plaintiffs do not have
standing to challenge section 2 of Doma, a state statue. The 9th circuit
used the three tier prong, stating the "Plaintiff's have not shown, what
'injury in fact' they have suffered, as a result of the state statute." Id  No
analysis was drawn, between the Petitioner's alleged injury , and the
Smelts allegation of injury.  The appeals court's dismissal was vague, and
it ignored the Petitioner's injury allegations, which according Ramirez,
can be tangible or intangible.

2.    This petition presents the review standard, under Morin,
wherein it states, granting of a motion to dismiss is subject to De Novo
standards.  See *Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996)*. The
Ninth Circuit, in its unpublished opinion did not review the record De
Novo.  The Ninth Circuit has departed from the accepted course of
judicial proceedings by not reviewing this case, under the De Novo
standards, of an appealable 12(b)(6) Motion to dismiss. The Ninth Circuit,

---

[27] Dckt. Entry 35 – pg. 11
[28] Dckt. Enrty 11, paragraph 7 (FAC)

15

ignored the crux of Petitioner's claim of fraud, as evidenced by its ruling, stating, "Pernell El, appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims" (Appendix C, page 10). Properly, all claims must be reviewed.

3. This Petition presents the standard of review of a 12(b) 6 Motion to Dismiss under *Twombly,* wherein " a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.C.t 1955, 167 L.Ed2d 929.* Under this traditional rule, when "considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, '[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'" *Amadasu v. The Christ Hosp., 514 F.3d 504, 506 (6th Cir. 2008), quoting Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995).* In Twombly, the Supreme Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted).* The Petitioner's FAC was not devoid of the factual allegations, as required to meet the threshold pleading standards under 12(b)(6) motion. The Respondent's affirmative defense, of the lack of a concrete injury and time barred fraud claims, does not disprove the Petitioner's claims, in so much as the district did not rely on the Respondent's affirmative defense, for dismissal of the Petitioner's claim; erroneously relying on the Respondents, reply and response.

4. The Petitioner presents important property rights asserted in reliance on federal treaties. This Court stated, that we grant Certiorari because "the cases involve important rights asserted in reliance of a federal treaty obligations." Citing, *Kolovrat v. Oregon 366 U.S. 187 (1961).* The Petitioner invoked his treaty secured rights to reversion of Estate, pursuant to article 22 of the Treaty of Peace and Friendship, between the United States of North America and the Empire of Morocco (1836). Article 22, being the TRUST clause, of said treaty, the Petitioner, therefore demanding his right to heirship over said parcel of land, with Per the treaty, the Petitioner introduced in the record, via judicial notice Allodial Aboriginal Clear Perfect Title and Conveyance / Gnosis of the

16

Moabite Family Trust / Quit Claim Deed.[29]  That Plaintiff argued that neither Respondent had a valid assignment, and or had a void assignment, therefore, possessed no beneficial interest, in the original Deed of Trust, signed by the Petitioner and DHI Mortgage.  The only agreement signed between the Petitioner and the Respondents was procured through fraudulent misrepresentation.[30]  We hold that the 1881 treaty, entitle the petitioners to inherit property located in Oregon on the same basis of the next of kin, and these rights have not been taken away or impaired by the monetary policies of Yuglosovia."Id. The district court and appeals court did not disagree, with the Petitioner's invoking of his treaty rights.

5.    The Petitioner presents a common law standard of the principle of *Lis Pendens*, wherein Carrington Mortgage LLC, and Bruce Rose have no standing before the court, in relatione to this matter.  The district court deviated from the principles of *lis Pendens*, to the extent that the universal principle behind *lis penden*, is unchangeable, it is best expressed in the maxim of *"pendnete lite nihil inonovature*, which states, "nothing new should be introduced during the pendency of a litigation" *See* Supreme *General Films Exchange Ltd. v.   H.H. Maharaja Sir Brijnath Singhji Deo    AIR 1975 SC 1810 : (1975) 2 SCC 530.* [31] Despite the Petitioner's objection, the district court allowed the Respondents to collectively introduce a void 2021 assignment of a Deed of Trust, filed as (DOC # 2021- 0264133) at County of Riverside; from Wells Fargo Bank NA to Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust.[32]  The principle of *lis Penden* is applicable, as the case commenced on April 12th 2021, and the purported assignment, transpired on the date of April 28th, 2021.   The Petitioner argued that the assignment (DOC # 2021- 0264133) is void.  In Byrd (2008) the plaintiff, Wells Fargo Bank NA, offered no evidence that it owned the mortgage or note before the case was filed, therefore it was concluded that the were not entitled to judgment.   Despite Wells Fargo Bank Na, being the defendant in this case, the principles are still applicable. "If plaintiff has offered no evidence that it owned the note and mortgage when the complaint was filed, it would not be entitled to judgment as a matter of law." *Wells Fargo Bank, v. Byrd, 178 Ohio App. 3d 28, 2008-Ohio-4603, 897N.E.2d 722(2008)* Further citing, " A party lacks standing to invoke the jurisdiction of the court, unless he has, in an individual or representative capacity, some real interest in the subject matter of the

---

[29] Dckt Entry. 22 / RJN /Exhibit I1 / pg. 77-78 - Canon 1930 - Any claimed ownership, conveyance lien or other fictional over any form within a Divine Trust that are not in accordance with these canon is a fraud and gross injury to Devine Creator and therefore automatically null and void from the beginning.

[30] Dckt. Entry 22 / RJN Exhibit A2 and A3 / DOC 2013-0388149

[31] Wells Fargo Bank et al, blatant disregard for law, is further illustrated in case Pernell El vs Wells Fargo Bank et al 22- 05940-AB MAAX, wherein the defendant, filled DOC  2022- 028324, despite this pending litigation.

