O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GERRAD PERNELL SWAHILI; FATIMA
SWAHILI,

                  Plaintiffs,

      v.

WELLS FARGO BANK NA; CARRINGTON
MORTGAGE SERVICES LLC; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS
INC; DHI MORTGAGE COMPANY LTD
L.P.; LAWYERS TITLE COMPANY;
WILMINGTON SAVINGS FUND SOCIETY,
FSB, as Trustee of STANWICH MORTGAGE
TRUST 1,

                  Defendants.

Case No.:  5:23-cv-00980-MEMF-AFM

**ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT, GRANTING IN PART PLAINTIFFS' AND DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE, AND GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF NOS. 33, 34, 36, 37, 42, 45]**

Before the Court are a Motion for Entry of Default Judgment filed by Plaintiffs Gerrad
Pernell Swahili and Fatima Swahili (ECF No. 45), a Request for Judicial Notice filed by Defendant
Wells Fargo NA (ECF No. 34), a Request for Judicial Notice filed by Defendant Carrington
Mortgage Services LLC and Defendant Mortgage Electronic Registration System Inc. (ECF No. 37),
a Request for Judicial Notice filed by Plaintiffs Gerrad Pernell Swahili and Fatima Swahili (ECF No.
42), a Motion to Dismiss filed by Defendant Wells Fargo NA (ECF No. 33), and a Motion to

Dismiss filed by Defendant Carrington Mortgage Services LLC and Defendant Mortgage Electronic Registration System Inc. (ECF No. 36). For the reasons stated herein, the Court DENIES the Motion for Entry of Default Judgment (ECF No. 45), GRANTS IN PART all three Requests for Judicial Notice (ECF Nos. 34, 37, 42), and GRANTS both Motions to Dismiss (ECF Nos. 33, 36).

## BACKGROUND

### I.    Factual Background[1]

Plaintiffs Gerrad Pernell Swahili and Fatima Swahili ("Plaintiffs") are individuals. FAC at 3.[2] Based on their religious principles, Gerrad Pernell Swahili changed his name to Pernell Sahel El, and Fatima Swahili changed her name to Fatima Sahel El. *See id.* at 3 n.1, 3 n.2. They bring suit under their original legal names. *See* FAC.

Defendant Wells Fargo Bank NA ("Wells Fargo") is a corporation. *See id.* at 3. Defendant Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I ("Wilmington") is a corporation. *See id.* Defendant Mortgage Electronic Registration System Inc. ("MERS") is a corporation. *See id.* Defendant DHI Mortgage Title Company Ltd LP ("DHI") is a corporation. *See id.* Defendant Lawyers Title Company ("LTC") is a corporation. Defendant Carrington Mortgage Services LLC ("Carrington") is a corporation. *See id.*

Plaintiffs purchased a plot of land in Riverside County (the "Property") on April 4, 2011. *See id. ¶* 14. To purchase this land, Plaintiffs borrowed $299,150 from DHI through a promissory note. *See id.* ¶ 15. This note was secured by a deed of trust on the land (the "2011 Deed of Trust"). *See id.* The 2011 Deed of Trust was recorded with the County of Riverside on April 12, 2012, as document

---

[1] Unless otherwise indicated, the following factual background is derived from Plaintiffs Gerrad Pernell Swahili and Fatima Swahili's First Amended Complaint. ECF No. 23 ("FAC"). For the purposes of the Motions to Dismiss, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations and is therefore not—at this stage—finding that they are true.

[2] Although the FAC has numbered paragraphs, the portion identifying the parties is not contained in any numbered paragraph, and so the Court cites to page 3 of the FAC.

number 2011-0160252[3]. *See id.* LTC recorded the 2011 Deed of Trust. *See id.* ¶ 16. The parties to the 2011 Deed of Trust were: Plaintiffs (grantors, trustors, and borrowers), DHI (lender), MERS (nominee[4] of the lender), and LTC (trustee). *See id.* ¶ 17. Plaintiffs retained equitable title in the Property per the 2011 Deed of Trust. *See id.*

In May of 2011, Plaintiffs received a "Notice of Sale, Assignment, or Transfer of Servicing Rights from DHI indicating that Wells Fargo would thereafter service the loan. *See id.* ¶ 18. An agent for Wells Fargo created a Wells Fargo account, numbered 9360377086996, on behalf of Plaintiffs, and Wells Fargo began servicing the loan on June 1, 2011. *See id.* Wells Fargo Bank Home Mortgage ("WFBHM"), a subsidiary of Wells Fargo, serviced the loan on Wells Fargo's behalf. *See id.* ¶ 24. Wells Fargo never executed a mortgage with Plaintiffs. *See id.* ¶ 19.

On August 1, 2012, MERS Agent Lynn Sevick ("Sevick") signed a "Corporate Assignment of Deed of Trust (the "2012 Assignment") that had been prepared by Wells Fargo Agent Marcia Paez ("Paez"). *See id.* ¶ 20. The 2012 Assignment purported to assign the beneficial interest in the 2011 Deed of Trust to Wells Fargo. *See id.* The 2012 Assignment was recorded with the County of Riverside on August 12, 2012, as document number 2012-0380816. *See id.*

On November 16, 2012, Wells Fargo initiated foreclosure proceedings on the Property. *See id.* ¶ 22. This was done by Jon Jaimes ("Jaimes"), an agent of NBS Default Services ("NBS"), which acted on Wells Fargo's behalf. *See id.* On December 19, 2012, Wells Fargo employee Kim Dunn ("Dunn") recorded a Substitution of Trustee with the County of Riverside as document number

---

[3] The FAC at times refers to this as document number "2011-0160252" and at times instead refers to it as document number "2011-016025" (identical except that the final "2" is omitted). *See* FAC ¶¶ 15, 22, 42. Because "2011-0160252" is used more frequently, the Court assumes that this is the correct number, and that instances with the final "2" omitted are in error.

