FILED

2024 JAN -8 AM 9: 52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:

1   Gerrad Pernell Swahili

2   30328 Vercors Street, Murrieta

3   California, 92563

4

5

6                    UNITED STATES DISTRICT COURT

7                              For the

8                    Central District of California

9

10   Gerrad Pernell Swahili, Fatima Swahili        Case No.: 5:23-cv-00980-MEMF-AFM

11                    Plaintiff,                     Second Amended Complaint
                                                     QUIET TITLE
     V,
12                                                   1.) Fraudulent-Misrepresentation;
13   Wells Fargo Bank Na, CARRINGTON                 2.) Fraudulent Concealment; 3.) Cancelation of
     MORTGAGE SERVICES LLC, MORTGAGE                 Instrument; 4.) Cancelation of Instrument 5.
14                                                   Cancelation of Instrument 6. Cancelation of
     ELECTRONIC REGISTRATION SYSTEM INC;             Instrument; 7.) Violation of § 2933; 8.) Violation
15   DHI MORTGAGE COMPANY LTD L.P.                   of 2924(6); 9.) Violation of 2934(a) 10.
16                                                   Wrongful foreclosure 11.) Violation of § 1091;
     LAWYERS TITLE COMPANY; Wilmington               12.) Cancelation of Trustee Deed; 13) FRAUD
17   Savings Fund Society, FSB, as Trustee of

18   StanWich Mortgage Trust I, MTC FINANCIAL

19   INCORPORATED, Breckenridge Property Fund

20   2016 LLC, Green Spoon murder LLp

     Defendant
21

22

23

24

25

26

27

28

                                    1

**NATURE OF THE CASE / CAUSE OF ACTION**

1.      The Plaintiff's Gerrad Pernell Swahili and Fatima Swahili are the Grantors / Trustors and owners of the 2011 Deed of Trust (herein the 2011 Deed of Trust) listed as document number: 2011-0160252 and recorded in the official records of the County of Riverside.  In the year 2012 Wells Fargo Bank Na (herein WFB), broke the chain of title, and severed the promissory note from the Plaintiff's 2011 deed of trust, thus rendering all assignments thereafter void, and the selling of the Plaintiff's 2011 deed of trust void ab initio. List of claims being brought against the defendants are as follows: (1) fraudulent misrepresentation against Wells Fargo Bank NA and Mortgage Electronic Registration System Inc. (MERS); (2) fraudulent concealment against DHI Mortgage Company Ltd. L.P (herein DHI), Lawyers Tittle Company, and MERS;(3) Cancelation of the 2011 Deed of Trust (2011-0160252), pursuant to Cal. Civ. Code. §3412(1); (4) Cancelation of the invalid / void / fraudulent / forged /defective / unauthentic 2012 Assignment (2012-0380816), by Wells Fargo Bank NA, pursuant to Cal. Civ. Code. §3412(1); (5) Cancelation of the voidable 2013 HUD Deed of Trust and Partial promissory note (2013-0388149), by Wells Fargo Bank NA, pursuant to Cal. Civ. Code. §3412(1); (6) Cancelation of the void 2021 Assignment (doc number: 2021-0264133) by Wells Fargo Bank Na to Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, pursuant to Cal. Civ. Code. §3412(1); (7) violation of California Civil Code § 2924 by Wells Fargo Bank NA; (8) Violation of Cal. Civ. Code § 2933, by Wells Fargo Bank NA; (9) violation of Cal. Civ. Code 2934(a), by Wells Fargo Bank NA.  10.) Wrongful Foreclosure (against MTC FINANCIAL INCORPORATED & Green Spoon Marder) 11.) Violation of Cal Civ. Code 1091 (MTC Financial Incorporated) 12. Cancelation of Instrument (trustee deed) 13.) Quiet Title.  The crux of the Plaintiff's claims, hinge on the discovery and evidence based on information and belief that the 2012 Assignment of the beneficial interest of the Plaintiff's 2011 Deed Trust, was a self-assignment from Wells Fargo Bank NA to Wells Fargo Bank NA.  Said self-assignment is defective, invalid, false, forged, fraudulent, unauthentic, void and devoid of the requisite

power of attorney, as required pursuant to Cal. Civ. Code § 2933; and void of the grant authority of the " Nominee" MERS. "Obtaining an assignment through fraudulent means invalidates the assignment. Fraud destroys the validity of everything into which it enters it vitiates the most solemn contracts, documents and even judgment. " *See Walker v. Rich, 79 Cal. App 139 (Cal. App. 1926)* The Plaintiff allege that Wells Fargo Bank Na broke the chain of title, never owned the beneficial interest in the Plaintiff's 2011 deed of trust; and based on information and belief WFB never possessed and endorsement of the Plaintiff's 2011 Note. The Plaintiffs plead to cancel all instruments is warranted, as all instrument recorded after the 2012 self assignment by WFB are invalid.  "An action to remove a cloud on title, under Civil Code section 3412 is aimed at a piece of evidence." (Ephraim v. Metropolitan Trust Co. (1946) 28 Cal.2d 824, 833 [172 P.2d 501]; citing *Wolfe v. Lipsey (1985) 163 Cal.App.3d 633* To state a cause of action to remove a cloud, instead of pleading in general terms that the defendant claims an adverse interest, the Plaintiff must allege, inter alia, facts showing actual invalidity of the apparently valid instrument or piece of evidence. Id.  The Plaintiffs are further suing MTC Financial INC (Trustee Corps) for the 2023 fraud, wrongful, willful, oppressive non-judicial foreclosure of the Plaintiff 2011 deed of trust, to that extent MTC Financial Inc. was neither the beneficiary, its assign and or the trustee of the Plaintiff's 2011 deed of trust, as it possessed no authority to initiate the non-judicial foreclosure process in 2023, and or enforce the underlying debt.  "that because in a non judicial foreclosure action that *only* the underline original beneficiary of a deed of trust, or its assignee or agent may direct a trustee to sell the property, an allegation that an assignment was void, and not merely voidable at the behest of the parties to the assignment, will support an action for **wrongful foreclosure**." at 848.    The Plaintiffs seek to Quiet the Title, and are furthering suing MTC Financial Inc, WFB, Greenspoon Marder; Carrington Mortgages Services LLC; Breckenridge Property Fund 2016, LLC for fraud.


## JURISDICTION


3

2.      This court also has subject-matter jurisdiction pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and cost and there is complete diversity of citizenship between the Plaintiff(s) and all the Defendant(s).

**JURY TRIAL**

3.      The Plaintiff(s) moves for a jury trial.

## PARTIES

1. The Plaintiff; Gerrad Pernell Swahili / Natural Person

2. The Plaintiff; Fatima Swahili / Natural Person

3. The defendant, Wells Fargo Bank NA / Corporation

4. The defendant, Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I /

5. The defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC / Corporation

6. The defendant, DHI MORTGAGE COMPANY LTD LP

7. The defendant, LAWYERS TITLE COMPANY / Corporation

8. The defendant, CARRINGTON MORTGAGE SERVICES LLC / Corporation

9. MTC FINANCIAL INCORPORATED, DBA (Trustee Corps)

10. Breckenridge Property Fund 2016 LLC '/ Corporation

11. Greenspoon Marder LLP / Corporation

## ALLEGATIONS

**STATUE OF LIMITION**

4.      The statue of limitation for fraud under California law, is "3" years pursuant to Cal Civ. Code 338(d) "the cause of action has not deemed to accrued until the discovery, by the aggrieved party of the facts constituting the fraud or the mistake".  The Plaintiff allege that they had suspicion that Wells Fargo Bank Na broke the chain of title and committed fraud by *self-assigning* the beneficial interest in the Plaintiff's deed of trust to themselves around late 2020 early 2021.  As explained below, evidence was procured in 2021 and 2022 that triggered this lawsuit, well within the statue of limitations of 3 years.

**DISCOVERY OF THE 2012 SELF-ASSIGNMENT**

5.      On or around March 2021 the Plaintiff's received a notice of transfer of the servicing rights from Wells Fargo Bank NA, to Carrington Mortgage Services LLC. Prior to the servicing rights transfer, the Plaintiffs sent a written request to WFB, requesting a copy of the endorsement of their promissory note and a copy of the 2012 Assignment, that authorized Wells Fargo Bank Na, the authority to assign and or sell the beneficial interest within the 2011 Deed of trust, as the loan servicer and beneficiary. Wells Fargo Bank Na, about or around early 2021, sent the Plaintiff a note, and a copy of the 2012 Assignment, signed by public notary Lynn Maria Sevick. On around a month later Wells Fargo Bank sent a second note, which appeared to be a forged endorsement of the NOTE. (Exhibit 1) The two signatures on the Promissory Note, that appeared to be forged, indicated that a William R Martin and Kelsie Headley, had endorsed the Note to Wells Fargo Bank Na. In late 2022, the Plaintiffs ordered a certified copy of the 2012 WFB substitution trustee (instrument number: 2012-0617797), wherein it removed lawyers title.  Said document indicated that WFB was the authorized agent for the NOTE holder, however the 2012 Notice of Default and Election to sell indicated the WFB was the NOTE holder.  Based on the aforementioned conflicting assertions by WFB, the Plaintiff had reasonable suspicion to believe, the endorsement of the NOTE was a forgery, an Wells Fargo Bank Na, was never the beneficiary and or assign of the Plaintiffs 2011 deed of trust and NOTE. Further, WFB sent two separate copies of thePlaintiff(s) promissory notes, one not endorsed, and the other endorsed.  Based on information and belief, at least one of two signatories of the apparent endorsed note, was not an agent for DHI. In late 2021, early 2022 the Plaintiff ordered a certified copy of the 2012 self-assignment, from the county clerk of Riverside County.  The Plaintiff(s) further researched the signatories of the purported endorsed note, and the signatory of the 2012 Assignment. First the alleged 2012 self- assignment: based on our diligent research, the signatory Lynn Marie Sevick, was a public notary / real estate agent who is currently employed and works out of the STATE OF MINNESOTA.  The 2012 Self Assignment appeared to be forged in Minnesota.  Our research uncovered that the public record indicates that Lynn