[32] Dckt. Entry 36 and 46 (Brief in opposition to RJN)

17

action.  Id.  The Petitioner argued that Carrington Mortgage and Bruce Rose have no standing, via their void assignment. [33]

6.      The courts of appeals, denied the Petitioner of procedural due process in its opinion, by denying him opportunity to be heard, in variance to the standards under Ninth Circuit Rule 34(a)(2), wherein it states, "oral arguments **MUST** be allowed, in every case unless the panel of three judges agrees after the examination of the briefs and record, it is not needed for one of the following three reasons."  Accordingly, the law law states "Every person is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. *Earle v McVeigh, 91 US 503, 23 L Ed 398.*

## CONCLUSION

        The lower courts need proper guidance in the delineation between Article III Standing and Real Party in Interest, as standardized in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).  Article III Standing and, the question of whether the Petitioner is the real party in interest, is a non-issue.  The district court needs proper guidance in interpreting the standard of dismissal, under Twombly. In Twombly, the Supreme Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted).*  Based on the foregoing, the Plaintiff is entitled to relief.

Date December 2, 2022

                                            Pernell El / M.C

                                            Pro Per

---

[33] Dckt. Entry 49, pg. 9 and 11

# Certificate of Service

On the day of _Monday Dec, 4_ 2022, the instrument titled as PETION FOR WRIT OF CERTIORARI was served on the Respondents attorney(s) named herein, by depositing said instrument at the United States Postal Service, via certified mail, at the address listed below:

1.) JOHN DINEEN attorne, Bar Number: 22095
ANNA ZARNDT, attorne, Bar Number: 327719
SHEPPARD MULLIN RICTER & HAMPTON
501 West Broadway 19th Floor
San Diego, California 92101

2.) Parisa Jassim, attorney
Akerman LLP
601 West 5th street, Suite
Los Angles, California 90071

# **Exhibit 19**

| | Search documents in this case: | | Search |
|---|---|---|---|

## No. 22-6410

| Title: | Pernell El, Petitioner |
|---|---|
| | **v.** |
| | **Wells Fargo Bank, N.A., et al.** |
| Docketed: | December 28, 2022 |
| Lower Ct: | United States Court of Appeals for the Ninth Circuit |
| Case Numbers: | (21-55976) |
| Decision Date: | September 21, 2022 |

| DATE | PROCEEDINGS AND ORDERS |
|---|---|
| Dec 06 2022 | Petition for a writ of certiorari and motion for leave to proceed in forma pauperis filed. (Response due January 27, 2023) |
| | **Motion for Leave to Proceed in Forma Pauperis** **Petition** **Appendix** **Proof of Service** |
| Jan 03 2023 | Waiver of right of respondents Carrington Mortgage Services, LLC; Bruce Rose; and Mortgage Electronic Registration Systems, Inc. to respond filed. |
| | **Main Document** |
| Jan 12 2023 | Waiver of right of respondents Wells Fargo Bank, N.A. and Charles Scharf to respond filed. |
| | **Main Document** |
| Feb 02 2023 | DISTRIBUTED for Conference of 2/17/2023. |
| Feb 21 2023 | Petition DENIED. |

| NAME | ADDRESS | PHONE |
|---|---|---|
| Attorneys for Petitioner | | |

2/21/23, 2:25 PM    Case 5:23-cv-00980-MEMF-AFM    Document 37    Filed 07/24/23    Page 162 of 163    Page ID
Search - Supreme Court of the United States
#:651

| | | |
|---|---|---|
| Pernell El | P.O. Box 151162<br>San Diego, CA 92175 | (619) 750-4787 |

Party name: Pernell El

**Attorneys for Respondents**

| | | |
|---|---|---|
| Parisa Jassim<br>  Counsel of Record | Akerman LLP<br>601 West Fifth Street<br>Los Angeles, CA 90071<br><br>parisa.jassim@akerman.com | 213-533-5914 |

Party name: Carrington Mortgage Services, LLC; Bruce Rose; and Mortgage Electronic Registration Systems, Inc.

| | | |
|---|---|---|
| Karin Dougan Vogel<br>  Counsel of Record | Sheppard Mullin Richter Hampt.<br>501 West Broadway<br>19th Floor<br>San Diego, CA 92101<br><br>kvogel@sheppardmullin.com | 619.338.6500 |

Party name: Wells Fargo Bank, N.A. and Charles Scharf

## <u>PROOF OF SERVICE</u>

STATE OF NEVADA, COUNTY OF CLARK

     I am employed in the County of Clark, State of Nevada; I am over the age of 18 years and not a party to this action.  My business address is 1635 Village Center Cr., Suite 200, Las Vegas, NV 89139.

     On **July 24, 2023**, I served the following document(s) described as;

**DEFENDANTS CARRINGTON MORTGAGE SERVICES LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S REQUEST FOR JUDICIAL NOTICE SUPPORTING MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

on the persons below as follows:

Gerrad Pernell Swahili            *Plaintiffs In Pro Per*
Fatima Swahili
30328 Vercors Street
Murrieta, California 92563
Telephone: (619) 750-4787
Email: p.swahili19@yahoo.com

☒  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Las Vegas, Nevada, on that same day following ordinary business practices.

☒  **BY CM/ECF ELECTRONIC FILING:** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐  (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

     Executed on **July 24, 2023,** at Las Vegas, Nevada.

Esther Ibarra                        */s/ Esther Ibarra*
(Type or print name)                (Signature)

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

71427058;1