[4] Although the complaint does not make this explicit, the Court understands that MERS maintains a database of home loans intended to simplify the process of title transfers between lending entities. *See Culhane v. Aurora Loan Servs. of Nebraska*, 826 F. Supp. 2d 352, 368–78 (D. Mass. 2011) (discussing in detail MERS's role in the mortgage industry and whether MERS's activities comport with Massachusetts law). When MERS acts in this capacity, MERS is designated as the "nominee" on loan and title documents, which grants MERS limited powers to assist in streamlining title transfers. *See id.* The Court is not deciding the Motions to Dismiss on the basis of this information found outside the FAC and includes this information only as background to understand MERS's alleged role in the transaction.

2012-0617797. *See id.* This Substitution of Trustee purported to remove LTC as trustee on the 2011 Deed of Trust and replace LTC with Wells Fargo. *See id.*

In 2013, Wells Fargo sent a Notice of Election to Sell Under Deed of Trust to Plaintiffs. *See id.* ¶ 25. The Notice of Election to Sell Under Deed of Trust represented that Wells Fargo owned the beneficial interest in the 2011 Deed of Trust, based on the 2012 Assignment. *See id.* Based on this representation, Plaintiffs were induced into signed an additional Promissory Note and Deed of Trust for $88,129.91 (the "2013 Deed of Trust").[5] Wells Fargo recorded the 2013 Deed of Trust with the County of Riverside, numbered 2013-0388149. The recording of the 2013 Deed of Trust created an encumbrance on the Property. *See id.*

On April 28, 2021, Wells Fargo purportedly assigned the beneficial interest in the 2011 Deed of Trust to Wilmington (the "2021 Assignment"). *See id.* ¶ 26. Wilmington sent Plaintiffs a notice indicating that Wilmington had become the creditor on Plaintiffs' loan. *See id.* ¶ 27. Thereafter, Carrington acted as loan servicer on Wilmington's behalf. In May of 2023, Carrington initiated foreclosure proceedings on the Property. *See id.* ¶ 32.

Also in May of 2023, Plaintiffs gave notice to Wilmington and Carrington that, in Plaintiffs' view, the 2021 Assignment was void, because the 2012 Assignment was void and therefore Wells Fargo did not have any beneficial interest that it could assign to Wilmington in 2021. *See id.* ¶ 30. Plaintiffs requested that Wilmington enter a certificate of discharge indicating that any purported mortgage Wilmington held was satisfied. *See id.* ¶ 31. Wilmington and Carrington did not respond. *See id.* Plaintiffs also sent notice to Wells Fargo that Plaintiffs believe the 2012 assignment was fraudulent. *See id.* ¶ 34. Wells Fargo did not respond. *See id.* Plaintiffs also contacted MERS and requested that MERS (1) confirm whether Sevick was a MERS employee when Sevick signed the 2012 Assignment (which purportedly assigned the beneficial interest in the 2011 Deed of Trust to Wells Fargo), and (2) provide a copy of power of attorney or other documentation as to Sevick's right to sign this document. *See id.* ¶ 37. MERS did not respond. *See id.*

---

[5] The parties at times refer to this as the "HUD" Deed of Trust. *See* FAC ¶ 40; Wells Fargo Motion at 9. The Court understands references to "HUD" to mean the United States Department of Housing and Urban Development, an agency which provides assistance with certain loans.

1

## II.   **Procedural History**

2      Plaintiffs filed suit in this Court on May 31, 2023. ECF No. 1. Plaintiffs brought their initial

3   Complaint against Carrington, Wells Fargo, and Defendant Mortgage Electronic Registration System

4   Inc. ("MERS"). *See id.*

5      Plaintiffs filed their First Amended Complaint on July 10, 2023. *See* FAC. The FAC added

6   additional defendants, and includes claims against Carrington, Wells Fargo, MERS, DHI,

7   Wilmington, and LTI. *See id.* The FAC includes nine causes of action: (1) fraudulent

8   misrepresentation against Wells Fargo (*see* FAC ¶ 40); (2) fraudulent concealment against LTI and

9   MERS (*see* FAC ¶ 42); (3) a claim to void the 2011 Deed of Trust (*see* FAC ¶ 44); (4) a claim to

10   void the 2012 Assignment of the 2011 Deed of Trust (*see* FAC ¶ 45); (5) a claim to void the 2013

11   Deed of Trust (*see* FAC ¶ 46); (6) a claim to void the 2021 Assignment of the 2011 Deed of Trust

12   (*see* FAC ¶ 47); (7) a claim for violation of California Civil Code section 2933 against Wells Fargo

13   (*see* FAC ¶ 49); (8) a claim for violation of California Civil Code section 2924(6) against Wells

14   Fargo (*see* FAC ¶ 51); and (9) a claim for violation of California Civil Code section 2934(a) against

15   Wells Fargo (*see* FAC ¶ 52). Plaintiffs seek equitable relief of $2,500,000 and the cancellation of

16   various instruments as described above, and state that they reserve the right to seek further damages.

17   *See* FAC ¶ 53.