Marie Sevick acted as a public notary on behalf of Wells Fargo Bank N.A, Vice president of Loan Documentation: Mohammad Rashed, by recording what appears to be a proper Assignment of Mortgage, by way of instrument number **20171116**. ( See RJN. Exhibit 1) Whether Lynn Marie was an employee of MERS in 2012 is of little to consequence, as the 2012 Self Assignment was recorded without a power of attorney, thus rendering it further void / invalid. It is a fundamental operation of law, that an entity claiming to be an agent for another must prove agency. As there was no power of attorney attached to the 2012 self-assignment, there is NO PROOF OF AGENCY; thus the Plaintiff are challenging the 2012 self-assignment as void, and are well within the statue of limitation / and discovery rule. "A party who claims to be the agent of another bears the burden of proving the agency relationship by a preponderance {**28 Misc 3d at 380} of the evidence (*Lippincot v East Riv. Mill & Lbr. Co.*, 79 Misc 559 [1913]), and "the declarations of an alleged agent may not be shown for the purpose of proving the fact of agency." (*Lexow & Jenkins v Hertz Commercial Leasing Corp.*, 122 AD2d 25 [2d Dept 1986]; *see also Siegel v Kentucky Fried Chicken of Long Is.*, 108 AD2d 218 [2d Dept 1985]; *Moore v Leaseway Transp. Corp.*, 65 AD2d 697 [1st Dept 1978].) Under Cal. Civ. Code § 2933, all assignment / transfer in interest must by accompanied with a power of attorney. The 2012 self-assignment was recorded as a two-page document and devoid of the requisite power of attorney in accordance with said code. Based on the aforementioned information and belief, it is alleged that the 2012 Assignment is invalid / void / and unauthentic, and was a self assignment, from Wells Fargo Bank Na, to Wells Fargo Bank Na, that Lynn Marie Sevick was not an agent of MERS, in the year 2012. The law stipulates that, " No special form of language is necessary to effect an assignment as long as the language shows the intention of the owner of the right to transfer it" *Tawil v Finkelstein Bruckman Wohl Most & Rothman, 223 AD2d 52, 55 [1d Dept 1996]*. Second, the so-called endorsed note presented by Wells Fargo Bank Na was a failed attempt to indicate that it had authority to enforce the debt obligation. William R Martin, based on

information and belief, was not an agent whom possessed authority to sell the note. WFB broke the chain of title in 2012, when it self-assigned the 2011 deed of trust apart from the note.

6.    It is alleged Wells Fargo Bank Na was never the beneficiary or its assign of the 2011 Deed of Trust, retained no beneficial interest in said deed of trust, possessed no authority to initiate a non-judicial foreclosure process in 2012, by recording a NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED TRUST in 2012, had no authority to substitute the trustee, and therefore possessed no authority to assign the beneficial interest in the Plaintiff's 2011 Deed of Trust to Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, in 2021.

7.    The Plaintiffs allege that they relied on the fraudulent misrepresentation recorded as Corporate Assignment of Deed of Trust and the Notice of Default and Election to Sell Under Deed of Trust, by WFB agents in 2012, that purported that Wells Fargo Bank Na, owned the beneficial interest in the Plaintiffs 2011 Deed of Trust; and possessed the right to enforce the (note) obligation. The Plaintiffs were induced through coercion, fraudulent misrepresentation, duress, forgery and undue influence, into signing a 2013 Deed of Trust (Document number: 2013-0388149), and Promissory Note, which created an encumbrance on their property. The Plaintiff(s) conditionally agreed to repay the sum $ 88, 129.91 to WFB.  The Plaintiff(s) allege that they never received consideration and or an advancement of the sum of $ 88, 129.91 from WFB, and therefore do not owe WFB, and or anyone else it may have sold the 2013 promissory note to.  The 2013 Deed of Trust is voidable as it was procured through fraud and or void as it there was no consideration given by WFB to the Plaintiffs and therefore should be canceled. A forgery includes "a false making of a writing"" that "falsely purports to be the writing of another." (*Wutzke v. Bill Reid Painting Service, Inc. (1984) 151 Cal.App.3d 36, 41-42, italics omitted.*  Due to the defect in title created by Wells Fargo Bank N.A. the Plaintiffs have standing to challenge the 2012 self-assignment and the 2021 assignments, as they are defective, void, invalid, and unauthentic. The Plaintiff(s) allege that the 2023 wrongful non-judicial foreclosure was initiated by MTC Financial Inc,

1   who possessed no authority to do so, based on the broken chain of title and void assignments.  Under the
2   standard of Yvanova, it is well established under California law; a third party is able to challenge an
3   assignment, if it is void and not merely voidable. "Where an assignment is merely voidable at the
4   election of the assignor, third parties, and particularly the obligor, cannot…successfully challenge the
5   validity or effectiveness of the transfer. (7 Cal.Jur3d (2012) Assignments § 43)"This statement implies
6   that a borrower can challenge an assignment of his or her note and deed of trust if the defect is asserted,
7   would void the assignment." (See *Reinagel v. Deutche Bank National Trust Co. (5th Circ.2013).*  It is
8   alleged that all assignments, transfers, and subsequent sells are but mere incident of the 2012 self-
9   assignment, and are thus void ab initio. The Plaintiff further alleges that they are excused from tender as
10  the underlying debt is challenged, the assignments are void; and foreclosure deed is facially void.
11  "Tender has been excused when, among other circumstances, the plaintiff alleges the foreclosure deed is
12  facially void, as arguably is the case when the entity that initiated the sale lacked authority to do so.
13
14  *(Ibid.; In re Cedano (Bankr.9th Cir.2012) 470 B.R. 522, 529–530; Lester v. J .P. Morgan Chase Bank*
15  *(N.D.Cal.2013) 926 F.Supp.2d 1081, 1093; Barrionuevo v. Chase Bank, N.A., supra, 885 F.Supp.2d*
16  *964, 969–970.)*
17

18  **FRAUDULENT 2012 and 2023 NOTICE OF DEFAULT**

19  8.        Under California law, the trustee may only be directed to initiate a foreclosure process by the
20  entity that holds the note, and beneficial interest under a deed of trust. The Plaintiffs allege that on
21  November 16th 2012, Wells Fargo Bank Na, knowingly had recorded fraudulent document number:
22  2012-0554808 - NOTICE OF DEFAULT ELECTION TO SELL UNDER DEED OF TRUST, without
23  concurrently possessing the beneficial interest under the Plaintiff 2011 Deed of Trust and holding the
24  note. The Plaintiffs allege that Wells Fargo Bank Na was never a party to the Plaintiff's 2011 Deed of
25  Trust, and had no authority to exercise the power to sell clause in 2012.  Wells Fargo in exercising the
26  power to sell clause, violated Cal. Civ. Code § 2924(6). Wells Fargo Bank Na sent or had, sent by NBS
27  DEFAULT SERVICES LLC, Jon Jaimes, to the Plaintiffs the NOTICE OF ELECTION TO SELL
28

1   UNDER DEED OF TRUST, purporting to have the authority to initiate a foreclosure process and sell

2   the Plaintiff's property. The fraudulent misrepresented instrument reads as follows: "NOTICE IS

3   HEREBY GIVEN: That NBS Default Services LLC, is either the original trustee, duly appointed

4   substituted trustee, as agent for the trustee or beneficiary under the a Deed of Trust dated 04/04/2011,

5   executed by GERRAD PERNELL SWAHILI AND FATIMA SWAHILI, HUSBAND AND WIFE, as

6   Trustors, to secure the obligation in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEM

7   INC.".......''Included in these obligations is one Note(s) for the original sum of $299,150.00 The

8   beneficial interest under such Deed of Trust, and the obligations secured thereby are presently held by

9   Wells Fargo Bank Na, as the current beneficiary or its agent, and a breach of, and /or default in, the

10  obligation for the which such Deed of Trust is security has occurred in that payment has not been

11  made." (RJN, Ex. 5)   The Plaintiffs allege that they relied on the misrepresentation, that Wells Fargo

12  Bank Na had an assignment of the beneficial interest under the 2011 Deed of Trust; and that NBS

13  DEFAULT SERVICES LLC, was the duly appointed trustee under the 2011 Deed of Trust; and

14  possessed the authority to exercise the Power to Sell Clause, in the 2011 Deed of Trust.   Citing *Yvanova*

15  *v. New Century Mortgage Corp. 62 Cal. 4th 919 (2016)* "§ 2924, subs. (a)(1) [notice of default may be

16  filed for record only by [t]he trustee, mortgagee, or the beneficiary."   In 2012, Wells Fargo Bank Na was

17  not the mortgagee, trustee, and or beneficiary under the 2011 Deed of Trust, and had no authority to

18  direct NBS DEFAULT SERVICES to initiate the non-judicial foreclosure process against the Plaintiffs.

19  Courts have held, "by recording the first a notice of default and then a notice of sale, the trustee may

20  take these steps only at the person or entity that currently <u>holds the note and the beneficial interest under</u>

21  <u>the deed of trust</u> – the original beneficiary or its assignee or that entities agent" Id.   According to the

22  law, "A foreclosure initiated by one with no authority to do so is wrongful for the purpose of such

23  action.*" Barrionuevo v. Chase Bank, N.A., supra, 885 F. Supp.2d at pp. 973-974.*   Once WFB severed

24  the NOTE from the 2011 deed of trust, the underlying debt was no longer enforceable and all subsequent

25

26

27

28

9

assignment therefrom are void.   Under California law, "The note and the mortgage are inseparable; the former as essential, the later as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." See Carpenter v. Longan, 83 U.S. 271, 274 (1872); accord Henley v. Hotaling, 41 Cal. 22, 28 (1871); Seidell v. Tuxedo Land Co., 216 Cal. 165, 170 (1932); See Cal. Civ. Code §2936, "the assignment of the debt, carries with it the security".  It is alleged that neither WBN is unable to produce the declaration of default and demand for sale (with endorsed note and valid assignment of the deed of trust) from the beneficiary. Wells Fargo Bank Na never owned the note and assignment concurrently, further MERS never owned then note, any attempt to assign the beneficial interest in a deed of trust, without ownership of the note in under California law is void.  As previously stated, the Plaintiffs were injured, as they were induced through the fraudulent misrepresentation into signing the 2013 HUD Deed of Trust, and promissory note.   MTC Financial Inc, possessed no authority to record a notice of default, and or any other document as they were never a party to the Plaintiff's 2011 deed of trust, due to WFB breaking the chain title through its fraudulent self-assignment.