18      Wells Fargo filed a Motion to Dismiss the FAC on July 18, 2023.[6] ECF No. 33 ("Wells

19   Fargo Motion" or "WF Mot."). Wells Fargo also filed a Request for Judicial Notice. ECF No. 34.

20   ("Wells Fargo's Request for Judicial Notice" or "WF RJN"). Carrington and MERS filed a Motion

21   to Dismiss on July 24, 2023, ECF No. 36 ("Carrington Motion" or "Carrington Mot."). Carrington

22

---

23   [6] Wells Fargo asserts that it was not required to meet and confer prior to filing its Motion. *See* WF Mot. at 2
     ("Pursuant to Local Rule 16-12, Wells Fargo is exempt from participating in a meet/confer session under

24   Local Rule 7-3 because plaintiffs are pro se litigant"). This appears to be a misreading of the Local Rules.
     Local Rule 16-2 (when combined with Local Rule 7-3) states that parties need not meet and confer before

25   filing a motion where "the plaintiff is appearing pro se, is in custody, and is not an attorney." *See* L.R. 16-
     12(c). All three of these requirements must be met for a case to fall within the exception for Local Rule 16-12.

26   *See id.* Although Plaintiffs are pro se, there is no indication that they are in custody, so this exception does not
     apply. Wells Fargo was therefore required to meet and confer prior to filing its Motion. The Court will

27   nevertheless analyze the Motion on its merits in the interests of justice despite this violation of the Local
     Rules. Wells Fargo is admonished to review the Local Rules and follow them for the remainder of this action.

28   Future failures to follow the Local Rules may result in denial of motions or other sanctions.

and MERS also filed a Request for Judicial Notice. ECF No. 37. ("Carrington's Request for Judicial Notice" or "Carrington RJN"). Plaintiffs filed a consolidated Opposition to both the Wells Fargo Motion and Carrington Motion on August 1, 2023. ECF No. 39 ("Opposition" or "Opp'n"). Plaintiffs also filed a consolidated Opposition to Wells Fargo's Request for Judicial Notice and Carrington's Request for Judicial Notice. ECF No. 40 ("Opposition to Requests for Judicial" or "RJN Opp'n"). Plaintiffs also filed their own Request for Judicial Notice on August 1, 2023. ECF No. 42 ("Plaintiffs' Request for Judicial Notice" or ("PRJN"). Wells Fargo filed a Reply in support of its Motion to Dismiss on August 16, 2023. ECF No. 47 ("WF Reply"). Carrington and MERS filed a Reply in support of its Motion to Dismiss on November 1, 2023. ECF No. 56 ("Carrington Reply"). Carrington and MERS also filed a Reply in support of its Request for Judicial Notice on November 1, 2023. ECF No. 57 ("Carrington RJN Reply").

On August 7, 2023, Plaintiffs requested that the Clerk of Court enter default against DHI, LTI, and Wilmington. ECF No. 43. The Clerk of Court did not enter the requested defaults because the proofs of service lacked requisite information, in that they purportedly did not identify an agent authorized to accept service. ECF No. 44. Also on August 7, 2023, Plaintiffs filed a Motion for Entry of Default Judgment as to Wilmington, DHI, and LTC. ECF No. 45 ("Plaintiffs' Motion for Entry of Default Judgment" or "PMDJ"). On August 18, 2023, Plaintiffs filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 60, requesting that the Court order the Clerk of Court to enter default as to Wilmington. ECF No. 52. On December 1, 2023, the Court denied Plaintiffs' Motion for Relief. ECF No. 71.

As of August 7, 2023, Wilmington, DHI, and LTC had not appeared in this action. Since then, DHI and LTC have appeared. LTC filed a Disclaimer on August 18, 2023, whereby LTC purported to "disclaim[] any interest in the property that is the subject matter of this action" and "disclaim[] any interest in any additional compensation regarding the property that may be awarded" in this action. *See* ECF No. 50. LTC's disclaimer stated that on this basis, LTC "understands that it

has no right to participate" in this action.[7] DHI filed an Answer on October 12, 2023. ECF No. 54. Wilmington has not appeared in this action.

The Court held a hearing on the various motions discussed in this Order on December 7, 2023.

## MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF NO. 45)

### I.   Applicable Law

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a).

Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required by Federal Rule of Civil Procedure 55(b)(2). C.D. Cal. L.R. 55-1.

Once default has been entered, the factual allegations in the complaint, except those concerning damages, are deemed admitted by the non-responding party. *See* Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). When deciding whether to enter default judgment, courts consider seven factors, commonly known as the *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[7] The Court makes no finding as to whether LTC's statement that it may disclaim interest in the Property and therefore cease to participate in this action, after being sued for fraudulent concealment (*see* FAC ¶ 42), has any legal merit.

1    *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

2    **II.    Discussion**

3    Plaintiffs request that the Court enter a judgment of default against Wilmington, DHI, and

4    LTC. *See* PMDJ. However, there is currently no entry of default against any of these three entities.

5    Although Plaintiffs requested that the Clerk of Court enter such defaults, the Clerk of Court did not

6    do so because of procedural defects in the proofs of service. *See* ECF Nos. 43 (Plaintiffs' Request),

7    44 (Clerk of Court's Denial of Request). Plaintiffs moved for relief of this denial and requested that

8    the Court order an entry of default against Wilmington, but the Court denied this Motion.[8] *See* ECF

9    Nos. 52 (Plaintiffs' Motion for Relief), 71 (Court's Order denying Motion for Relief).

10    The lack of entries of default against Wilmington, DHI, and LTC is fatal to Plaintiffs'

11    Motion for Entry of Default Judgment against these defendants. An entry of default is a prerequisite

12    for a default judgment. *See* Fed. R. Civ. P. 55(b). The Local Rules also require that a motion for

13    entry of default judgment be accompanied by an affidavit stating, among other items, when default

14    was entered. *See* C.D. Cal. L.R. 55-1. Although Plaintiffs' Motion for Entry of Default Judgment

15    contains statements that, although not in an affidavit, could perhaps be construed as complying with

16    the other requirements of the Local Rules, Plaintiffs' Motion for Entry of Default Judgment does not

17    state when defaults were entered, presumably because they have not been. *See* PMDJ. Plaintiffs'

18    Motion for Entry of Default Judgment therefore fails under both the Federal Rules of Civil

19    Procedure and the Local Rules.

20    For this reason, Plaintiffs' Motion for Entry of Default Judgment (ECF No. 45) is DENIED.

21    This denial shall be WITHOUT PREJUDICE as to the right to move for default judgment against

22    these entities in the future if the procedural requirements are met.