**ALLEGATIONS OF FRADULENT CONCEALMENT**

9.      The Plaintiffs allege that the appointed third party trustee and nominee, under the 2011 Deed of Trust, Lawyer Title Company and MERS had an obligation in its limited capacity to the borrower and the beneficiary to give them notice, that a forgery had taken place by Wells Fargo Bank Na in 2012. Being the appointed trustee and "nominee" of the 2011 Deed of Trust, and holding legal title, Lawyers Title Company and MERS concealed the facts that the purported assignment of the beneficial interest in the Trustors 2011 Deed of Trust, by Wells Fargo Bank NA in the year 2012 was not executed / perfected and defective.  The trustee and "nominee" knowingly allowed Wells Fargo Bank Na in the year 2012 to fraudulently assume legal title to the property, without a valid assignment.   The Plaintiff's were unaware, that Wells Fargo Bank Na did not possess legal title to the property; had no authority to record a notice of default; and had no authority to sell the Plaintiff's property in the year 2012. The Plaintiff

1   sustained damages, as they relied on the concealed fact that 2012 assignment was recorded without a

2   power of attorney, and that Lynn Maria Sevick was not an authorized agent of MERS at the time of the

3   signing.  The Plaintiffs sustained injuries as they were induced into signing a HUD promissory note and

4   deed of trust 2013, in the amount of $88,129.91 According to the law  "The third party is the

5   trustee, and agent for both the lender and the borrower who holds legal title to the

6   property and is authorized to sell the property if the debtor defaults.  *Ho v. ReconTrust.*

7   *Co., NA, 858 F.3d 568,579 (9th Cir. 2017) (citing Yvanova . New Century Mortg. Corp., 62*

8   *Cal. 4t 919, 926-27(2016).* Being an agent for the borrower and lender, according to the law, there

9   was a duty to disclose.

10  **ALLEGATIONS THAT WARRANT CANCELATION OF INSTRUMENTS**

11  **CLAIM 3,4,5, 6, and 12 pursuant to Cal. Civ. Code 3412**

12  10.    Under Civil Code section 3412 "a written instrument, in respect to which there is a reasonable

13  apprehension that if left outstanding it may cause serious injury to person whom it is void or voidable,

14  may upon his application, be so adjudged, and ordered to be delivered up or canceled."

15

16  **CANCELATION OF INSTRUMENT: 2021-0264133**

17  11.    Pursuant to Cal. Civ. Code. §3412(1) The Plaintiff's allege that the fraudulent 2021 Assignment

18  document number: 2021-0264133 from Wells Fargo Bank NA to Wilmington Savings Fund Society,

19  FSB, as Trustee of StanWich Mortgage Trust I, is void, due to fraud, as Wells Fargo Bank Na never

20  possessed the beneficial interest under the 2011 Deed of Trust to assign to the defendant. On April 28th

21  2021, Wells Fargo Bank NA, intentionally utilized the 2012 Assignment (with no power of attorney), to

22  fraudulently assign the beneficial interest in the Plaintiff's 2011 Deed of Trust, to Wilmington Savings

23  Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, recorded as document number: 2021-

24  0264133. Carrington Mortgage Services LLC, acting as the listed loan servicer, created a mortgage

25  account 7000307930, with the intent to subject the Plaintiffs to the alleged debt. The Plaintiffs allege

that Wells Fargo Bank Na's authority to assign the beneficial interest under the Plaintiffs 2011 deed of trust is contingent on the void 2012 Assignment, which is facially devoid of the power of attorney. It is alleged that the aforementioned defendant (WFB) never possessed the beneficial interest and or legal title to the Plaintiffs property, to assign to the defendant Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I. Construing *Hacker* "an assignment by a party that never possessed legal title to properly assign is void" *Hacker v. Homeward Residential Inc. (2018)26. Cal. App.5th 270 at 281.* Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, received notice from the Plaintiffs, via their loan servicers that their 2021 Assignment is void, and would not be honored, as Wells Fargo Bank Na did not have the authority to assign the beneficial interest in the 2011 Deed of Trust, due to the defective 2012 Assignment. The defendants have not responded to any of the Plaintiff's correspondences, and have initiated a foreclosure process, without the standing to do so. The Plaintiffs have an apprehension that if left outstanding, they will be injured by the defendants' exercising the power to sell they know it does not possess. The Plaintiffs have no obligations to Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, their self-created mortgage account, and or their alleged loan servicer. Cal. Civ. Code. 2924.17(b) stipulates that the foreclosing party competently reviews the evidence, and substantiate the right to foreclose and the borrowers default. On a review of the evidence, the 2012 Assignment is void of the requisite power of attorney. The Plaintiffs have standing to challenge the 2021 Assignment. Citing *Glaski,* wherein it states, "following majority rule that an obligor may raise any grounds that renders the assignment void, rather than merely voidable." *Glaski v. Bank of America N.A. 218 Cal.4th 1079.*

**CANCELATION OF INSTRUMENT: 2013-0388149**

12. The Plaintiff allege that the fraudulent 2013 Deed of Trust is voidable, as it was procured through fraudulent misrepresentation and concealment. Wells Fargo Bank Na, through fraud, forgery, and undue influence procured the signatures of the Plaintiff's by purporting to own the beneficial

interest in the Plaintiff's 2011 Deed of Trust, via their fraudulently recorded 2012 Assignment. The Plaintiff signed the 2013 Deed of Trust, under the fraudulently misrepresentation, that Wells Fargo Bank Na, had a valid assignment of the beneficial interest in the Plaintiffs 2011 Deed of Trust. Wells Fargo Bank Na purported they had a valid assignment, and an endorsement of the note. The Plaintiffs have an apprehension that if left outstanding, Wells Fargo Bank Na, and or any party they sold / sell their note too; can make a future claim to the interest in the Plaintiff's property. Wells Fargo Bank Na has demonstrated, by its action of assigning the beneficial interest in the Plaintiffs 2011 Deed of Trust, which it never possessed, that their corruption is without bounds. Construing Fallon v. Triangle Company (Frink v. Roe (1886) 70 Cal. 296 [11 P. 820].) "Until a voidable deed is declared void it is fully operative. Civil Code section 1107 provides: "Every grant of an estate in real property is conclusive against the grantor, also against everyone subsequently claiming under him, except a purchaser or incumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument that is first duly recorded." The Plaintiff have apprehension, that Wells Fargo Bank Na, based on their past fraudulent conduct, will injure the Plaintiffs once again, by selling their promissory note, and assigning the 2013 Deed of Trust, to an unsuspecting purchaser.

**CANCELATION OF INSTRUMENT: 2012-0380816**

13.     The Plaintiff's allege that the 2012 Assignment is defective, invalid, unauthentic and void, as there is no power of attorney, authorizing the purported assistant secretary, Lynn Maria Sevick the authority from the listed "nominee", Mortgage Electronic Registration System INC (MERS), the grant authority to assign the beneficial interest in the Plaintiff's 2011 Deed of Trust, to Wells Fargo Bank NA, in the year 2012. (RJN. Ex. 1) The Plaintiff(s) allege, that based on information and evidence that 2012 Assignment is a forgery, as Wells Fargo Bank NA self assigned the 2012 Assignment to themselves, using a public notary / real estate agent Lynn Maria Sevick, who was not an agent for MERS at the time she signed the 2012 Assignment. (See RJN. Ex. 8) According to the law, "A party who claims to be the

1   agent of another bears the burden of proving the agency relationship by a preponderance {**28 Misc 3d

2   at 380} of the evidence (*Lippincot v East Riv. Mill & Lbr. Co.*, 79 Misc 559 [1913]), and "[t]he

3   declarations of an alleged agent may not be shown for the purpose of proving the fact of agency."

4   (*Lexow & Jenkins v Hertz Commercial Leasing Corp.*, 122 AD2d 25 [2d Dept 1986].   Wells Fargo

5   Bank Na violated Cal. Civ. Code § 2933 and analogous case law, by recording the fraudulent

6   assignment of the beneficial interest in the Plaintiffs 2011 Deed of Trust, without the requisite power of

7   attorney.

8

9   **CANCELATION OF INSTRUMENT 2011-0160252**

10  14.    The Plaintiffs allege that the beneficiary of the 2011 Deed of Trust "DHI Mortgage Company"

11  has not responded to any of the Plaintiffs inquiries about the fraudulent 2012 Assignment, recorded by

12  Wells Fargo Bank Na agents.  The listed trustee, Lawyers Title Company, nor has MERS has responded

13  to any of the Trustors inquiries, into the validity of the 2012 Assignment of the beneficial interest in the

14  Plaintiffs deed of trust. The Plaintiffs alleged that the DHI Mortgage Company, MERS, and Lawyers

15  Title Company fraudulently concealed the fact, that Wells Fargo Bank Na committed fraud in 2012, by

16  purportedly self-assigning the beneficial interest in the Plaintiff's 2011 Deed of Trust to themselves. The

17  defective 2012 Assignment has altered the legal effect of the Plaintiffs 2011 Deed of Trust, and due to

18  the fraud is deemed voidable, as the chain title has been broken.   The Plaintiffs allege that DHI

19  Mortgage ltd lp has abandoned their legal title to the property.   Due to the abandonment and

20  concealment of facts, of the beneficiary, the trustee, the 2011 Deed of Trust should be canceled and

21  deemed inoperative, and declared voidable then void.  The Plaintiffs have apprehension that if left

22  outstanding, they will be injured once again.    Construing *Fallon v. Triangle Company (Frink v.*

23  *Roe (1886) 70 Cal. 296 [11 P. 820].)* "Until a voidable deed is declared void it is fully operative".