23    / / /

24    _____

25    [8] Plaintiffs' Motion for Relief only requested that the Court order the Clerk of Court to enter default against

26    Wilmington, not against DHI or LTC, the other entities as to which the Clerk of Court denied requested
entries of default and as to which Plaintiffs now seek the entry of default judgments. *See* ECF No. 52.

27    Plaintiffs may file a similar Motion for Relief as to DHI and/or LTC if Plaintiffs so desire. The Court is not
currently ruling on whether the Clerk's denials of the requested entries of default against DHI and LTC were

28    proper and has not considered the issue. But absent such entries of default, the Court is unable to enter default
judgments against these entities.

**REQUESTS FOR JUDICIAL NOTICE (ECF NOS. 34, 37, 42)**

**I.      Applicable Law**

On a motion to dismiss, courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999.

A court may, however, judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record" but generally may not notice "disputed facts stated in public records." *Lee*, 250 F.3d 668, 690 (9th Cir. 2001), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

On a typical motion to dismiss, certain documents that might otherwise be subject to judicial notice still might not be permissible to consider. *See Corinthian Colleges*, 655 F.3d at 998. Documents not attached to the complaint—including documents that might otherwise be subject to judicial notice—may typically only be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006)). In order to be judicially noticeable and considered on a motion to dismiss, the document must satisfy both the *Corinthian Colleges* test and the requirements of Rule 201. *See Corinthian Colleges*, 655 F.3d at 998 (first considering whether document was referenced in and central to complaint, and second considering Rule 201). However, a Court may also consider certain documents in deciding a motion to dismiss without taking judicial notice of the documents. *See Marder*, 450 F.3d at 448 (finding documents may be considered in deciding motion to dismiss, based on a test identical to the one in *Corinthian Colleges*, without taking judicial notice of the documents). In some circumstances, it may be appropriate to deny a request for judicial notice, avoiding the obligation to instruct the jury on the

trust of a document, but nevertheless consider the document as evidence in deciding a motion to dismiss. *See id.*

The *Corinthian Colleges* test for considering documents outside the complaint does not apply when the defendant argues that preclusion is a basis for dismissal. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005). The public record is helpful in analyzing whether a new action is precluded by a previous court order, regardless of whether the previous court order meets the standard described above. *See id.* Thus, a district court considering a motion to dismiss based on res judicata may take notice of previous court documents to consider the issue of res judicata. *See id.*; *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (taking dismissal based on judicially noticed documents from previous litigation, including documents filed by the parties in the previous action).

Here, both Wells Fargo and Carrington argue that this suit should be precluded on the basis of res judicata, and so, the Court may take notice of court records to consider that issue. For documents not relevant to the res judicata issue, the Court will apply the *Corinthian Colleges* test described above.

## II.  <u>Discussion</u>

Wells Fargo, Carrington, and Plaintiffs all filed Requests for Judicial Notice. *See* WFRJN; Carrington RJN; PRJN. Although there is some overlap in the documents each party submitted for notice, the Court will address each in turn for clarity, while noting the duplicates, and summarize which documents will be noticed at the end of this section. For the reasons stated below, Wells Fargo's Request for Judicial Notice is GRANTED IN PART, Carrington's Request for Judicial Notice is GRANTED, and Plaintiffs' Request for Judicial Notice is GRANTED IN PART.

### A.  **Wells Fargo Request for Judicial Notice:**

Wells Fargo requests judicial notice of the following documents:

1. Exhibit A: 2011 Promissory Note

2. Exhibit B: 2011 Deed of Trust (2011-0160252)

3. Exhibit C: 2012 Assignment (2012-0380816)

4. Exhibit D: 2012 Notice of Default (2012-0554808)

5. Exhibit E: 2013 Promissory Note (2013-0214822)

6. Exhibit F: 2013 Deed of Trust (2013-0388149)

7. Exhibit G: 2013 Notice of Rescission of Notice of Default

8. Exhibit H: 2021 Assignment (2021-0264133)

9. Exhibit I: Docket in *Pernell El v. Wells Fargo Bank, et al.*, Central District of California Case No. Case No. 2:21-cv-03137-AB-KES

10. Exhibit J: Amended Complaint in *Pernell El v. Wells Fargo Bank, et al.*

11. Exhibit K: Dismissal Order in *Pernell El v. Wells Fargo Bank, et al.*, dated September 3, 2021

12. Exhibit L: Judgment in *Pernell El v. Wells Fargo Bank, et al.*, dated September 3, 2021

The Court will apply the *Corinthian Colleges* test to Exhibits A–H, as these documents are not related to res judicata. Under this standard, there are two questions: whether the documents are subject to judicial notice under Rule 201, and whether the documents may be considered in deciding the motion to dismiss. *See Corinthian Colleges*, 655 F.3d at 998. Applying these tests, the Court finds that Exhibits B, C, D, E, F, and H (but not A or G) are properly subject to judicial notice. These documents are public records, and thus, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moving to the second question, the Court finds that Exhibits A, B, C,[9] D, F, and H (but not G[10]) are appropriate to consider in deciding the Motion to Dismiss. *See Corinthian Colleges*, 655 F.3d at 998. All of these documents are referenced in the FAC and central to the claims, and no party has questioned their

---

[9] At the hearing, Plaintiffs argued that the document at Exhibit C to the Wells Fargo Request for Judicial Notice (the 2012 Assignment) is purportedly void and therefore not appropriate for judicial notice. The Court's granting of the Request for Judicial Notice as to this document (or any other documents that Plaintiffs may contest the validity of) is not a finding that these documents are legally valid, and is rather only a finding that the submitted document is indeed the document referenced in the FAC.