24  **Cancelation of instrument: 2023-0312425**

25

26

27

28

15.     The Plaintiffs allege that the trustee deed upon sale is facially void.  Said deed is colorable, unperfected and conveys no interest or title.  It is alleged that MTC Financial Inc possessed no written authority from the beneficiary, to convey interest in said title, in violation § 1091.  Further, the chain of title was severed in 2012, rendering all assignments and sells therefrom void ab initio. It is further alleged that Breckenridge Property Fund 2016, LLC is not a bona fid purchasers, as there was pending action that affected the title of property, that it ignored and or failed to diligently research. The Plaintiff alleges that the trustee deed is unperfected and void trustee deed passed no legal title.  The Plaintiffs deed of trust "property" was not sold in accordance with 2924.  The sell was not duly perfected, neither was the title perfected.  "Where the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a person under whom such person claims, and the title under the sale has been duly perfected."  It is further alleged that the trustee sale conducted by MTC Financial Inc. and Greenspoon Marder LLP was fraudulent.  This deed is a written contract, and therefore subject to rules governing contracts. Civ. Code § 1040;johnosn v. City of Los Angles (1917) 176 Cal. 479, 485

**Cal. Civ. Code 2934(a)**

16.     The Plaintiff(s) allege that on or around May 2023, they had ordered certified copies of the fraudulently recorded a substitution of trustee, document number: 2012-0617797, filed by Kim Dunn / Wells Fargo Bank NA / Vice president of loan documentation from the county recorder of Riverside.  It is alleged that no authority was conferred under the assignment of the beneficial interest in the 2011 Deed of Trust, to Wells Fargo Bank NA in 2012, to substitute the trustee.  Said improper substitution violated Cal. Civ. Code 2934(a).  Kim Dunn, revoked the original trutsees (Lawyers Title Company's) trusteeship (the Trustee of the 2011 Deed of Trust), without the authority conferred by  § 2934(a) or the alleged lender of the 2011 deed of trust, pursuant to Uniform Covenant Point 20. Wells Fargo Bank Na

was never a party to the 2011 Deed of Trust, via its invalid 2012 assignment.   It is further alleged that any subsequent substitution trustee is void, ministerially recorded and passes no authority.

17.     The Trustors allege that the 2021 assignment is void, and that Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, was not a party to the 2011 Deed of Trust, and has no standing before this court to use it (2011 Deed of Trust) as a defense.[1] Under California law, any attempt to transfer the beneficial interest in a deed of trust, without ownership of the underlying note is void. It is alleged that Wells Fargo Bank Na did not have a perfected 2012 Assignment from MERS, securing the obligation; MERS never owned the Note, and thus was conferred no authority to assign the deed of trust apart from the note. [2] Cal. Civ. Code 2936, wherein it states, "the assignment of a debt, secured by a mortgage carries with it, the security." MERS has never owned the underlying note, and several courts have acknowledged that MERS is not the owner of the underlying note and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose upon the property secured by the deed. See *In re Foreclosure Cases, 521 F. Supp. 2d 650, 653 (S.D. Oh. 2007); In re Vargas, 396 B.R. 511, 520 (Bankr. C.D. Cal. 2008); Landmark Nat'l Bank v. Kesler, 216 P.3d 158 (Kan. 2009); LaSalle Bank v. Lamy, 824 N.Y.S.2d 769 (N.Y. Sup. Ct. 2006).*  The Plaintiffs allege that the promissory note is secured by their 2011 deed of trust, and apart from one and other the defendants do not have standing, and or authority to enforce payment by foreclosing on the security. Citing *Yvanova v. New Century Mortgage Corp.,* The borrower owes money not to the world at large but to a particular person or institution, and only the person or institution entitled to payment may enforce the debt by foreclosing on the security.

**2023 Wrongful foreclosure by MTC FINANCIAL INC and Greenspoon Marder LLP & FRAUD by WFB, CARRINGTON MORTGAGE SERVICE, MTC, and Greenspon Marder LLP, Breckenridge Property Fund 2016, LLC**

---

[1] RJN Ex. 10 (2021-0264133)
[2] The 2012 Assignment is defective, and therefore invalid.

18.     Under California law, "Where an assignment is merely voidable at the election of the assignor, third parties, and particularly the obligor, cannot ... successfully challenge the validity or effectiveness of the transfer." (7 Cal.Jur.3d (2012) Assignments, § 43.) This statement implies that a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would *void* the assignment. (See *Reinagel v. Deutsche Bank National Trust Co.* (5th Cir.2013) —— F.3d ——, —— [2013 WL 3480207, at p. *3] [following majority rule that an obligor may raise any ground that renders the assignment void, rather than merely voidable].) We adopt this view of the law and turn to the question whether Glaski's allegations have presented a theory under which the challenged assignments are void, not merely voidable.  The Plaintiffs allege that the defective title, created by WFB in 2012, by self-assigning the beneficial interest in the Plaintiff's 2011 deed of trust to themselves invalidates / voids all subsequent transfers and sells of said interest, specifically the subsequent 2021 assignment to Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I; and the 2023 selling of the Plaintiff's deed of trust to  Breckenridge Property Fund 2016 LLC.  Like the Glaski case, this case presents, "triable issues of material fact existed regarding alleged breaks in the chain of ownership of the deed of trust in question. (*Id.* at p. 1378, 127 Cal.Rptr.3d 362.) Those triable issues existed because Deutsche Bank's motion for summary judgment failed to establish it was the beneficiary under that deed of trust. (*Ibid.*) **F. Tender.** As previously alleged in the Plaintiff(s) FAC, like Wells Fargo Bank Na, Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, was never party to the Plaintiff's 2011 deed trust, and possessed no beneficial in said deed of trust to assign and or sell. Being a non-holder of the deed of trust, the defendant(s) lacked standing to initiate a foreclosure process, to that extent MTC FINANCIAL INC, lacked authority to initiate a foreclose on the Plaintiff(s) deed of trust (property) and or sell the Plaintiff(s) deed of trust. Citing Glaski, "where a plaintiff alleges that the entity lacked authority to foreclose on the property, the foreclosure sale would be void. [Citation.]" (*Lester v. J.P. Morgan Chase Bank, supra,*—— F.Supp.2d at ——, [2013 WL 633333, at p. *8].)  The

wrongful non-judicial foreclosure of the Plaintiff(s) 2011 deed of trust is void ab initio for lack of authority. The defendant MTC Financial Inc, conducted a willful oppressive non-judicial foreclosure, without authority to do so from the entity that currently held the note and the beneficial interest in the 2011 deed of trust. "by recording the first a notice of default and then a notice of sale, the trustee may take these steps only at the person or entity that currently <u>holds the note and the beneficial interest under the deed of trust</u> – the original beneficiary or its assignee or that entities agent" Id.   MTC FINANCIAL INC, and Greenspoon Marder PA which were both listed as a trustee in some capacity, at the time of the oppressive non-judicial sale, are both liable for damages to the Plaintiff(s).   Because of the defendants actions the Plaintiff's have been injured emotionally, and monetarily.   The Plaintiff have been harassed by solicitors at the rate of an obscene oppressive amount of unwanted / unwelcomed phone calls, text messages, and communications from solicitors / agents, sent by the defendants MTC Financial Inc.   The Plaintiff extended family member(s) and job was contacted by the same solicitors harassing the Plaintiffs, in attempt to make them party to the fraud by accepting a surplus, sell their home, and or go bankrupt. The Plaintiffs and their neighbors were trespassed against and harassed/ oppressed by the solicitors, sent by the defendant MTC Financial Inc.   A beneficiary or trustee under a deed of trust who conducts an illegal, fraudulent or willfully oppressive sale of property may be liable to the borrower for wrongful foreclosure. (Chavez v. Indymac Mortgage Services (2013) 219 Cal.App.4th 1052, 1062; Munger v. Moore (1970) 11 Cal.App.3d 1, 7. The Plaintiffs allege that defendants WFB and MTC fraudulently conspired to steal the Plaintiff's property by way of recording fraudulent instruments (2021 assignment and 2023 trustee deed, with knowledge that the 2012 self-assignment was invalid.   The Plaintiffs allege that they communicated with the defendants in good faith, that the 2012 self-assignment by WFB was being contested. The Plaintiff allege that Breckenridge Property Fund 2016, LLC knowingly filed fraudulent summary proceeding at the municipal court, in an attempt to steal the Plaintiff property, without perfecting the title / and perfecting the sell in accordance with 2924. The

1   Plaintiff further allege that the Breckenridge had knowledge that their was a pending litigation affecting

2   the title, to the property, to the extent the claim they did not know its agents are incompetent, and are not

3   worthy of status of bona fid purchaser.  The Plaintiff further allege the defendants collectively, sent

4   agents to threaten, harass, and intimidate the Plaintiffs, their family, and neighbors.

5   **Breckenridge Property Fund 2016, LLC**

6

7   19.    The Plaintiff are alleging that Breckenridge Property Fund 2016, LLC intentionally trespassed

8   against the Plaintiff and harassed the Plaintiffs by filing a fraudulent summary proceeding (unlawful

9   detainer action) at the superior court of riverside county on the date of November 2nd 2023.  The

10  Plaintiff sent Breckenridge Property fund 2016, LLC a notice of trespass on or around November 27th

11  2023, that was not responded to.  "Civil Procedures 1161(a) requires a plaintiff to have both perfected

12  the sale and title in order to bring summary unlawful detainer action for possession."  The sell was not

13  perfected in accordance with 2924 / under the power to sell within the deed of trust, and the title was

14  neither perfected.  It is indicated that the defendant purchased the Plaintiff's deed of trust, on the date of

15  August 29th 2023. The trustee deed upon sale (2023-0312425) was recorded 49 days after the initial sale

16  date, on October 17th 2023, by MTC Financial Inc. agent and signatory, Loan Quema.  2924 requires

17  that the deed be recorded within 15 days, in order to perfect title. The subdivision, therefore, affords a

18  15-day period during which the deed may be recorded and the sale "deemed perfected" as of the original

19  sale date. (§ 2924h(c).) That way, the original sale date may be memorialized even if the deed is

20  withheld pending confirmation of the purchaser's payment of the purchase price." *California Supreme*

21  *Court, in Dr. Leevil LLC v. Westlake Health Center (S241324), December 17th 2018.* The defendant did

22  not meet either five enumerated reasons to bring an action under 1161(a) and therefore 1161(a)(b) has

23  no operative affect.  The defendant only filed its claim to steal his property, under the administrative

24  proceedings and harass the Plaintiffs.  The Plaintiff are seeking recovery of their $790.00 for the filing

25

26

27

28

fee, at the superior court, compensatory damages, and back rent at 500 a day, from November 2nd to current.