[10] The FAC does not refer to any Notice of Rescission of Notice of Default. *See* FAC. Hence, Exhibit G is not incorporated by reference and cannot be considered.

authenticity.[11] Although the Court may not take judicial notice of Exhibit A because it is not a public record (and not otherwise subject to judicial notice, the Court may still consider it in deciding the Motion to Dismiss. *See Marder*, 450 F.3d at 448 (finding documents may be considered in deciding motion to dismiss, based on a test identical to the one in *Corinthian Colleges*, without taking judicial notice of the documents).

The Court will take judicial notice of Exhibits I–L to consider the res judicata argument. *See See Manufactured Home*, 420 F.3d at 1037. These documents are public records on court dockets, and thus, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**B. Carrington Request for Judicial Notice:**

Carrington requests judicial notice of the following documents:

1. Exhibit 1: 2011 Deed of Trust (2011-0160252) (duplicate of WF RJN Ex. B)

2. Exhibit 2: 2012 Assignment (2012-0380816) (duplicate of WF RJN Ex. C)

3. Exhibit 3: 2013 HUD Deed (2013-0388149)

4. Exhibit 4: 2021 Assignment (2021-0264133) (duplicate of WF RJN Ex. H)

5. Exhibit 5: Exhibits filed *Pernell El v. Wells Fargo Bank, et al.*, Central District of California Case No. Case No. 2:21-cv-03137-AB-KES

6. Exhibit 6: 2023 Substitution of Trustee (2023-0108545)

7. Exhibit 7: 2013 Notice of Default (2023-0118334)

8. Exhibit 8: *Pernell El v. Wells Fargo Bank, et al.* docket (duplicate of WF RJN Ex. I)

9. Amended Complaint in *Pernell El v. Wells Fargo Bank, et al.* (duplicate of WF RJN Ex. J)

---

[11] Plaintiffs' consolidated Opposition to the Requests for Judicial Notice does not question the authenticity of these documents. The Court notes that although Plaintiffs claim to oppose judicial notice of all documents submitted by Wells Fargo and Carrington, Plaintiffs included duplicates of some of the same documents in their own Request for judicial Notice. *See, e.g.*, WF RJN at 2 (requesting notice of [Exhibit C:] "Deed of Trust recorded with the Riverside County Recorder's Office on August 10, 2012 as Instrument No. 2012-0380816"), RJN Opp'n at 3 (Plaintiffs oppose notice of "Void 2012 Assignment / Exhibit C"); PRJN at 2 (Plaintiffs request notice of [Exhibit 1:] "2012 Assignment /Document # 2012-0380816"). Plaintiffs may rest assured that as their Opposition urges, the Court will not take disputed facts in these documents at face value, and is only taking notice of the facts that the documents exist and what they contain, not that the contents are true.

10. Exhibit 10: Motion to Dismiss filed in *Pernell El v. Wells Fargo Bank, et al.*

11. Exhibit 11: Additional Motion to Dismiss filed in *Pernell El v. Wells Fargo Bank, et al.*

12. Exhibit 12: Dismissal Order in *Pernell El v. Wells Fargo Bank, et al.*, dated September 3, 2021 (duplicate of WF RJN Ex. K)

13. Exhibit 13: Notice of Appeal in *Pernell El v. Wells Fargo Bank, et al.*

14. Exhibit 14: Ninth Circuit's Memorandum Opinion in *Pernell El v. Wells Fargo Bank, et al.*

15. Exhibit 15: Petition for Rehearing in *Pernell El v. Wells Fargo Bank, et al.*

16. Exhibit 16: Order denying Petition for Rehearing in *Pernell El v. Wells Fargo Bank, et al.*

17. Exhibit 17: Mandate filed in the Ninth Circuit in *Pernell El v. Wells Fargo Bank, et al.*

18. Exhibit 18: Writ of Certiorari filed with the United States Supreme Court in *Pernell El v. Wells Fargo Bank, et al.*

19. Exhibit 19: United States Supreme Court docket in *Pernell El v. Wells Fargo Bank, et al.*

The Court will apply the *Corinthian Colleges* test to Exhibits 1–4 and 6–7, as these documents are not related to res judicata. The Court finds that all of these documents are properly subject to judicial notice. These documents are public records, and thus, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court further finds that Exhibits are proper to consider on a Motion to Dismiss. All are referenced in the FAC and central to it.[12]

The Court will also take judicial notice of Exhibits 5 and 8–19. to consider the res judicata argument. *See Manufactured Home*, 420 F.3d at 1037. These are documents public records on court dockets, and thus, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**C. Plaintiffs' Request for Judicial Notice:**

Plaintiffs request judicial notice of the following documents:

_____

[12] There are some small discrepancies between these and the documents in the FAC. Or example, as to Exhibit 6, the FAC references a May 2023 Substitution of Trustee (FAC ¶ 32), while Carrington submitted an April 2023 Substitution of Trustee.  Similarly, as to Exhibit 7, the FAC referenced in 2012 Notice of Default (FAC ¶ 22), while Carrington submitted a 2013 Notice of Default. The Court finds nevertheless that the documents are sufficiently related to the FAC that they are incorporated by reference and appropriate to consider.