**SUMMARY OF FACTS**:

20.    On April 4th 2011 D.R. Horton Los Angles Holding Company, INC appears to have "granted" land, appearing as parcel number 1, Lot 150 of track number 29484, recorded in Book 387, pages 81 through 99, official records of Riverside County, under document: number (2011-0160251) to the Plaintiff's Gerrad Pernell Swahili and Fatima Swahili (Plaintiff's). The Plaintiff's "Deed" was recorded, on April 12th 2011, under document number (2011-0160251), recording requested by (trustee) Lawyers Title Company.

21.    On April 4th 2011, Gerrad Pernell Swahili and Fatima Swahili herein, (Trustors, grantors / borrowers) entered into a conditional loan agreement with the DHI Mortgage Company LTd. L.P (herein the DHI) in an amount of $299,150.00, by signing a promissory note (the Note). The performance of "the Note" was conditioned on the advancement of the sum amount to the Plaintiff(s), and secured by a a Deed of Trust, herein (the 2011 Deed of Trust), signed by the Trustors and recorded at the county recorder, as document number: 2011-0160252, on April 12th 2012, by DHI Mortgage Company post closing department. The loan was supposedly for property with the address appearing as 30328 Vercors Street, Murrieta California 92563 (the Property).

22.    The 2011 Deed of Trust was recorded by Lawyers Title Company, acting as trustee.

23.    The parties pursuant to the 2011 Deed of Trust, were as follows:  Gerrad Pernell Swahili and Fatima Swahili (Grantors/ Trustors/), DHI Mortgage Company Ltd., L.P. (Lender), Mortgage Electronic Registration System Inc. (MERS) solely as the nominee of the lender, and Lawyers Title Company (Trustee).  The Plaintiff's retained the equitable title, in the 2011 Deed of Trust; while Lawyers Title company (held legal title) MERS as nominee, "held only legal title to the interest granted by the Borrower in the security Instrument"

24.   The borrowers received a NOTICE OF SALE, ASSIGNMENT, OR TRANSFER OF SERVICING RIGHTS, from DHI MORTGAGE COMPANY, LTD., LP, dated May 3, 2011, stating that Wells Fargo Bank Home Mortgage would be the new servicer of a "mortgage" starting June 1st 2011. An unknown agent representing Wells Fargo Bank Home Mortgage adversely created a mortgage account against the Trustors, and began servicing said account appearing as account number: 9360377086996, starting June 1st 2011, while concurrently servicing said account.

25.   Cal. Civ. Code § 2922 stipulates that, "a mortgage can be created, renewed, or extended only by writing, executed with the formalities required in the case of grant with real property." WFB Na never executed a mortgage in compliance with said code, and the Plaintiff rebut the assumption of the mortgage.

26.   On the date of August 1st 2012, Lynn Maria Sevick, purporting to be the authorized agent for MERS, signed her name on an instrument titled, Corporate Assignment of Deed of Trust "the 2012 Assignments" without a power of attorney. The 2012 Assignment was recorded on the official records of the county of Riverside, without a power attorney, appearing as document number: 2012-0380816, on the date of August 12th 2012. The document was prepared by Marcia Paez; a Wells Fargo Bank NA agent. The 2012 Assignment in question did not transfer / assign the beneficial interest in the Plaintiff's 2011 Deed of Trust, in the amount of $299,150.00 from MERS (the Nominee) to Wells Fargo Bank N.A. The recording was returned to Default Assignment / WELLS FARGO BANK, N.A. (P.O. Box 1629, Minneapolis, Minnesota). According to the 2012 Assignment, "Assistant Secretary" Lynn Marie Sevick, appeared before notary public, Dereje D. Badada in the STATE OF MINNESOTA. By recording the defective, unauthentic, invalid, and void and void 2012 Assignment = without the requisite power of attorney, and without the note, Wells Fargo Bank Na broke the Plaintiff's chain of title. CALIFORNIA legislation, ARTICLE 1 (MORTGAGES IN GENERAL) Cal. Civ. Code § 2933, requires "A power of attorney to execute a mortgage must be in writing subscribed, acknowledged, or

proved, certified in a like manner as power of attorney for grants in real property" § 2933 is analogous with federal case law, to the extent that "to have a proper assignment of a mortgage by an authorized agent, a power of attorney is necessary to demonstrate how the agent is vested with the authority to assign the mortgage." See *Wells Fargo Bank, N.A., v. Farmer 2008 NY Slip Op 50199(U) [18 Misc 3d 1124]*.

27.     On November 16, 2012, Jon Jaimes (agent) NBS Default Services, acting as the Substitute Trustee for Wells Fargo Bank NA, initiated a foreclosure process, by recording a NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST, on the official records of the County of Riverside (Doc: 2012-0554808). Said ministerially recorded document purported to give WFB the authority as the trustee to enforce the obligation (note). Wells Fargo Bank NA, acting as the beneficiary and loan servicer to the Plaintiff's 2011 Deed of Trust sent the Trustor's, via the United States mail, the said NOTICE, demanding payment, and purporting to have the authority to foreclose on the Plaintiff's property. Specifically, California Code, Civil Code § 2924(6) designates that: "An entity shall not record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated holder of the beneficial interest. An agent of the holder of the beneficial interest under the deed of trust, original trustee or substituted trustee under the deed of trust shall not record a notice of default or otherwise commence the foreclosure process except when acting within the scope of the authority designated by the holder of the beneficial interest." Wells Fargo Bank NA never possessed the beneficial interest, under the Plaintiff's 2011 Deed of Trust and had no authority to act as the beneficiary or its assign.

28.     On December 19th 2012, Kim Dunn, Vice President of Loan Documentation, for Wells Fargo Bank N.A fraudulently recorded a Substitution of Trustee (Document: 2012-0617797), in the office of register of Riverside County, purportedly on behalf of the original note holder, of the 2011 Deed of

Trust (2011-0160252). The original note holder, pursuant to Uniform Covenant, never record a Substitution of Trustee at the county recorders office, and therefore bestowed no authority to Wells Fargo Bank NA as a successor / assign to remove Lawyers Title as trustee. Kim Dunn fraudulently removed Lawyers Title Company from trusteeship, over the 2011 Deed of Trust, without the authority conferred under a valid assignment of the beneficial interest 2011 Deed of Trust. "The undersigned, as the authorized agent for the note holder, does hereby remove Lawyers Title Company as Trustee, and does pursuant to the terms of the Deed of Trust, hereby remove any Substitute Trustee or Trustees who have been previously appointed in place of the original trustee, and does hereby appoint and substitute NBS Default Services, to serve effectively immediately, as the Substitute Trustee in the Deed of Trust, and replace LAWYERS TITLE COMPANY." Wells Fargo Bank NA, is/was never a party to the to the Trustor's 2011 Deed of Trust and was conferred no authority to remove the Lawyers Title Company. Cal. Civ. Code. § 2934(a)(1) states, "A Substitution of Trustee, under a deed of trust, may be substituted ONLY by, (1) all of the beneficiaries under the deed of trust; or their successors  (2) a holders of more than 50 percent of the recorded beneficial interest.

29.   Wells Fargo Bank Na and or Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, has never owned the beneficial interest in the Plaintiffs 2011 Deed of Trust or the 2011 promissory note concurrently.

30.   Wells Fargo Bank Home Mortgage, is a subsidiary corporation of Wells Fargo Bank NA, serviced their fraudulently created mortgage account 9360377086996, starting around  mid 2011. Wells Fargo Bank Na fraudulently claimed to be the beneficiary of the beneficial interest in the Plaintiff's 2011 Deed of Trust and loan servicer.  Title 12 CFR § 1026.39(1) makes it unlawful to own the beneficial interest and service a "mortgage" concurrently.

31.   In 2012, Wells Fargo Bank NA sent and or had sent to the Plaintiff(s) a misrepresented instrument titled Notice of Election to Sell Under Deed of Trust, purporting to be the beneficiary, and

owning the beneficial interest in the Plaintiff's 2011 Deed of Trust, via their 2012 self -assignment of the beneficial interest in the Plaintiff's 2011 Deed of Trust. The Plaintiff(s) relied on the misrepresentation that Wells Fargo Bank NA, was the beneficiary and possessed the authority to initiate a non-judicial foreclosure (enforce the note) process against the Plaintiffs. The Plaintiff(s) were induced by the fraudulent misrepresentation into and signing a 2013 HUD Deed of Trust and conditional Partial Promissory Note in 2013, recorded as document number: 2013-0388149, in the amount of  $88,129.91. The Plaintiff(s) were never advanced the sum total of $88,129.91, from Wells Fargo Bank NA.  The Plaintiff's were injured, as an encumbrance was created on their property in the amount of $88,129.91. The Plaintiffs were furthered injured as the relied on the misrepresentation created by Wells Fargo Bank NA and were deceived into giving their wages "paying" into WFB fraudulent mortgage account from 2012 to 2020, in an estimated amount of $160.000.00.  The Plaintiff are suing to recover said  amount.

32.     On April 28th 2021, Thipkhamdee Xiong, Vice President of loan documentation Wells Fargo Bank NA, using the 2012 defective Assignment, without a power of attorney fraudulently purported assigned the beneficial interest in Plaintiff's 2011 Deed of Trust, to Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, with address appearing as 1600 South Douglass Road Suite 200- A or B, Anaheim, CA 92806,

33.     Carrington Mortgage Service LLC, acting as the alleged loan servicer and indicated through its instrument that it claims power of attorney to act on behalf of Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, owns rents the entire building with the address appearing as 1600 South Douglass Road Suite 110 - 200-A, Anaheim, CA 92806.   Both entities occupy the same fortified building, with a guard / agent at the security entrance, which denies / grants access to whom it deems fits to enter.