1. Exhibit 1: 2012 Assignment (2012-0380816) (duplicate of WF RJN Ex. C / Carrington RJN Ex. 2)

2. Exhibit 2: 2011 Deed of Trust (2011-0160252) (duplicate of WF RJN Ex. B / Carrington RJN Ex. 1)

3. Exhibit 3: 2011 Promissory Note (duplicate of WF RJN Ex. A)

4. Exhibit 4: 2011 Promissory Note with endorsement added

5. Exhibit 5: 2012 Notice of Default (2012-0554808) (duplicate of WF RJN Ex. D)

6. Exhibit 6: 2012 Substitution of Trustee (2012-0617797)

7. Exhibit 7: 2013 HUD Deed and Promissory Note (2013-0388149) (duplicate of WF RJN Exs. E and F) [13]

8. Exhibit 8: "Lynn Marie Sevick notary for Wells Fargo Bank Na / 20171116"

9. Exhibit 9: 2011 Grant Deed (2011-0160251)

10. Exhibit 10: 2021 Assignment (2021-0264133) (duplicate of WF RJN Ex. H / Carrington RJN Ex. 4)

The Court will apply the *Corinthian Colleges* test to all of these exhibits. The Court finds that exhibits 1, 2, 5, 6, 7, 9, and 10 (but not 3, 4, or 8) are properly subject to judicial notice. These documents are public records, and thus, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court further finds that Exhibits 1–7 and 9–10 are all are referenced in the FAC and central to it.

The only document the Court will not consider is Exhibit 8. It is unclear to the Court what this document is or how it fits into the allegations in the FAC. Exhibit 8 is a 2017 document signed by Sevick in her capacity as a Notary Public. *See* PRJN at 66. There is no 2017 document signed by Sevick referenced in the FAC. Thus, the Court will not consider this document.

/ / /

---

[13] There appears to be an error in Plaintiffs' Request for Judicial Notice as to Exhibit 7: there are two documents labeled Exhibit 7, and neither is the 2013 Deed. *See* PRJN at 34, 52 (two copies of deed dated 2011). The Court assumes that Plaintiffs intended to request notice of the document described on the summary page, which would be a duplicate of exhibits submitted by Well Fargo.

**D.  Conclusion as to Request for Judicial Notice:**

In sum, the Court GRANTS the requests to judicially notice the following documents. All of these will be considered in deciding the Motions to Dismiss:

1.  2011 Deed of Trust (2011-0160252) (WF RJN Ex. B / Carrington RJN Ex. 1 / PRJN Ex. 2)

2.  2012 Assignment (2012-0380816) (WF RJN Ex. C / Carrington RJN Ex. 2 / PRJN Ex. 1)

3.  2012 Notice of Default (2012-0554808) (WF RJN Ex. D / PRJN Ex. 3)

4.  2013 Promissory Note (2013-0214822) (WF RJN Ex. E / part of PRJN Ex. 7)

5.  2013 Deed of Trust (2013-0388149) (WF RJN Ex. F / part of PRJN Ex. 7)

6.  2021 Assignment (2021-0264133) (WF RJN Ex. H / Carrington RJN Ex. 4 / PRJN Ex. 10)

7.  *Pernell El v. Wells Fargo Bank, et al.* Docket (WF RJN Ex. I / Carrington RJN Ex. 8)

8.  Amended Complaint in *Pernell El v. Wells Fargo Bank, et al.* (WF RJN Ex. J / Carrington RJN Ex. 9)

9.  Dismissal Order in *Pernell El v. Wells Fargo Bank, et al.*, dated September 3, 2021 (WF RJN Ex. K / Carrington RJN Ex. 12))

10. Judgment in *Pernell El v. Wells Fargo Bank, et al.*, dated September 3, 2021 (WF RJN Ex. L)

11. 2013 HUD Deed (2013-0388149) (Carrington RJN Ex. 3)

12. Exhibits filed *Pernell El v. Wells Fargo Bank, et al.* (Carrington RJN Ex. 5)

13. 2023 Substitution of Trustee (2023-0108545) (Carrington RHN Ex. 6)

14. Motion to Dismiss filed in *Pernell El v. Wells Fargo Bank, et al.* (Carrington RHN Ex. 10)

15. Additional Motion to Dismiss filed in *Pernell El v. Wells Fargo Bank, et al.* (Carrington RHN Ex. 11)

16. Notice of Appeal in *Pernell El v. Wells Fargo Bank, et al.* (Carrington RHN Ex. 13)

17. Ninth Circuit's Memorandum Opinion in *Pernell El v. Wells Fargo Bank, et al.* (Carrington RHN Ex. 14)

18. Petition for Rehearing in *Pernell El v. Wells Fargo Bank, et al.* (Carrington RHN Ex. 15)

19. Order denying Petition for Rehearing in *Pernell El v. Wells Fargo Bank, et al.* (Carrington RHN Ex. 16)

20. Mandate filed in the Ninth Circuit in *Pernell El v. Wells Fargo Bank, et al.* (Carrington RHN Ex. 17)

21. Writ of Certiorari filed with the United States Supreme Court in *Pernell El v. Wells Fargo Bank, et al.* (Carrington RHN Ex. 18)

22. United States Supreme Court docket in *Pernell El v. Wells Fargo Bank, et al.* (Carrington RHN Ex. 19)

23. 2012 Substitution of Trustee (2012-0617797) (PRJN Ex. 6)

24. 2011 Grant Deed (2011-0160251) (PRJN Ex. 9)

The Court DENIES the Requests for Judicial Notice of the following documents, but will nonetheless consider them in deciding the Motions to Dismiss:

1. 2011 Promissory Note (WF RJN Ex. A / PRJN Ex. 3)

2. 2011 Promissory Note with endorsement added (PRJN Ex. 4).

The Court DENIES the Requests for Judicial Notice of the following documents and will not consider them in deciding the Motions to Dismiss:

1. 2013 Notice of Rescission of Notice of Default (WF RJN Ex. G)

2. "Lynn Marie Sevick notary for Wells Fargo Bank Na / 20171116" (PRJN Ex. 8).