34.     Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, sent the Plaintiffs a correspondence stating they are the creditors of loan / mortgage account: 7000307930.

35. Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, is not a party to the 2011 Deed of Trust; the Plaintiffs have no agreement, are not a party to, and have no obligations to the defendant, and or their private mortgage account.

36.   Around May 2023, Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, and Carrington Mortgage LLC were given notice from the Plaintiffs, that their 2021 Assignment was void, as Wells Fargo Bank Na had no beneficial interest the Plaintiffs 2011 Deed of Trust, to assign to them, due to Wells Fargo Bank Na 2012 assignment being void / defective and lacking the requisite power of attorney.  The defendants have not responded to the Plaintiffs.

37.   The defendants, Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I, and Carrington Mortgage LLC were given notice, pursuant to Cal. Civ. Code §2940, satisfying the alleged mortgage (they created, without written authorization). The defendants were instructed by the Trustors to issue a certificate of discharge, in compliance with Cal. Civ. Code § 2941.  The defendants have not responded to the Plaintiffs.

38.   On or around May 2023 Carrington Mortgage Service LLC, without the authority conferred under the 2011 deed of trust, substituted the trustee (MTC FINANCIAL INC) of the beneficial interest in the Plaintiff's 2011 Deed Trust, and had recorded a Notice of Default, initiating a non-judicial foreclosure process, without the authority conferred under Cal. Civ. Code § 2924(6) and 2934 and without the authority of the beneficiary.

39.   Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I is not a party to the Plaintiffs 2011 Deed of Trust, and has no valid beneficial interest of record in the Plaintiff 2011 Deed of Trust.

40.   Wells Fargo Bank NA, was sent a NOTICE that the Plaintiff discovered what appeared to be fraud, in May 2023, from the Trustor's, that the (Wells Fargo Bank NA) 2012 Assignment, of the beneficial interest of the Plaintiff's 2011 Deed of Trust was defective / invalid, and void of the requisite

power of attorney, from the listed nominee (MERS).   Wells Fargo Bank Na has not responded to the Plaintiffs.

41.     Wells Fargo Bank Na had not responded to the Plaintiff request, it (through its agents) were instructed, by the Trustor's to remove / cancel their 2013 Deed of Trust and partial promissory note, as the Plaintiffs never received consideration for the conditional agreement.

42.     MERS (the nominee), DHI Mortgage Company LTD LP (the lender), and Lawyers Title Company (former trustee), received Notices from the Trustor's, that their abandonment of their responsibilities'; and abandonment of all beneficial interest in the Plaintiff's 2011 deed of trust, in reliance of Wells Fargo Bank Na recording of their 2012 "assignment", constituted a dereliction of duty, an abandonment trust, pursuant to the 2011 Deed of Trust. Said parties were given notice, that due to their complicity, fraud, concealment and or incompetence, the Trustor's are canceling the 2011 Deed of Trust. And the Estate / ESTATE is heretofore reverted back to the Trustors and their heirs.  None of the above mentioned parties have responded.

42.     The Plaintiff sent a notice to MERS in 2023, requesting that they make known, and or attest to the facts of whether Lynn Maria Sevick was an employee of theirs in 2012, when WFB had recorded the 2012 self assignment of the beneficial interest in the 2011 Deed of Trust. The Plaintiff requested a copy of the power of attorney, and or any agency relationship between the parties, which was not attached to the 2012 Assignment. MERS has not responded.

**NON-JUDICIAL FORECLOSURE SCHEME**

43.     On April 7th 2023, as part of the non-judicial foreclosure scheme, Veronica Robles, agent for Carrington Mortgage Services LLC, had recorded an instrument that purported to substitute the trustee of Trustor 2011 Deed of Trust, (MTC Financial Inc) at the county of riverside county recorder. Carrington as previously stated possessed no authority conferred under the Plaintiff's 2011 deed of trust,

to transfer to MTC Financial Inc.  Said instrument was ministerially recorded and passed no authority to any agent to act on behalf of the 2011 deed of trust.

44.    As part of the non-judicial foreclosure scheme an instrument titled NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST, was recorded by Loan Quema, d.b.a. MTC Financial Inc, on April 26th 2023.  Said instrument was ministerially recorded, and granted no authority to MTC Financial Inc, and or its agent..

45.    A NOTICE OF TRUSTEE SALE, dated July 25th 2023, was tapped to the Trustor security gate on or around the 27th of July 2023, by an MTC agent, threatening to sell the Trustor's deed of trust (lien) to potential highest bidders.  In lieu of the broken chain of title, the MTC agent possessed no authority to the sell the lien. The lien, was / is independent of the house.

46.    On August 29th 2023, the Trustor's 2011 Deed of Trust (lien) was willfully / oppressive wrongfully foreclosed upon.  Based on the public record MTC Financial Inc and Greenspoon Marder LLP, which are non-parties to the Trustor's 2011 deed of Trust, acted as belligerent trustees in the willful /wrongful / oppressive and illegal seliing of the Plaintiffs 2011 deed of trust. Greenspoon Marder LLP, named appeared as the point of contact, as a trustee on the website http://www.xome.com/auction30328

47.    Greenspoon Marder LLP, had previously contacted the Plaintiffs, early in 2023, attempting to collect a debt, as indicated in their letter on behalf of the alleged beneficiary.  The Plaintiffs responded to said debt collectors request, acting as trustee over the Plaintiff's 2011 deed of trust, not to contact the Plaintiffs. Neither Greenspoon Marder nor MTC possessed the authority to foreclose on the lien.

48.    The trustee deed upon sale was recorded by Breckenridge Property Fund 2016 LLC, signatory / agent Loan Quema., on October 23, 2023.  The title under the sell was never dully perfected in accordance with the statutory requirements of Section 2924h, "the trustee's sale was shall be deemed

perfected as of 8 a.m on the actual day of the sale if the trustee's deed is recorded within 15 calendar days of the sale…" The trustee deed was recorded 49 days after the selling of the deed of trust / lien.

49.     The trustee deed trustee deed recorded by Breckenridge Property Fund 2016 LLC agent is void / unperfected and conveys no title, as MTC Financial had no authority to sell the alleged lien, and possessed no authority to sell the lien under section 2924. The Trustee deed is further void, as said instrument indicated that MTC Financial Inc. dba Trustee Corps acted as the beneficiary, without the written authorization from the beneficiary of the 2011 deed of trust, in violation of Civ. Code § 1091 (statue of frauds). Said void deed is subject to the rules of applicable contracts and does not meet the requirements pursuant Civ Code § 1040. MTC Financial Inc, was never the beneficiary and possessed no written authorization to act on behalf of the beneficiary to convey title to the purchaser.

50.     MTC Financial Inc, was not the authorized trustee, in light of the breaking of the chain of title by WFB, and therefore possessed no authority to initiate the 2023 non-judicial foreclosure process.

51.     MTC Financial INC, did not possess a **written declaration and demand for sale**, by the true beneficiary, with ALL documents (endorsed note, power attorney, valid assignment) to support their right to foreclose on the lien.

52.     From August 29th 2023 through January 2024 the Trustor's were subjected to the abusive / wrongful / oppressive non-judicial foreclosure process. The Plaintiff(s) were harassed, intimidated, threatened, belligerently burdened by an estimated 100 plus phone calls, and an obscene amount of text messages (an estimated 100 plus), by solicitors, agents working in concert with the defendant (MTC Financial Inc.) in order to intimidate and threaten the Plaintiffs into abandon their property. The Plaintiffs received a phone call at his job, causing the secretary to send him an email him about a solicitor, attempting to contact him about their property. The Plaintiff's extended family members (at least 7) were contacted and lied to about the Plaintiff status via text message, and phone calls by various

solicitors, lying saying the Plaintiffs property was sold, when in fact the lien was wrongfully foreclosed upon. The lien as indicated within the notice of trustee sale, is independent from the property. Said scheme was designed in an attempt to compel/ induce the Plaintiff(s) to be a party to the fraudulent, willful, oppressive non-judicial foreclosure; by accepting the meager surplus of funds (bribe) and abandoning their property. The defendants had attorney(s) harass them, by way phone call, in order to induce the Plaintiffs into refinancing the fraudulent mortgage, and file for Bankruptcy. The neighbors of the Plaintiff were contacted by agents sent by the defendants MTC), stating that the Plaintiff property was sold / and they would be thrown out by the municipal employees (police). The defendant (MTC) had an individual either posing as county employee, or a county employee call the Plaintiff, about the bribe (surplus funds). By harassing the Plaintiffs via phone calls, text messages, and visits to their home; and contacting his job, extended family, and neighbors the defendants MTC Financial Inc. Carrington Mortgage Services LLC, Greenspoon Marder LLP, and Wells Fargo Bank Na, has caused injury emotional, monetary to the Plaintiffs. On or around December 25th 2023, the Plaintiffs received a notice of termination of their insurance, that they caries since 2011, from QBA Insurance. The Plaintiffs loss their insurance rate of or around $ 1300 .00. Carrington Mortgage Service LLC and WFB are a party to the wrongful non-judicial foreclosure as they were directly involved the void assignments and the recording of the 2023 NOD and substitution of trustee.

53.    On or around October 27th 2023, the Plaintiffs received a notice to quit, from Breckenridge property Fund 2016, LLC. The Plaintiff responded to the notice to quit, via an affidavit, communicating to said defendant that they were not bona fide purchasers, as their was appending litigation that affected the title of the property, that either through their lack of diligence, collusion, and or incompetence, their was no interest conveyed, and their deed was void. The defendants were given notice to remove their cloud, and or be subject to litigation as they were trespassing. The defendant did not respond to the NOTICE.

53.     On or around November 2nd 2023, in continuation of the non-judicial foreclosure scheme Breckenridge Property Fund 2016, LLC knowingly had filed a fraudulent statutory, summary proceeding (unlawful detainer action) against the Plaintiff(s), demanding back rent in the amount excess of 10,000 and the property of the Plaintiffs, at a Superior Court, of Riverside County.  Defendant sent or had sent an agent named DAVID, to harass, threaten, and intimidate the Plaintiff(s), their consanguinity, and neighbors.  Said individual threaten to have county employees (deputies) kick the plaintiff out of their home.