Thus, Wells Fargo's Request for Judicial Notice is GRANTED IN PART, Carrington's Request for Judicial Notice is GRANTED, and Plaintiffs' Request for Judicial Notice is GRANTED IN PART.

## **MOTIONS TO DISMISS (ECF NOS. 33, 36)**

### I. **Applicable Law**

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## II.   Discussion

Wells Fargo and Carrington move to dismiss on similar grounds, and so the Court will consider the Motions to Dismiss together. For the reasons stated below, the Court GRANTS both Motions to Dismiss. Dismissal will be WITH LEAVE TO AMEND.

### A. At this stage, the Court will not dismiss the action based on res judicata.

Wells Fargo and Carrington both argue that res judicata—the doctrine that a matter previously litigated may not be relitigated by the same or related parties—bars Plaintiffs' claims. *See* WF Mot. at 11–13; Carrington Mot. at 4–5. Both defendants point to *Pernell El v. Wells Fargo Bank, et al.*, litigated in the Central District of California in 2021. Plaintiffs flatly deny that they were ever a party or involved in that litigation. *See* Opp'n at 5–6. Wells Fargo and Carrington question this claim. *See* WF Reply at 4; Carrington Reply at 2–3.

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or *could have been raised* in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks and citations omitted; emphasis in original). Res judicata applies where there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity

1   between parties." *Id.* The rule bars not just claims that are literally identical, but suits that "arise out

2   of the same transactional nucleus of facts." *Int'l Union of Operating Engineers-Emps. Const. Indus.*

3   *Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993).

4        Here, at minimum, there are questions as to the third requirement that prevent the Court from

5   dismissing the action on the basis of res judicata. At this stage, the Court cannot find for certain that

6   this requirement of identity or privity of parties is met.

7        There are striking similarities between the 2021 suit and this action. *See* Exhibit I to WF RJN

8   (ECF No. 34 at 57–78) ("*Pernell El* FAC"). Both actions focus on the same piece of property: 30328

9   Vercors Street, Murrieta, California 92563. *See* FAC ¶ 15; *Pernell El* FAC at 7, ¶ 1.[14] Both actions

10  refer to the same deed of trust: 2012-0554808. *See* FAC ¶ 22; *Pernell El* FAC at 7, ¶ 4. Both were

11  brought against Wells Fargo, Carrington, MERS, and LTI. *See* FAC; *Pernell El* FAC. The Court

12  could list numerous other examples—a basic review of the two complaints reveals that they are

13  essentially identical in their factual allegations. *See generally* FAC; *Pernell El* FAC. Although the

14  actions were brought under different names, it is notable that the name used in the 2021 action,

15  Pernell El, appears to be Gerrad Pernell Swahili's religious name, Pernell Sahel El. *See* FAC at 3

16  n.1; *Pernell El* FAC. Despite all of this, Gerrad Pernell Swahili denies that he was the plaintiff in

17  that action. *See* Opp'n at 5–6.

18       But nonetheless, in light of Plaintiffs' denial, the Court sees no definitive proof that there is

19  privity of the parties. The Court is aware of no authority providing guidance on how to approach a

20  motion to dismiss for res judicata where the plaintiff, using a different name than the one used in a

21  previous action, denies that he had any involvement in that action. The Court finds it appropriate to

22  view the facts as pleaded in the light most favorable to Plaintiffs, as is the typical standard on a

23  Motion to Dismiss. *See Park*, 851 F.3d at 918. Doing so, it is possible that Gerrad Pernell Swahili

24

25

26

27  _____

28  [14] The *Pernell El* FAC has numbered paragraphs, but resets the numbering in each section (in other words, it
    has multiple "paragraph 1"s). So the Court will use both page numbers and paragraph numbers.

was not the plaintiff[15] in the previous action or in privity with that plaintiff, as Plaintiffs represent in their Opposition. *See* Opp'n at 5. It is also possible that Fatima Swahili was not in privity with the previous plaintiff, as Carrington and MERS implicitly acknowledge in their Reply. *See* Carrington Reply at 2 ("Res judicata bars this action—at least as to Mr. Swahili"). Whether the previous action was brought by Gerrad Pernell Swahili, or by some other plaintiff in privity with the Plaintiffs here, can be determined in discovery. The Court will allow Wells Fargo and Carrington to re-raise the res judicata argument at a later date based on more facts if they so choose.

The action will not be dismissed based on res judicata at this stage.

**B.  All of Plaintiffs' claims are time barred.**

Under California law, a cause of action generally accrues at "the time when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). There is an exception for the "'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id.*

The statute of limitations for all of Plaintiffs' claims has long run unless Plaintiffs can show the discovery rule applies. Actions for "relief on the ground of fraud or mistake" have a three-year statute of limitations in California. *See* Cal. Code Civ. Proc. § 338(d). Wells Fargo, Carrington, MERS, and Plaintiffs all agree that this is the typical rule. *See* Opp'n at 7 (acknowledging Defendants' arguments that the statute of limitations applies, and responding only by arguing accrual was delayed until discovery). This statute of limitations plainly applies to Plaintiffs' fraudulent misrepresentation claim against Wells Fargo (first cause of action) and to Plaintiffs' fraudulent concealment claim against LTC and MERS (second cause of action). Further, because Plaintiffs' claims to void various instruments (third, fourth, fifth, and sixth causes of action) are predicated on the argument that instruments are void for fraud, the Court finds that this same statute of limitations