54.     Breckenridge Property Fund 2016, LLC had filed a summary complaint knowing they were not a bon a fide purchaser, did not perfect title in accordance with 2924h, nor was the sell perfected in accordance with § 2924.  Furthermore, Breckenridge Property Fund 2016, LLC trustee deed upon sale is void, as the MTC Financial INC was never been beneficiary and or its assign under the 2011 deed of trust, and therefore had no authority to act as the signatory/ beneficiary of the fraudulent/ unauthentic / invalid and void trustee deed.

55.     Breckenridge Property Fund 2016, LLC, to continue with the farce had an agent named DAVID, harassing the Plaintiffs and their neighbors, lying stating the property was sold, when in fact the lien was wrongfully foreclosed upon; and they in working in concert with the county officials would have the Plaintiffs removed by the municipal employees /office of the sheriff.

56.     Per applicable federal law, the Trustor's personal property is held in a private religious trust, for the benefit of their heirs. Pernell is the trustee and Fatima is the successor trustee, said trust.

**CLAIMS AND STANDARDS**

**CLAIMS 1 / STANDARD**

57.     *Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 606 (quoting *Perlas v. GMAC Mortgage, LLC (*2010) 187 Cal.App.4th 429, 434); see *Yamauchi v. Cotterman,* 84 F.Supp.3d 993, 1018 (N.D. Cal. 2015) ("In California, the general elements of a cause of action for fraudulent

misrepresentation are (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage").

**CLAIM 1/ FRAUDULENT MISREPRESENTATION**

57.    The Plaintiff's alleged that Wells Fargo Bank NA, intentionally committed fraud, by misrepresenting themselves as owning the beneficial interest in the Plaintiff's 2011 Deed of Trust, and by having it recorded via a self assignment, by public notary Lynn Maria Sevick in 2012, without the requisite power or attorney in violation of California law, and analogous case law, *Wells Fargo Bank, N.A., v Farmer 2008 NY Slip Op 50199(U) [18 Misc 3d 1124 (A)]* wherein it states, "to have a proper assignment of a mortgage by an authorized agent, a **power of attorney** is necessary to demonstrate how the agent is vested with the authority to assign the mortgage." The Plaintiff relied on the misrepresentation that WFB agents had the authority to initiate a foreclosure process in 2012, as the beneficiary, as indicated in the recording of the 2012 NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST, sent by the purported trustee of Wells Fargo Bank NA, NBS DEFAULT SERVICES  The Plaintiffs relied on the misrepresentation, and were induced into signing the conditional 2013 HUD Promissory Note and Deed of Trust (2013-0388149), injuring the Plaintiff's, as the property was encumbered in the amount of $88,129.91. The Plaintiffs are entitled to relief as the standards under fraudulent misrepresentation have been met. The Plaintiffs have never received the conditional advancement from WFB.   The Plaintiffs facts support their allegations and claims. The Plaintiffs are entitled to have all requested instruments canceled, all legal fees compensated in the amount of $2000.00, and finances that were "paid" into WFB private account from 2012 to 2020, in the amount of $160.000.00. The Plaintiff's seek treble compensatory damages of $480,000.00, for the funds "paid" into said account.  The Plaintiffs believe that they are entitled to punitive damages in accordance with Cal. Civ. Code §3294, for Wells Fargo Bank Na's malicious act of fraudulently misrepresenting

themselves, and breaking the chain title causing their deed of trust to be foreclosed upon sold. The Plaintiffs seek and additional $750,000 for the wrongful foreclosure of the deed of trust (lien), trebled 2,250,000 million in treble damages, for the foreclosure. The Plaintiffs further seek an additional $120,000 for lost of their great insurance rate (estimated 12,000 a year for 10 years). The Plaintiffs further seek 11 million in punitive damages for emotional distress caused by the defendants and its agent's actions. (Total amount in damages: $13,532,000.000) The Plaintiffs are entitled to relief as the facts and allegations support the Plaintiffs claims.

**CLAIM 2 STANDARD / FRAUDULENT CONCEALMENT**

58. "To prove a fraudulent concealment claim, a plaintiff needs to show (1) concealment or suppression of material facts, (2) by a defendant with a duty to disclose the facts to the plaintiff, (3) the defendant intended to defraud the plaintiff suppressing by intentionally suppressing the facts, (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) plaintiff sustained damages as a result of the concealment or suppression of facts." *Bank of America Corp. v. Superior Court, 198 Cal. App. 4th 862, 870 (2011)*

**CLAIM 2**

59. The Plaintiff allege that the appointed trustee(s) Lawyer Title Company and MERS of the 2011 Deed of Trust, fraudulently concealed the facts that Wells Fargo Bank NA did not possess legal title, to the Plaintiff's property via the purported 2012 assignment of the beneficial interest in the Plaintiffs 2011 Deed of Trust. The trustee(s) concealed the fact that the 2012 Assignment was defective, void and invalid. Being the nominee and the trustee, they had knowledge that the 2012 Assignment did not have the requisite power of attorney, and that Lynn Maria Sevick was not an employee of MERS at the time of the assignment. The trustee(s) and the nominee freely released the legal title, to Wells Fargo Bank NA, in order to defraud the unknowing Plaintiffs of their property. The Plaintiffs are entitled to relief, as the standards under fraudulent concealment have been met. The Plaintiff seeks the cancelation of

instrument number: 2011-0160252, and the return of their finances that were "paid" into the fraudulent Wells Fargo account from 2013 to 2020, in the amount of $160.000.00.[3]

**CLAIMS 3,4, 5, 6, and 12 / STANDARD FOR CANCELATION OF WRITTEN INSTRUMENTS, pursuant to California Civil Code§ 3412.**

60.     "To prevail on a claim to cancel an instrument, a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is reasonable apprehension of serious injury including pecuniary loss or prejudicial alteration of ones position." *U.S. Bank Nat'l Ass'n v. Naifeh, 1 Cal. App. 5th 767, 779 (2016)*

**CLAIM 3/ Cancelation of instrument number: 2011-0160252**

61.     The Plaintiff allege that beneficiary of the 2011 Deed of Trust, DHI Mortgage Company LTD., LP abandoned its legal interest in the Plaintiff's 2011 Deed of Trust; and the assigned trustee Lawyers Title Company abandoned its duty as the trustee.   MERS as the nominee in its limited capacity allowed Wells Fargo Bank Na agents to fraudulently self-assign the beneficial interest in the Plaintiffs 2011 Deed of Trust.   The defendants concealed the fact that Wells Fargo Bank Na never possessed the legal title to the Plaintiff's property, pursuant to valid assignment.   The named defendants have not responded to any of inquiries of the Plaintiff's nor have they have contested Wells Fargo Bank Na fraudulent 2012 assignment. The Plaintiff requests that the 2011 Deed of Trust, be declared voidable, then canceled due to fraud.   The Plaintiffs have reasonable apprehension, that if the 2011 Deed of Trust is not canceled, the defendants will attempt to continue to assign the beneficial interest, via the defective 2012 Assignment, and the void 2021 Assignment.   The Plaintiffs are entitled to relief as the standards to cancel this instrument have been met, and this instrument should be deemed void and inoperative.

**CLAIM 4/ Cancelation of instrument number: 2012-0380816**

---

[3] No changes of form or substance to this claim

62.    Wells Fargo Bank Na has no interest in the Plaintiff's property, pursuant to a valid assignment of said beneficial interest.  The Plaintiffs alleged that the 2012 Assignment is defective, invalid, void, and a forgery. The defendant Wells Fargo Bank Na fraudulently assigned the beneficial interest in the Plaintiffs 2011 Deed of Trust, using the invalid 2012 Assignment, without the grant authority / power of attorney from MERS.  The Plaintiffs are entitled to relief, by way of canceling /removing this instrument off the public record.

**CALIM 5 / Cancelation of instrument number: 2013-0388149**

63.    The Plaintiff alleged that the 2013 HUD Deed of Trust is voidable, as Wells Fargo Bank Na fraudulently induced the Plaintiff's into signing it in the year 2013.  WFB fraudulently misrepresented itself, as owning the beneficial interest in the Plaintiff's 2011 Deed of Trust, pursuant to their invalid 2012 self-assignment.  As previously alleged WFB indicated via their recorded notice of election to sell under deed of trust, that they had the authority to enforce the obligation as the beneficiary and note holder.  This conditional agreement was contingent on the advancement of a sum total, that was never advanced to the Plaintiffs. The Plaintiffs are entitled to relief, as the facts and allegations support the Plaintiffs claim, and the Plaintiffs stated apprehensions are warranted. This Court has the authority to remedy this claim, by canceling the promissory note and the 2013 HUD deed of trust, instrument: **2013-0388149**

**CLAIM 6 / Cancelation of instrument number: 2021-0264133**

64.    The Plaintiff's claim that instrument number: 2021-026411 "2021 Assignment" purporting to assign the beneficial interest in the Plaintiff's 2011 Deed of Trust is void, for fraud, as Wells Fargo Bank Na, never possessed the beneficial interest in the Plaintiff's Deed of Trust to assign to Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I.  The Plaintiffs are entitled to relief, as the facts and allegations are analogues with this claim, and the defendants have a reasonable

apprehension if left outstanding, the Plaintiffs will be injured. This Court has the authority to remedy

this claim, by canceling instrument: **2021-0264133**

**CLAIM 7/ STANDARD**

65.     "to have a proper assignment of a mortgage by an authorized agent, a power of attorney is

necessary to demonstrate how the agent is vested with the authority to assign the mortgage." See *Wells*

*Fargo Bank, N.A., v. Farmer 2008 NY Slip Op 50199(U) [18 Misc 3d 1124].*

**CLAIM 7 / Violation of Cal Civ. Code 2933**

66.     Wells Fargo Bank Na agent(s) knowingly violated California Civil Code 2933, in the year 2012,

by fraudulently recording an instrument title Corporate Assignment of Deed of Trust, without the

requisite power of attorney, rendering it defective. Cal. Civ. Code 2933 states "A power of attorney to

execute a mortgage must be in writing subscribed, acknowledged, or proved, certified in a like manner

as power of attorney for grants in real properties." (See RJN, Ex. 1)  The Plaintiffs are entitled to relief,

as the evidence (the 2012 Assignment) supports the facts, and allegations presented within this claim.