---

[15] The previous action was brought by "Pernell El, trustee and Moorish Consul . . . in the name of the Society of the House of El Wagf." *See Pernell El* FAC at 1, ¶ 1. It is unclear to the Court whether Plaintiffs intend to deny that Gerrad Pernell Swahili and Pernel El are the same person, or if Plaintiffs argue that the fact that Pernel El brought the suit in this unusual fashion results in Gerrad Pernell Swahili not being a party to the previous suit. Drawing all factual inferences in favor of Plaintiffs, it is possible that Gerrad Pernell Swahili and Pernel El are not the same person and not in privity with one another.

applies to the third, fourth, fifth, and sixth causes of action. *See* FAC ¶¶ 44 (Claim 3: "The Plaintiff requests that the 2011 Deed of Trust, be declared voidable, then canceled due to fraud"), 44 (Claim 4: "the 2012 Assignment is defective, invalid, void, and a forgery . . . Wells Fargo fraudulently assigned" an interest it did not validly possess); 45 (Claim 5: "2013 HUD Deed of Trust is voidable, as Wells Fargo fraudulently induced the Plaintiffs into signing it"); 47 (Claim 6: "2011 Deed of Trust is void, for fraud").

The other claims at issue here would also be time barred if the discovery rule does not apply. Plaintiffs' claims against Wells Fargo for various statutory violations do not appear to have fixed statutes of limitations (seventh, eighth, and ninth causes of action).[16] Where actions do not have specifically defined statutes of limitations under California law, the default is a four-year statute of limitations. *See* Cal. Code Civ. Proc. § 343. The Court finds that this four-year statute of limitations applies to the seventh, eighth, and ninth causes of action. All of these claims are based on conduct that allegedly occurred far longer than four years prior to Plaintiffs bringing this action. *See* FAC ¶¶ 49 (Claim 7: "Wells Fargo Bank Na agent(s) knowingly violated California Civil Code 2933, in the year 2012"), 51 (Claim 8: "Wells Fargo Bank NA, knowingly violated Cal. Civ. Code 2924(6) by exercising the power to sell clause in the Plaintiffs 2011 deed of trust . . . Plaintiff(s) relied on [documentation sent by Wells Fargo] and were induced into signing a 2013 Deed of Trust and Note."), 53 ("Wells Fargo Bank NA knowingly and fraudulently violated Cal. Civ. Code 2934(a) by fraudulently having a recording of the substitution of the Plaintiff trustee in the year 2012"). Thus, unless the discovery rule applies, these claims are all time-barred.

The discovery rules applies when the plaintiff "discovers, *or has reason to discover*, the cause of action." *Fox*, 110 P.3d at 920 (emphasis added). To invoke the discovery rule, "the plaintiff must *specifically* plead facts which show (1) the time and *manner* of discovery and (2) the *inability* to have made earlier discovery despite reasonable diligence." *Saliter v. Pierce Bros. Mortuaries*, 81 Cal. App. 3d 292, 297 (Ct. App. 1978) (emphasis added).

---

[16] The Court makes no finding on whether there is a private right of action for violation of these statutes. The Court need not reach this issue, as if there is such a right of action, it is time-barred.

1    Plaintiffs have not sufficiently alleged facts that would support a finding that the discovery

2    rule should apply. Plaintiffs allege in their FAC that they discovered the facts underlying their fraud

3    claims "in April 2022 and March 2023." FAC ¶ 4. They further allege that they "discovered around

4    April 2022, that Wells Fargo Bank Na knowingly recorded a defective, fraudulent, forged

5    Assignment . . . without the requisite power of attorney / grant authority" and "in May 2023, the

6    Plaintiff discovered that Wells Fargo Bank Na, in the year 2012, fraudulently recorded a substitution

7    of trustee" without requisite authority and in violation of various statutes. *Id.* ¶¶ 4, 12. There are no

8    further facts alleged that might support the discovery rule. These allegations are conclusory and

9    insufficient. There is no allegation as to what the plaintiffs discovered or why they could not have

10   discovered it earlier. *See Saliter*, 81 Cal. App. 3d at 297. At the hearing, Plaintiffs were unable to

11   point to any allegations in the FAC that show the manner of discovery or the inability to have made

12   earlier discovery despite reasonable diligence. *See Saliter*, 81 Cal. App. 3d at 297.

13   For this reason, Plaintiffs have not adequately pleaded facts that would show the discovery

14   rules applies and should toll the various statutes of limitations here. The Court need not reach Wells

15   Fargo's and Carrington's other arguments. All of the claims against Wells Fargo and Carrington will

16   be dismissed on the basis that they are time-barred as pleaded. This dismissal shall be with leave to

17   amend, because further facts might state a viable claim. *Manzarek*, 519 F.3d at 1031.

## **CONCLUSION**

19   For the reasons stated herein, the Court ORDERS as follows:

20   1.   Plaintiffs' Motion for Entry of Default Judgment (ECF No. 45) is DENIED.

21   2.   Wells Fargo's Request for Judicial Notice (ECF No. 34) is GRANTED IN PART as

22        described in more detail above.

23   3.   Carrington's Request for Judicial Notice (ECF No. 37) is GRANTED.

24   4.   Plaintiffs' Request for Judicial Notice is GRANTED IN PART as described in more detail

25        above.

26   5.   Wells Fargo's Motion to Dismiss (ECF No. 33) and Carrington's Motion to Dismiss (ECF

27        No. 36) are GRANTED. Plaintiffs' first, second, third, fourth, fifth, sixth, seventh, eighth,

28

and ninth causes of action are DISMISSED WITH LEAVE TO AMEND as to Wells Fargo,

Carrington, and MERS.

6. Plaintiffs must file any amended complaint by January 9, 2024.


IT IS SO ORDERED.


Dated: December 7, 2023                                    _____

                                                          MAAME EWUSI-MENSAH FRIMPONG

                                                          United States District Judge