**CLAIM 8 / STANDARD**

**CLAIM 8 / Violation of Cal Civ. Code 2924(6)**

67.     Wells Fargo Bank NA, knowingly violated Cal. Civ. Code 2924(6) by exercising the power to

sell clause in the Plaintiffs 2011 deed of trust. The Plaintiff(s) relied on the NOTICE OF DEFAULT

AND ELECTION TO SELL UNDER DEED OF TRUST (and the language therein), sent by Wells

Fargo Bank NA, and their substitution trustee, and were induced into signing a 2013 Deed of Trust and

Note, creating an encumbrance on the Plaintiff's property.   Wells Fargo Bank Na violated cal. civ. code

§ 2924 (6), states, "An entity shall not record or cause a notice of default to be recorded or otherwise

initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or

deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated

agent of the holder of the beneficial interest. An agent of the holder of the beneficial interest under the

mortgage or deed of trust, original trustee or substituted trustee under the deed of trust shall not record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest." Wells Fargo Bank Na was never a party to the Plaintiffs 2011 Deed of Trust, and possesses no beneficial interest therein.  The Plaintiffs are entitled to relief, as the facts and the allegations are analogues with the claims, and the standards have been met, as Wells Fargo Bank Na was never the current beneficiary of the 2011 Deed of Trust.

**CLAIM 9 / STANDARD**

68.    "Substitution of trustee may be executed and acknowledged by the beneficiary under the deed of trust"

**CLAIM 9 / Violation Cal Civ. Code 2934(a)**

69.    Wells Fargo Bank NA knowingly and fraudulently violated Cal. Civ. Code 2934(a) by fraudulently having a recording of the substitution of the Plaintiff trustee in the year 2012: document number: 2012- 0617797.   Wells Fargo Bank Na was never a party to the Plaintiff's 2011 Deed of Trust, and had no authority to substitute the Plaintiff trustee under the 2011 Deed of Trust, and was never a beneficiary under said deed of trust. The Plaintiffs facts and allegation support their claim for relief.

**CLAIM 10 /WRONGFUL FORECLOSURE**

70.    MTC Financial Incorporated "trustee corps" initiated a willful oppressive wrongful foreclosure of the Plaintiff deed of trust "property", without the authority to do so.  A foreclosure initiated by one with no authority to do so is wrongful for purposes of such an action Barrionuevo v. Chase Bank, N.A., supra, 885 F.Supp.2d at pp. 973–974; Ohlendorf v. American Home Mortgage Servicing (E.D.Cal.2010) 279 F.R.D. 575, 582–583.) As previously alleged MTC Financial Incorporated d.b.a trustee corps was not the trustee under the Plaintiff's 2011 deed of trust, and possessed no authority to sell the Plaintiff's 2011 deed of trust /lien and or initiate the non-judicial foreclosure process.  It was further alleged that Greenspoon Marder PA (debt collector), participated in the willful oppressive non-judicial foreclosure

1   process, being listed as a trustee of contact. Neither defendant possessed the authority via (Declaration

2   Default and Demand For Sale) inclusive of the endorsed note / unbroken chain of title to the assignment

3   / power of attorney from the beneficiary, in order initiate the non-judicial foreclosure. Under California

4   law, "if the borrowers default, only the current beneficiaries may direct the trustee to undertake the non-

5   judicial process." *Kachlon v. Markowitz (2008) 168 Cal. App.4th 316, 334, 85 Cal.Rptr.3d 532b "§*

6   *2924,subd.* (a)(1) [notice of default may be filed for record only by the trustee, mortgagee, or the

7   beneficiary" Id.  The Plaintiffs are entitled to relief as the facts and allegations support the Plaintiff's

8   claims for relief.   The Plaintiffs are entitled to damages, punitive, treble, compensatory and future

9

10  damages as previously stated in ¶ 57, in the amount of $13,532,000.000.

11  **CLAIM 11 & 12  / Violation of 2011 California Civil Code / Division 2. Property [654-1422]**

12  **Article 1. Mode of Transfer, Section §1091 / CLIAM 12 Cancelation of Instrument (2023-0312425)**

13  71.     The defendant MTC Financial Incorporated and its agent Loan Quema, was never the

14  beneficiary, or the agent of the beneficiary under the Plaintiff's 2011 deed of trust.  Said parties forged a

15

16  trustee deed upon sale, signed by loan Quema at the county recorder of Riverside County, on the date of

17  October 23rd 2023, that fraudulently purported to transfer title to Breckenridge Property Fund 2016,

18  LLC. The trustee deed upon sale, was not authorized by the grantor, and or its agent, and therefore does

19  not meet the requirements under the operation of law, and does not meet the requirements of [civil code

20  § 1091] "that a deed be executed by the grantor." "A deed is a written [28 Cal. 4th 672] instrument

21  conveying or transferring the title to real property; it is an executed conveyance and operates as a

22  present transfer of the real property. (3 Miller & Starr, Cal. Real Estate (3d ed. 2000) Deeds, § 8.1, p. 5

23  (Miller & Starr).) As a deed is "an executed contract, it is subject to the rules applicable to contracts."

24  (Ibid.; see also Civ. Code, § 1040; Johnston v. City of Los Angeles (1917) 176 Cal. 479, 485-486 [deeds

25  must be read like any other contracts].)"  Moreover, as previously alleged the trustee deed upon sale is

26  subject to civil code § 1040 and § 1091 and must be executed by the authorization of the grantor, in

27

28

writing. If left outstanding, this instrument would subject the Plaintiff to further damages, and irreparable damages. The Plaintiffs are entitled to the monetary relief against MTC Financial Inc, and cancelation of this instrument, as the facts and allegations support the Plaintiff's claims for relief.  The Plaintiff seeks damages that were detailed ¶ 57, in the amount of $13,532,000.000 and cancelation of the trustee deed

**QUIET TITLE**

**72.**     The Plaintiff seeks to quiet title. As previously stated, the Plaintiffs are excused from the tender requirement.

FRAUD

73.     As previously alleged WFB, Carrington Mortgage Services LLC, MTC FINANCIAL INC, GreenSpoon Marder LLP, and Breckenridge Property Fund 2016, LLC and their previously mentioned agents, ALL collective committed fraud, between 2021 and 2023, by orchestrating and participating in the wrongful, willful, oppressive non-judicial foreclosure scheme, by harassing, threatening, intimidating the Plaintiffs, and or having them harassed, intimidated, and threatened by their agents; and by way of fraudulently recording documents (assignments / deeds), in order to divest the Plaintiffs of their asset. Said defendants all received notices / correspondences from the Plaintiffs, giving them NOTICE that the 2012 assignment broke the chain of title and was fraudulently recorded.  All of aforementioned defendants willfully either assigned, sold, filled a frivolous claim, and or had individual(s) harass, threaten, and intimidate the Plaintiff's, by way of phone call, text message, contacting job, threatening, contacting extended relatives and neighbors.  All agents received knowledge that WFB broke the chain of title in 2012, and or there was a pending litigation involving the title. The Plaintiffs are entitled to relief as the allegation and fact support this claim. The Plaintiff seeks damages that were detailed ¶ 57, in the amount of $13,532,000.000.

**RELIEF SOUGHT**

74.      Due to the foregoing facts presented herein, the Plaintiff's seek equitable relief in the amount of $13,532,000.000 from Wells Fargo Bank Na, MTC Financial Inc, Carrington Mortgage Services LLC, Greenspoon Marder LLC and Breckenridge Property Fund 2016, LLC for trespass, fraud, harassments, intimidation, emotional distress, compensatory and punitive damages legal fees ($2000) The Plaintiffs seek and additional $750,000 (approximate property value as of August 29th 2023) for the wrongful foreclosure of the deed of trust (lien), $ 2,250,000 million in treble damages, for the oppressive / willful, wrongful non-judicial foreclosure.  The Plaintiffs further seek an additional  $120,000 for lost of their great insurance rate (estimated 12,000 a year for 10 years). Plaintiffs further seek $31,000 in back rent for trespass, at $500.00 a day. The Plaintiffs further seek 11 million in punitive damages for emotional distress caused by the defendants and its agent's actions.  (Total amount in damages: $13,532,000.000). Plaintiff further seeks to cancel the trustee deed / instrument (2023-0312425); 2013 Hud Deed of Trust (2013-0388149); and the 2011 deed of trust (2011- 0160252); Quiet Title.

75.      Declaration:

The Plaintiff(s) affirm that the all statements and claims made herein, within this verified complaint,  are true and factually based, under are made under the penalty of perjury,  to the best of knowledge.


Date:    January 8th 2024

Signatory:
Trustor's name is it appears on their 2011 Deed and Deed of trust: Gerrad Pernell Swahili / Fatima Swahili

Pro Per /All Rights Reserved

CERTIFICATE OF SERVICE

.: 5:23-cv-00980-MEMF-AFM

This is certify that the documents titled below were served on the counsel for the defendants, via first class mail at the UNITED STATES POSTAL SERVICE, by depositing said instrument in the mail on January 8, 2024, and or hand delivered.

**1.) SECOND AMENDED COMPLAINT**
**2.) Request For Judicial Notice**
**3.) Exhibit List**

**Wells Fargo Bank Na**
Michael Rapkine
Lagerlof, LLP
155 North Lake Avenue 11th Floor
Pasadena, CA 91101
626-793-5900

**Carrington Mortgage Services/ MERS**
Parisa Jassim
Akerman LLP
601 West Fith Street suit 300
Los Angles CA 90071
213-688-9500

CC:
Wilmington Savings Fund Society, FSB, as Trustee of StanWich Mortgage Trust I,
600 S Douglas RD, Anaheim, California
Suite 200 –B

Date: January 8, 2024

Gerrad P. Swahili

2